UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARNOLD B. WEISS** ) | |
| **2712 Wisconsin Avenue, N.W.,** ) | |
| **Apartment 906** ) | |
| **Washington, D.C.  20007** ) | |
| ) | |
| **and** ) | |
| ) | |
| **SILVIA LATTOVA** ) | |
| **2712 Wisconsin Avenue, N.W.,** ) | |
| **Apartment 906** ) | |
| **Washington, D.C.  20007** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | Case No. |
| ) | |
| **NIKE, INC., A/K/A** ) | **Jury Trial Demanded** |
| **NIKE USA, INC.** ) | |
| **One Bowerman Drive,** ) | |
| **Beaverton, Oregon  97005** ) | |
| ) | |
| **SERVE ON:  National Registered Agents, Inc.** ) | |
| **1090 Vermont Ave., N.W.,#910** ) | |
| **Washington, D.C. 20005** ) | |
| ) | |
| **and** ) | |
| ) | |
| **EASTBAY, INC., A/K/A** ) | |
| **EASTBAY, THE ATHLETIC SPORTSSOURCE**) | |
| **111 South First Avenue,** ) | |
| **Wausau, Wisconsin 54401** ) | |
| ) | |
| **SERVE ON: Superintendent of Corporations** ) | |
| **941 N. Capitol Street, N.E.** ) | |
| **Washington, D.C.   20002** ) | |
| ) | |
| **Defendants.** ) | |

-----------------------------------------------------------------

1

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Arnold B. Weiss and Silvia Lattova, Plaintiffs, by and through their attorneys, Prabir Chakrabarty, Robert M. Schwartzman, and Resnick & Schwartzman, L.L.C., for its Complaint hereby aver as follows:

## THE PARTIES

1.      Plaintiffs Arnold B. Weiss ("Weiss") and Siliva Lattova ("Lattova") are individuals residing in the District of Columbia, with his principal residence at 2712 Wisconsin Avenue, N.W., Apt. 906, Washington, D.C. 20007.

2.      Upon information and belief, Defendant Nike, Inc. ("Nike") is and has been a corporation organized under the laws of the State of Oregon, having its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005-6453.

3.      Upon information and belief, Defendant Eastbay, Inc. is and has been a corporation organized under the laws of the State of Wisconsin, having its place of business at 111 South First Avenue, Wausau, Wisconsin 54401.  At all times relevant to the complaint, acting individually or in concert with others, Eastbay has advertised, marketed, and sold Nike, Inc. products to consumers throughout the United States.  Upon information and belief, Eastbay regularly transacts business in this district.

## JURISDICTION AND VENUE

4.      Jurisdiction in this action is predicated upon 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over Defendants because Defendants

2

regularly conduct business in this judicial district and this is the judicial district in which the events giving rise to the claim occurred.

6.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

1.     Plaintiff Weiss and Plaintiff Lattova are residents of Washington, D.C.

2.     Defendant Nike, Inc. is an Oregon corporation engaged in the business of manufacturing, assembling, and inspecting, packaging, labeling, designing, distributing, testing, analyzing, recommending, merchandising, advertising, promoting, supplying and selling to wholesale distributors and retailers for resale to consumers and the general public, of athletic shoes, equipment and apparel, including a certain product, athletic shoes, named Nike Air Jordan Jumpman Trifecta basketball shoes (hereinafter "Jordan Trifecta"), for use by consumers.  Its principal place of business is located in Beaverton, Oregon.

3.     Defendant Eastbay, Inc. is a Wisconsin corporation engaged in the business of inspecting, packaging, distributing, advertising, promoting, and supplying to consumers and the general public, various athletic products, including Jordan Trifecta, for use by consumers.  Its principal place of business is located in Wausau, Wisconsin.

4.     That on or about June 19, 2004, Defendants sold, supplied and distributed said Jordan Trifecta shoes to Plaintiff Weiss for ordinary use by the plaintiff.

5.     Plaintiff Weiss purchased said product for the particular purpose for which the

3

product was designed, and specifically, for use in an athletic activity, particularly to play basketball.

6.      That on or about June 27, 2004, Plaintiff Weiss wore his Jordan Trifecta basketball shoes to play a game of basketball, for the first time ever in those shoes, at Georgetown University's gymnasium. His activities included running, jumping, and shooting a basketball and otherwise using the shoes in a foreseeable manner.

7.      During the course of the aforesaid activities, while the Plaintiff was engaged in foreseeable use of the shoes, the zipper on his Jordan Trifecta basketball shoes suddenly and without warning burst open, causing Plaintiff Weiss to sustain a serious injury as a result of the defective shoes.

8.      That as a result of the herein described defect of the Defendants' product, Plaintiff Weiss was caused to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

9.      That as a further result of the herein described defect of the Defendants' product, Plaintiff Weiss incurred extensive medical expenses and accrued significant income loss.

10.     That prior to the date upon which the product was purchased and used by Plaintiff Weiss, Defendants knew, or should have known, that said product was extremely dangerous and unsafe for use by the general public for the aforesaid purposes. The dangers of said product included the type of defective malfunction which resulted in the harm suffered by Plaintiff Weiss. The Defendants failed to take appropriate action to cure the nature of the defect or to appropriately warn users of said product of such dangerous characteristics.

4

11.    Further, it is believed that the herein described wrongful conduct was done with the advance knowledge, authentication, and/or notification of an officer, director, and/or managing agent of each of the corporate Defendants.

**Count I**
*Strict Liability*
(*Nike, Inc.*)

12.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

13.    That at all times herein mentioned, the aforesaid product was defective and unsafe, in that it was dangerous for the purposes of athletic activity and caused grievous injury to the Plaintiff when used for such purposes.

14.    That Defendants knew that the aforesaid product was to be used by the user without inspection of defects therein, or any of its components, including the zipper.

15.    That Plaintiff Weiss neither knew, nor had reason to know, at the time of the purchase of the Jordan Trifecta basketball shoes, or any time prior thereto, of the existence of the foregoing described defect.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

**Count II**
*Products Liability - Design Defect*
(*Nike, Inc.*)

16.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully

set forth herein, each and every allegation contained above in this Complaint.

17.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

18.     Further, Defendant Nike, Inc. placed the Jordan Trifecta basketball shoes  into the stream of commerce and sold them directly, as well as, indirectly through Defendant Eastbay, Inc. in a defective and unreasonably dangerous condition in that the design of the shoes was such that it incorporated a hazardous malfunctioning zipper which could and did cause harm to an unsuspecting user.

19.     The subject Jordan Trifecta shoes reached Plaintiff Weiss without any substantial change in its condition and was in that same condition at the time of the injury hereafter alleged.

20.     On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, the zipper suddenly and without warning bursting open and caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

21.     The traumatic injuries suffered by Plaintiff Weiss occurred because of the defective design of the Jordan Trifecta basketball shoes.  If said shoes had not been defectively designed, Plaintiff Weiss would not have been injured at all.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

**Count III**
*Products Liability - Defect in Manufacture*
(*Nike, Inc.*)

22.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

23.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

24.     Further, Defendant Nike, Inc. placed the Jordan Trifecta basketball shoes into the stream of commerce and sold them directly, as well as, indirectly through Defendant Eastbay, Inc. in a defective and unreasonably dangerous condition in that the product contained a latent manufacturing flaw which resulted in the zipper suddenly and without warning bursting open while Plaintiff Weiss was using the shoes.

25.     The subject Jordan Trifecta shoes reached Plaintiff Weiss without any substantial change in its condition and was in that same condition at the time of the injury hereafter alleged.

26.     On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, the  zipper suddenly and without warning bursting open and caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

27.     The traumatic injuries suffered by Plaintiff Weiss occurred because of the defective design of the Jordan Trifecta basketball shoes.  If said shoes had not been defectively designed, Plaintiff Weiss would not have been injured at all.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

### Count IV
*Products Liability - Failure to Warn*
*(Nike, Inc.)*

28.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

29.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

30.     Further, Defendant Nike, Inc. placed the Jordan Trifecta basketball shoes  into the stream of commerce and sold them directly, as well as, indirectly through Defendant Eastbay, Inc. in a defective and unreasonably dangerous condition in that the design of the product was such that it failed to include a warning necessary for the safe and proper use of the shoes.

31.     The subject Jordan Trifecta shoes reached Plaintiff Weiss without any substantial change in its condition and was in that same condition at the time of the injury hereafter alleged.

32.     On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, the  zipper suddenly and without warning bursting open and caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

33.     The traumatic injuries suffered by Plaintiff Weiss occurred because of the

defect in the Jordan Trifecta basketball shoes, in that the shoes to be non-defective and reasonably safe for use should have contained or been accompanied by a warning that at anytime the zipper may suddenly open or malfunction when used in athletic activity which could result in serious injury. If the shoes had contained or been accompanied by such a warning, Plaintiff Weiss would not have used the shoes to play basketball and would not have been injured. If said shoes had not been defectively designed, Plaintiff Weiss would not have been injured at all.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

## Count V
### Negligence-Design or Manufacture of Product
(*Nike, Inc.*)

34. Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

35. Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity. As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

36. Further, Defendant Nike, Inc. placed the Jordan Trifecta basketball shoes into the stream of commerce and had a duty to Plaintiff Weiss, as a customer, to provide him with safely designed and manufactured shoes that would not cause undue harm.

37. The subject Jordan Trifecta shoes reached Plaintiff Weiss without any substantial change in its condition and was in that same condition at the time of the injury hereafter alleged.

9

38.     Defendant Nike, Inc. breached this duty when it provided Plaintiff Weiss with shoes that Defendant Nike, Inc. knew or should have known were defectively designed and manufactured, in that the shoes delivered to Plaintiff Weiss contained a zipper that opens suddenly while used for its intended purposes.

39.     On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, and as a direct and proximate result of the negligence of Defendant Nike, Inc., Plaintiff Weiss sustained a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

40.     All losses of Plaintiff Weiss were, are and will be due solely to and by reason of the negligence of Defendant Nike, Inc., without any negligence or want of due care on Plaintiff's part contributing thereto.  If the shoes had contained or been accompanied by such instructions, Plaintiff Weiss would have adhered to them prior to playing basketball and thus, Plaintiff Weiss would not have been injured.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

**Count VI**
*Negligent Failure to Provide Accurate Instructions for Use of Product*
*(Nike, Inc.)*

41.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint..

42.    Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

43.    Further, Defendant Nike, Inc. placed the Jordan Trifecta basketball shoes into the stream of commerce and had a duty to Plaintiff Weiss, as a customer, to provide him with accurate instructions for the safe and proper use of the shoes.

44.    Defendant Nike, Inc. breached this duty when it provided Plaintiff Weiss with shoes it knew or should have known contained a defective zipper, without including instructions for proper use.

45.    On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, and as a direct and proximate result of the negligence of Defendant Nike, Inc., Plaintiff Weiss sustained a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

46.    All losses of Plaintiff Weiss were, are and will be due solely to and by reason of the negligence of Defendant Nike, Inc., without any negligence or want of due care on Plaintiff's part contributing thereto.  If the shoes had contained or been accompanied by such instructions, Plaintiff Weiss would have adhered to them prior to playing basketball and thus, Plaintiff Weiss would not have been injured.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

**Count VII**
*Negligence*
(*Nike, Inc.*)

47.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

48.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

49.     Defendant Nike, Inc. had a duty to Plaintiff Weiss, as a customer, to provide him with shoes capable of being used, as advertised, for the ordinary and reasonable purposes for which Plaintiff Weiss intended and necessitated.

50.     Defendant Nike, Inc. breached this duty when it provided Plaintiff Weiss with shoes containing a defective zipper.

51.     On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, and as a direct and proximate result of the negligence of Defendant Nike, Inc., Plaintiff Weiss sustained a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

52.     All losses of Plaintiff Weiss were, are and will be due solely to and by reason of the negligence of Defendant Nike, Inc., without any negligence or want of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars

12

($1,250,000.00), plus interest and costs.

## Count VIII
### *Breach of Express Warranty*
### *(Nike, Inc.)*

53.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

54.    Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

55.    Defendant Nike, Inc. held itself out to the public as possessing superior knowledge and skill in the design, manufacture, testing, assembly, and sale of basketball shoes.

56.    Further, Defendant Nike, Inc. expressly warranted to Plaintiff Weiss that the Jordan Trifecta basketball shoes were better suited for playing basketball than most other shoes on the market.

57.    Plaintiff Weiss relied on Defendant's superior knowledge and skill in purchasing the Jordan Trifecta basketball shoes and using them in a foreseeable manner, to play basketball, on the date of the subject incident.

58.    The Jordan Trifecta basketball shoes recommended by Defendant Nike, Inc. were not capable of being used to play basketball and Defendant's express warranty to Plaintiff Weiss that they were so capable was breached.

59.    This breach of warranty caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and

disability.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

### Count IX
*Breach of Implied Warranty*
(*Nike, Inc.*)

60.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

61.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

62.     Defendant Nike, Inc. held itself out to the public as possessing superior knowledge and skill in the design, manufacture, testing, assembly, and sale of basketball shoes.

63.     Defendant Nike, Inc. impliedly warranted to Plaintiff Weiss that the Jodran Trifecta basketball shoes were better suited for playing basketball than most other shoes on the market.

64.     Further, Defendant Nike, Inc. impliedly warranted to Plaintiff Weiss that the Jordan Trifecta basketball shoes were merchantable and fit for the ordinary purpose for which Plaintiff Weiss intended and necessitated.

65.     Plaintiff Weiss relied on Defendant's superior knowledge and skill in purchasing the Jordan Trifecta basketball shoes and using them in a foreseeable manner, to play basketball,

on the date of the subject incident.

66.     The Jordan Trifecta basketball shoes recommended by Defendant Nike, Inc. were not capable of being used to play basketball and Defendant's warranty to Plaintiff Weiss that they were so capable was breached.

67.     This breach of warranty caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

## Count X
### *Breach of Implied Warranty of Fitness*
### *(Nike, Inc.)*

68.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

69.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was designed, manufactured, and sold by Defendant Nike, Inc.

70.     Defendant Nike, Inc. held itself out to the public as possessing superior knowledge and skill in the design, manufacture, testing, assembly, and sale of basketball shoes.

71.     Defendant Nike, Inc. warranted to Plaintiff Weiss that the Jodran Trifecta basketball shoes were better suited for playing basketball than most other shoes on the market.

15

72.     Further, Defendant Nike, Inc. warranted to Plaintiff Weiss that the Jordan Trifecta basketball shoes were merchantable and fit for the particular purpose for which Plaintiff Weiss intended and necessitated.

73.     Plaintiff Weiss relied on Defendant's superior knowledge and skill in purchasing the Jordan Trifecta basketball shoes and using them in a foreseeable manner, to play basketball, on the date of the subject incident.

74.     The Jordan Trifecta basketball shoes recommended by Defendant Nike, Inc. were not capable of being used to play basketball and Defendant's warranty to Plaintiff Weiss that they were so capable was breached.

75.     This breach of warranty caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

### Count XI
*Violation of District of Columbia's Consumer Protection Procedures Act*
*(Nike, Inc.)*

76.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

77.     Defendant Nike, Inc. is a "Merchant" as defined by D.C. Code § 28-3901(a)(3) in that the defendant directly or indirectly offered and made available to consumers certain

consumer goods and services.

78.    Defendant Nike, Inc. engaged in a "Trade Practice," as that term is defined by D.C. Code § 28-3901(a)(6) in that the defendant made available, provided information about, or, directly or indirectly, solicited or offered for or effectuated, a sale of consumer goods or services.

79.    Defendant Nike, Inc. engaged in "Unlawful Trade Practices," defined by D.C. Code § 28-3904 in that the Defendant:

a.    made false or misleading written statements, visual depictions and other representations, which had the capacity, and did in fact, mislead consumers, including Plaintiff Weiss;

b.    made untrue statements regarding the standard, quality and grade of consumer goods and service; and

c.    failed to state material facts that deceived and tended to deceive Plaintiff Weiss.

80.    Plaintiff Weiss was a "Consumer" protected by the Consumer Protection Procedures Act, portions of which have been cited herein.

81.    Plaintiff Weiss's reliance on the Defendant's misrepresentations caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

82.    Plaintiff Weiss is entitled to statutory attorneys' fees as provided by D.C. Code § 28-3905(i)(3)(B).

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Nike, Inc. for

compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), compensatory attorneys' fees, plus interest and costs.

### Count XII
*Loss of Consortium and Solatium*
*(Nike, Inc.)*

89.    Plaintiffs, Arnold Weiss and Silvia Lattova, hereby reiterate and incorporate by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

90.    Plaintiff Weiss and Plaintiff Lattova were lawfully married as husband and wife at the time of the subject incident resulting in Plaintiff Weiss's traumatic injury.  As a direct and proximate result of the wrongful, reckless, and negligent acts of Defendant Nike, Inc., Plaintiffs have suffered injury to and interference with their marital relationships and were otherwise injured and damaged by the loss to Plaintiffs of their right of consortium and/or solatium.

WHEREFORE, Plaintiff Weiss and Plaintiff Lattova demand judgment against Defendant Nike, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

### Count XIII
*Negligent Failure to Provide Accurate Instructions for Use of Product*
*(Eastbay, Inc.)*

91.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

92.    Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was marketed, sold and distributed by Defendant Eastbay, Inc.

93.     Further, Defendant Eastbay, Inc. placed the Jordan Trifecta basketball shoes into the stream of commerce and had a duty to Plaintiff Weiss, as a customer, to provide him with accurate instructions for the safe and proper use of the shoes.

94.     Defendant Eastbay, Inc. breached this duty when it provided Plaintiff Weiss with shoes that it knew or should have known contained a defective zipper, without including instructions for proper use.

95.     On or about June 27, 2004, while Plaintiff Weiss was using his Jordan Trifecta basketball shoes in a foreseeable manner, and as a direct and proximate result of the negligence of Defendant Eastbay, Inc., Plaintiff Weiss sustained a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

96.     All losses of Plaintiff Weiss were, are and will be due solely to and by reason of the negligence of Defendant Nike, Inc., without any negligence or want of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Eastbay, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

**Count XIV**
*Breach of Express Warranty*
(*Eastbay, Inc.*)

97.     Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

98.     Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was marketed, sold

and distributed by Defendant Eastbay, Inc.

99.    Defendant Eastbay, Inc. held itself out to the public as possessing superior knowledge and skill in the design and sale of athletic apparel.

100.    Further, Defendant Eastbay, Inc. expressly warranted to Plaintiff Weiss that the Jodran Trifecta basketball shoes were better suited for playing basketball than most other shoes on the market.

101.    Plaintiff Weiss relied on Defendant's superior knowledge and skill in purchasing the Jordan Trifecta basketball shoes and using them in a foreseeable manner, to play basketball, on the date of the subject incident.

102.    The Jordan Trifecta basketball shoes recommended by Defendant Eastbay, Inc. were not capable of being used to play basketball and Defendant's express warranty to Plaintiff Weiss that they were so capable was breached.

103.    This breach of warranty caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Eastbay, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.

### Count XV
*Breach of Implied Warranty*
(*Eastbay, Inc.*)

104.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

105.    Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was marketed, sold and distributed by Defendant Eastbay, Inc.

106.    Defendant Eastbay, Inc. held itself out to the public as possessing superior knowledge and skill in the design and sale of athletic apparel.

107.    Defendant Eastbay, Inc. impliedly warranted to Plaintiff Weiss that the Jodran Trifecta basketball shoes were better suited for playing basketball than most other shoes on the market.

108.    Further, Defendant Eastbay, Inc. warranted to Plaintiff Weiss that the Jordan Trifecta basketball shoes were merchantable and fit for the particular purpose for which Plaintiff Weiss intended and necessitated.

109.    Plaintiff Weiss relied on Defendant's superior knowledge and skill in purchasing the Jordan Trifecta basketball shoes and using them in a foreseeable manner, to play basketball, on the date of the subject incident.

110.    The Jordan Trifecta basketball shoes recommended by Defendant Eastbay, Inc. were not capable of being used to play basketball and Defendant's warranties to Plaintiff Weiss that they were so capable was breached.

111.    This breach of warranty caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Eastbay, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars

($1,250,000.00), plus interest and costs.

### Count XVI
*Breach of Implied Warranty of Fitness*
(*Eastbay, Inc.*)

112.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

113.    Plaintiff Weiss purchased the Jordan Trifecta basketball shoes on June 19, 2004, for the purposes of participating in athletic activity.  As stated, the product was marketed, sold and distributed by Defendant Eastbay, Inc.

114.    Defendant Eastbay, Inc. held itself out to the public as possessing superior knowledge and skill in the design and sale of athletic apparel.

115.    Defendant Eastbay, Inc. impliedly warranted to Plaintiff Weiss that the Jodran Trifecta basketball shoes were better suited for playing basketball than most other shoes on the market.

116.    Further, Defendant Nike, Inc. warranted to Plaintiff Weiss that the Jordan Trifecta basketball shoes were merchantable and fit for the particular purpose for which Plaintiff Weiss intended and necessitated.

117.    Plaintiff Weiss relied on Defendant's superior knowledge and skill in purchasing the Jordan Trifecta basketball shoes and using them in a foreseeable manner, to play basketball, on the date of the subject incident.

118.    The Jordan Trifecta basketball shoes recommended by Defendant Eastbay, Inc. were not capable of being used to play basketball and Defendant's warranties to Plaintiff Weiss that they were so capable was breached.

119.    This breach of warranty caused Plaintiff Weiss to sustain a rupture of his right

Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and

disability.

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Eastbay, Inc. for

compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars

($1,250,000.00), plus interest and costs.

### Count XVII
*Violation of District of Columbia's Consumer Protection Procedures Act*
(*Eastbay, Inc.*)

120.    Plaintiff, Arnold Weiss, hereby reiterates and incorporates by reference, as if fully

set forth herein, each and every allegation contained above in this Complaint.

121.    Defendant Eastbay, Inc. is a "Merchant" as defined by D.C. Code § 28-3901(a)(3)

in that the defendant directly or indirectly offered and made available to consumers

certain consumer goods and services.122.    Defendant Eastbay, Inc. engaged in a "Trade

Practice," as that term is defined by D.C. Code § 28-3901(a)(6) in that the defendant made

available, provided information about, or, directly or indirectly, solicited or offered for or

effectuated, a sale of consumer goods or services.

123.    Defendant Eastbay, Inc. engaged in "Unlawful Trade Practices," defined by D.C.

Code § 28-3904 in that the Defendant:

a.    made false or misleading written statements, visual depictions and other

representations, which had the capacity, and did in fact, mislead consumers, including Plaintiff

Weiss;

b.    made untrue statements regarding the standard, quality and grade of consumer

goods and service; and

      c.  failed to state material facts that deceived and tended to deceive Plaintiff Weiss.

124.    Plaintiff Weiss was a "Consumer" protected by the Consumer Protection Procedures Act, portions of which have been cited herein.

125.    Plaintiff Weiss's reliance on the Defendant's misrepresentations caused Plaintiff Weiss to sustain a rupture of his right Achilles tendon, which resulted in reconstructive surgery, serious permanent limitations and disability.

126.    Plaintiff Weiss is entitled to statutory attorneys' fees as provided by D.C. Code § 28-3905(i)(3)(B).

WHEREFORE, Plaintiff Weiss demands judgment against Defendant Eastbay, Inc. for compensatory damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), compensatory attorneys' fees, plus interest and costs.

**Count XVIII**
*Loss of Consortium and Solatium*
(*Eastbay, Inc.*)

127.    Plaintiffs, Arnold Weiss and Silvia Lattova, hereby reiterate and incorporate by reference, as if fully set forth herein, each and every allegation contained above in this Complaint.

128.    Plaintiff Weiss and Plaintiff Lattova were lawfully married as husband and wife at the time of the subject incident resulting in Plaintiff Weiss's traumatic injury.  As a direct and proximate result of the wrongful, reckless, and negligent acts of Defendant Eastbay, Inc.,

Plaintiffs have suffered injury to and interference with their marital relationships and were

otherwise injured and damaged by the loss to Plaintiffs of their right of consortium and/or

solatium.

WHEREFORE, Plaintiff Weiss and Plaintiff Lattova demand judgment against

Defendant Eastbay, Inc. for compensatory damages in the amount of One Million Two Hundred

Fifty Thousand Dollars ($1,250,000.00), plus interest and costs.


Respectfully submitted,
RESNICK & SCHWARTZMAN, L.L.C.


_____/s/_____
Prabir Chakrabarty, Fed. Bar # 25524
Robert M. Schwartzman, Fed. Bar # 01092
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
(410) 539-6087

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARNOLD B. WEISS** ) | |
| **2712 Wisconsin Avenue, N.W.,** ) | |
| **Apartment 906** ) | |
| **Washington, D.C.  20007** ) | |
| ) | |
| **and** ) | |
| ) | |
| **SILVIA LATTOVA** ) | |
| **2712 Wisconsin Avenue, N.W.,** ) | |
| **Apartment 906** ) | |
| **Washington, D.C.  20007** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | Case No. |
| ) | |
| **NIKE, INC., A/K/A** ) | **Jury Trial Demanded** |
| **NIKE USA, INC.** ) | |
| **One Bowerman Drive,** ) | |
| **Beaverton, Oregon  97005** ) | |
| ) | |
| **SERVE ON:  National Registered Agents, Inc.** ) | |
| **1090 Vermont Ave., N.W.,#910** ) | |
| **Washington, D.C. 20005** ) | |
| ) | |
| **and** ) | |
| ) | |
| **EASTBAY, INC., A/K/A** ) | |
| **EASTBAY, THE ATHLETIC SPORTSSOURCE**) | |
| **111 South First Avenue,** ) | |
| **Wausau, Wisconsin 54401** ) | |
| ) | |
| **SERVE ON: Superintendent of Corporations** ) | |
| **941 N. Capitol Street, N.E.** ) | |
| **Washington, D.C.   20002** ) | |
| ) | |
| **Defendants.** ) | |

---------------------------------------------------------------

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, Arnold B. Weiss and Silvia Lattova, demand a trial by jury in the above-captioned action.

_____/s/_____
Prabir Chakrabarty, Fed. Bar # 25524
Robert M. Schwartzman, Fed. Bar # 01092
Resnick & Schwartzman, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
(410) 539-6087

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint and Jury Trial Demand

was sent this __6th__ day of ____June____, 2007, via first-class mail, postage prepaid, to:

NIKE USA, INC.                    National Registered Agents, Inc.
One Bowerman Drive                1090 Vermont Ave., N.W.,#910
Beaverton, Oregon  97005          Washington, D.C. 20005

EASTBAY, INC.
111 South First Avenue
Wausau, Wisconsin 54401

_____/s/_____
Prabir Chakrabarty, Fed. Bar # 25524
Robert M. Schwartzman, Fed. Bar # 01092
Resnick & Schwartzman, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
(410) 539-6087

*Attorneys for Plaintiff*

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ARNOLD B. WEISS and SILVIA LATTOVA | NIKE, INC. a/k/a NIKE USA, INC. and EASTBAY, INC. a/k/a EASTBAY, THE ATHLETIC SPORTSOURCE |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Washington, D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, OR
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PRABIR CHAKRABARTY, Fed. Bar # 25524
Resnick & Schwartzman, L.L.C.
1 East Franklin Street, Suite 200
Baltimore, Maryland 21202

ATTORNEYS (IF KNOWN)

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. *Antitrust*

◉ B. *Personal Injury/ Malpractice*

○ C. *Administrative Agency Review*

○ D. *Temporary Restraining Order/Preliminary Injunction*

☐ 410 Antitrust

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Orgaizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Jurisdiction predicated upon 28 U.S.C. §1332. This is products liability suit stemming from defective zipper on Nike shoes sold to Plaintiff by Eastbay, Inc.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ 1,250,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 06/05/2007    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.