## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNOLD B. WEISS, et al.** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
|     **v.** | ) | **Case No. 1:07-cv-1019** |
| | ) | |
| **NIKE, INC., a/k/a NIKE USA, INC.,** | ) | |
|     <u>et al.</u>, | ) | |
| | ) | |
|     **Defendants.** | ) | |

## ANSWER OF DEFENDANT EASTBAY, INC. TO COMPLAINT

Defendant Eastbay, Inc. ("Eastbay") hereby answers the Complaint ("Complaint") filed by Plaintiffs Arnold B. Weiss and Silvia Weiss ("Plaintiffs"), and states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims may be barred by contributory and/or comparative negligence.

### THIRD DEFENSE

Plaintiffs' claims may be barred by the doctrine of assumption of the risk.

### FOURTH DEFENSE

Plaintiffs' damages, if any, were not proximately caused by the actions and/or inactions of Eastbay.

### FIFTH DEFENSE

Eastbay did not breach any duty or warranty.

## SIXTH DEFENSE

Plaintiffs did not rely upon any express or implied warranties.

## SEVENTH DEFENSE

The incident and Plaintiffs' alleged injuries may have been the result of acts or omissions of others for whom Eastbay is not responsible, and/or a cause or causes over which Eastbay had no control and for which it is not responsible in law to Plaintiffs.

## EIGHTH DEFENSE

Plaintiffs' alleged injuries may have been the result of an abuse or misuse of the product.

## NINTH DEFENSE

Any warranty may have been expressly disclaimed by Eastbay.

## TENTH DEFENSE

The actions of Eastbay were in conformity with the state of the act at all relevant times.

## ELEVENTH DEFENSE

Plaintiffs may have failed to comply with any instructions, directions and/or brochures accompanying the product, and such failure by Plaintiffs may have been the sole and proximate cause of his alleged injuries.

## TWELFTH DEFENSE

Plaintiffs' incident and injuries may have been the result of an unavoidable accident.

## THIRTEENTH DEFENSE

Any danger associated with use of the product was open and obvious.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred if the product was materially altered or tampered with since its manufacture.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiff Arnold Weiss was a knowledgeable user of the product who was aware of the alleged hazards of the product.

## SIXTEENTH DEFENSE

The acts and omissions of third parties may have been intervening and superseding causes of Plaintiffs' alleged damages.

## SEVENTEENTH DEFENSE

Plaintiffs may have failed to provide reasonable notice under the Uniform Commercial Code.

## EIGHTEENTH DEFENSE

Plaintiffs' causes of action may be barred by the applicable statutes of limitation and repose.

## NINETEENTH DEFENSE

All allegations contained in the Complaint not specifically admitted are denied.

## TWENTIETH DEFENSE

Eastbay reserves the right to assert additional defenses as discovery in this matter proceeds.

## TWENTY-FIRST DEFENSE

Answering specifically the numbered paragraphs set forth in the Complaint, Eastbay states as follows:

1.      Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 1.

2.      Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 2.

3.      Eastbay admits the allegations contained in the first sentence of paragraph 3. Eastbay denies the allegations contained in the second sentence of paragraph 3 as phrased, except that Eastbay admits that it sells Nike products at various locations in the United States. Eastbay denies the allegations contained in the third sentence of paragraph 3 as phrased.

4.      Paragraph 4 requires no response.  To the extent that any response is required, Eastbay is without knowledge as to the domicile of Plaintiff, and therefore whether or not this Court has jurisdiction under 28 U.S.C. § 1332.

5.      Eastbay denies the allegations contained in paragraph 5.

6.      Eastbay denies the allegations contained in paragraph 6.

7.      Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 7.

8.      Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 7.

9.      Eastbay denies the allegations contained in the first sentence of paragraph 9 as phrased, except that Eastbay admits that it markets and sells certain athletic products including the Jordan Trifecta manufactured by Nike. Eastbay admits the allegations contained in the second sentence of paragraph 9.

10.     Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 10.

11.     Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 11.

12.    Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 12.

13.    Eastbay denies the allegations contained in paragraph 13.

14.    Eastbay denies the allegations contained in paragraph 14.

15.    Eastbay denies the allegations contained in paragraph 15.

16.    Eastbay denies the allegations contained in paragraph 16

17.    Eastbay denies the allegations contained in paragraph 17.

## COUNT I

18.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-17 of the Complaint.

19-21  Count I is directed to defendant Nike, Inc., and no response from Eastbay is required.   To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 19-21.

## COUNT II

22.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-21 of the Complaint.

23-27. Count II is directed to defendant Nike, Inc., and no response from Eastbay is required.   To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 23-27.

## COUNT III

28.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-27 of the Complaint.

29-33. Count III is directed to defendant Nike, Inc., and no response from Eastbay is required. To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 29-33.

<u>COUNT IV</u>

34.     Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-33 of the Complaint.

35-39. Count IV is directed to defendant Nike, Inc., and no response from Eastbay is required. To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 35-39.

<u>COUNT V</u>

40.     Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-39 of the Complaint.

41-46. Count V is directed to defendant Nike, Inc., and no response from Eastbay is required. To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 41-46.

<u>COUNT VI</u>

47.     Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-46 of the Complaint.

48-52. Count VI is directed to defendant Nike, Inc., and no response from Eastbay is required. To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 48-52.

<u>COUNT VII</u>

53.     Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-52 of the Complaint.

54-58. Count VII is directed to defendant Nike, Inc., and no response from Eastbay is required.  To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 54-58.

<u>COUNT VIII</u>

59.     Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-58 of the Complaint.

60-65. Count VIII is directed to defendant Nike, Inc., and no response from Eastbay is required.  To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 60-65.

<u>COUNT IX</u>

66.     Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-65 of the Complaint.

67-73. Count IX is directed to defendant Nike, Inc., and no response from Eastbay is required.  To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 67-73.

## COUNT X

74.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-73 of the Complaint.

75-81. Count X is directed to defendant Nike, Inc., and no response from Eastbay is required.    To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 75-81.

## COUNT XI

82.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-81 of the Complaint.

83-88. Count XI is directed to defendant Nike, Inc., and no response from Eastbay is required.    To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraphs 83-88.

## COUNT XII

89.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-88 of the Complaint.

90.    Count XII is directed to defendant Nike, Inc., and no response from Eastbay is required.    To the extent that any response from Eastbay is required, Eastbay denies the allegations of paragraph 90.

## COUNT XIII

91.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-90 of the Complaint.

92.    Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 92.

93    Paragraph 93 states a legal conclusion for which no response is required.  To the extent that any response is required, Eastbay denies the allegations of paragraph 93 as phrased.

94.    Eastbay denies the allegations contained in paragraph 94.

95.    Eastbay denies the allegations contained in paragraph 95.

96.    Eastbay denies the allegations contained in paragraph 96

## . COUNT XIV

97.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-96 of the Complaint.

98.    Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 98.

99    Eastbay denies the allegations contained n paragraph 99 as phrased.

100.    Eastbay denies the allegations contained in paragraph 100 as phrased

101.    Eastbay denies the allegations contained in paragraph 101.

102.    Eastbay denies the allegations contained in paragraph 102.

103.    Eastbay denies the allegations contained in paragraph 103.

<u>COUNT XV</u>

104.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-103 of the Complaint.

105.    Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 105.

106    Eastbay denies the allegations contained n paragraph 106 as phrased.

107.    Eastbay denies the allegations contained in paragraph 107.

108.    Eastbay denies the allegations contained in paragraph 108.

109.    Eastbay denies the allegations contained in paragraph 109.

110.    Eastbay denies the allegations contained in paragraph 110.

111.    Eastbay denies the allegations contained in paragraph 111.

<u>COUNT XVI</u>

112.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-111 of the Complaint.

113.    Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 113.

114    Eastbay denies the allegations contained in paragraph 114 as phrased.

115.    Eastbay denies the allegations contained in paragraph 115.

116.    Eastbay denies the allegations contained in paragraph 116.

117.    Eastbay denies the allegations contained in paragraph 117.

118.    Eastbay denies the allegations contained in paragraph 118.

119.    Eastbay denies the allegations contained in paragraph 119.

## COUNT XVII

120.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-119 of the Complaint.

121.    Paragraph 121 states a legal conclusion for which no response is required. To the extent that any response is required, Eastbay denies the allegations of paragraph 121 as phrased.

122.    Paragraph 122 states a legal conclusion for which no response is required. To the extent that any response is required, Eastbay denies the allegations of paragraph 122 as phrased.

123    Eastbay denies the allegations contained n paragraph 123.

124.    Paragraph 124 states a legal conclusion for which no response is required. To the extent that any response is required, Eastbay denies the allegations of paragraph 124 as phrased.

125.    Eastbay denies the allegations contained in paragraph 125.

126.    Eastbay denies the allegations contained in paragraph 126.

## COUNT XVIII

127.    Eastbay incorporates by reference all of its affirmative defenses and responses to paragraphs 1-126 of the Complaint.

128.    Eastbay is without sufficient knowledge and information to admit or deny the allegations contained in the first sentence of paragraph 128. Eastbay denies the allegations contained in the second sentence of Paragraph 128.

WHEREFORE, Defendant Eastbay, Inc., respectfully requests that Plaintiffs' claims be dismissed with prejudice and that Defendant be awarded its costs and attorneys' fees expended in defense of this matter.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

EASTBAY, INC.

By: _____
    Counsel

David D. Hudgins, Esquire (Fed. Bar # 362451)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2007, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Prabir Chakrabarty, Esquire
Robert M. Schwartzman, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202

By: _____
Counsel

- 13 -