UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARNOLD B. WEISS | * | |
| and | * | |
| SILVIA LATTOVA | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 07cv1019 (RJL) |
| NIKE, INC., A/K/A/ NIKE USA, INC. | * | |
| | * | |
| and | * | |
| | * | |
| EASTBAY, INC., A/K/A EASTBAY, THE ATHLETIC SPORTSOURCE | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## Report pursuant to Local Rule 16.3(c)

COMES NOW, the Plaintiffs, Arnold B. Weiss and Silvia Lattova, by and through their counsel, Prabir Chakrabarty, Esq. and Resnick & Schwartzman, L.L.C., and Defendants, Nike. Inc. and Eastbay, Inc., by and through their attorneys, David Hudgins and the Hudgins Law Firm, present this Report of parties pursuant to United States District Court for the District of Columbia, Local Rule 16.3(c), and state as follows,

(1)  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties would recommend to the court that discovery or other matters should await a decision on the motion.

**Response:**   **No dispositive motions pending.  Defendants reserve the right to file motions at close of discovery.**

(2)  The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

>**Response:** **No additional parties contemplated at this time. The parties will work together to prepare a joint statement of facts at a later date.**

(3)  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

>**Response:** **Defendants do not consent to have the case assigned to a magistrate judge.**

(4)  Whether there is a realistic possibility of settling the case.

>**Response:** **There is a reasonable chance of pretrial resolution.**

(5)  Whether the case could benefit from the Court's alternative dispute resolution ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

>(i)    the client's goals in bringing or defending the litigation;
>
>(ii)   whether settlement talks have already occurred and, if so, why they did not produce and agreement;
>
>(iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:
>
>>(aa)   whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
>>
>>(bb)   whether ADR should take place before or after the judicial resolution of key legal issues;
>
>(iv)   whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
>
>(v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

    **Response:** **Counsel have conferred with their respective clients on issues relating to settlement. The parties request that a settlement conference be conducted by a U.S. Magistrate Judge.**

(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

    **Response:** **Defendants reserve the right to file dispositive motions within thirty (30) days after the close of discovery.**

(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

    **Response:** **The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

    **Response:** **Written discovery will commence forthwith. All discovery will be completed by May 31, 2008.**

(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

    **Response:** **There is no need to modify Rule 26(a)(2)**

    **Plaintiffs' Expert disclosures due March 3, 3008**
    **Defendants' Expert disclosures due April 15, 2008**
    **Plaintiffs' Rebuttal disclosures due April 30, 2008**

    **Expert depositions should occur by June 15, 2008.**

(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

    **Response:** **N/A**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.

**Response:    There is no need for bifurcation**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response:    The parties agree that the pretrial conference should take place in September of 2008.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference 30 to 60 days after that conference.

**Response:    The parties prefer that the trial date be set at the first scheduling conference.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Response:    N/A**


_____/s/_____          _____/s/_____
David D. Hudgins, Esquire           Prabir Chakrabarty, Esquire
Hudgins Law Firm                    Resnick & Schwartzman, L.L.C.
515 King Street, Suite 400          One East Franklin Street, Suite 200
Alexandria, Virginia 22314          Baltimore, Maryland 21202

Counsel for Defendants,             Counsel for Plaintiffs,
Nike Inc. and Eastbay, Inc.         Arnold B. Weiss and Silvia Lattova

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS | * |
| and | * |
| SILVIA LATTOVA | * |
| Plaintiffs | * |
| v. | *   Civil Case No. 07cv1019 (RJL) |
| NIKE, INC., A/K/A/ | * |
| NIKE USA, INC. | NEXT EVENT: Deadline For Plaintiff's |
| | *   Expert Designations on March 3, 2008 |
| and | |
| | * |
| EASTBAY, INC., A/K/A | |
| EASTBAY, THE ATHLETIC SPORTSOURCE | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## [PROPOSED] SCHEDULING ORDER

The parties suggest the following schedule:

Plaintiffs' Expert disclosures due March 3, 3008

Defendants' Expert disclosures due April 15, 2008

Plaintiffs' Rebuttal disclosures due April 30, 2008

All discovery will be completed by May 31, 2008.

Expert depositions should occur by June 15, 2008.

Pre-Trial conference: September of 2008.

Dated:_____          _____
                                        Richard J. Leon
                                        United States District Judge