IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al.                )
                                       )
        Plaintiffs,                    )
                                       )
        v.                             )    Case No. 1:07-cv-1019
                                       )
NIKE, INC., a/k/a NIKE USA, INC.,  et al., )
                                       )
        Defendants.                    )

FILED

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STIPULATED PROTECTIVE ORDER

WHEREAS the plaintiffs Arnold B. Weiss and Silvia Lattova (collectively "Plaintiffs") have requested documents from the defendants, Nike, Inc. and Eastbay, Inc., which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to defendants; and

WHEREAS Defendants are willing to provide certain documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

WHEREAS all of the parties are in agreement as to the terms of the said Protective Order; THEREFORE,

IT IS HEREBY STIPULATED, AGREED, AND ORDERED as follows:

1.      Documents of Defendants to be produced in this Litigation which contain confidential and/or proprietary information shall hereinafter be referred to as "Protected Documents." Any documents designated as "Protected Documents" shall be maintained in confidence in accordance with the provisions of this Order and shall only be used, shown or disclosed as provided in this Order. "Document" includes, without limitation, all written/printed material, electronic media and all other tangible items.

1

2.     The Protected Documents shall be used only for purposes of this litigation by "Qualified Persons." "Qualified Persons" are: (a) counsel of record for the parties; (b) the parties; (c) staff employed by counsel of record involved in the preparation for and trial of this action; (d) any person retained by any party to provide expert opinion or advice.

3.     Qualified Persons shall not disseminate any Protected Documents to any person who is not a Qualified Person. No person who examines any Protected Document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person who is not a Qualified Person.

4.     Qualified Persons (except counsel of record whose signatures are on this document) who will receive or review or examine any Protected Documents shall be provided with a copy of this Order and shall execute prior to receipt or review or examination of any Protected Documents a "Written Assurance", in the form of Exhibit A attached hereto, acknowledging that they have read and received a copy of this Order and agree to be bound by the terms of this Order.

5.     All Protected Documents produced in this case may only be used for the purposes of this litigation.

6.     Any Protected Documents filed with the Court as part of any pleading, or submitted to the Court as a trial exhibit, shall be filed and/or submitted in a sealed envelope marked "Filed Under Seal Pursuant to Protective Order", or similar words.

7.     Within thirty (30) days of the final conclusion of this action, all Protected Documents, including any copies thereof, shall be:   (1) retrieved from all Qualified

2

Persons by counsel for Plaintiffs and returned to counsel for Defendants, or (2) retrieved from all Qualified Persons by counsel for Plaintiffs and destroyed (by shredding or other destructive means) by counsel for Plaintiffs with a written assurance of such destruction being provided by counsel for Plaintiffs to counsel for Defendants. Furthermore, all Protected Documents on any computer hard drives and/or computer disks of any Qualified Person shall be permanently deleted.

8.     This Order shall not be construed as a waiver of any party as to any objections to the admissibility or relevance of any Protected Documents. The Court will separately rule on any such objections at the appropriate time.

9.     Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

10.     In the event this Order is not entered by the Court, it remains an enforceable contract and agreement between all signing parties.

11.     A breach of the terms of this Order shall entitle Defendants to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

12.     The Clerk is directed to forward a copy of this Order as entered to all counsel of record.

SO ORDERED.

3/25/08

_____
United States District Judge

WE ASK FOR THIS:


David D. Hudgins
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile
*Counsel for Defendants Nike, Inc. and Eastbay, Inc.*


Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
*Counsel for Plaintiffs Weiss and Lattova*


Robert M. Schwartzman, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore. Maryland 21202
*Counsel for Plaintiffs Weiss and Lattova*

## Exhibit A

## WRITTEN ASSURANCE

I, _____, shall receive, review, and use Protected Documents that are confidential or proprietary. I have read and received a copy of the Protective Order entered in the case of <u>Weiss, et al. v. Nike, Inc., et al.</u>, Case No. 1:07-cv-1019, and I agree to be bound by the terms of this Order.

_____
Qualified Person

_____
Title

_____
Date

_____
Witness

_____
Witness' Printed Name

_____
Date