IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al                          *

                Plaintiffs                 *

    v.

                           *     Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al       *

                Defendants              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
INSPECTION OF TANGIBLE OBJECT**

    COME NOW the Plaintiffs, Arnold Weiss and Silvia Lattova, by and through their

undersigned counsel, and hereby file this Opposition to Defendant's Motion to Compel

Inspection of Tangible Object pursuant to Federal Rule of Civil Procedure 34, along with the

accompanying memorandum, and, in support thereof, state as follows:

    1.    This is a product liability case concerning a pair of Air Jordan Jumpman Trifecta

        athletic shoes (hereinafter "athletic shoes") Mr. Weiss was wearing while playing

        basketball on June 27, 2004.  Mr. Weiss suffered a ruptured Achilles tendon on

        his right foot at the same time that the zipper on the right shoe broke.  Plaintiffs

        contend the athletic shoes were defectively designed and manufactured.

    2.    Defendants have failed to comply with Federal Rule 34 and  Local Rule

        LCvR7(m) prior to filing their Motion to Compel.

    3.    The Cases cited by Defendant are non-precedential, state court decisions that are

        factually distinguishable from the present situation, and evidence the dearth of

        authority presented by Defendants in their Motion to Compel or alternatively for

Dismissal, especially since Federal Courts have addressed similar issues and found that compelling the shipment of subject objects was unreasonable.

4.     Plaintiffs have made the subject athletic shoes available for examination and have not denied access to the shoes. Thus, Motion to Compel, or alternatively for Dismissal is without merit.

5.     Plaintiffs' counsel has made the shoes available and provided unrestricted access to the shoes on two separate occasions for Defendants to photograph, examine, inspect and measure the shoes. Plaintiff has not objected to a third opportunity to examine the shoes in Plaintiffs' counsel's office or at the time of one of the depositions scheduled in this matter.

6.     Defendants' experts have, in fact, examined Plaintiffs' shoes on two occasions and have produced two reports.

NOW, WHEREFORE, having fully responded to Defendants' Motion to Compel Inspection of Tangible Object, the Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Compel Inspection of Tangible Object.

Respectfully submitted,
RESNICK & SCHWARTZMAN, L.L.C.


____/s/ Prabir Chakrabarty____
Robert M. Schwartzman
Prabir Chakrabarty(D.C. Bar # 478022)
One East Franklin Street
Baltimore, Maryland 21202
(410) 539-60887
Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 30th day of May 2008, a true copy of the foregoing

Opposition to Motion to Compel Inspection of Tangible Object and accompanying

memorandum, was filed using the CM/ECF system which will send notification and a copy of

such filing to the following:

David Hudgins, Esquire
Debra Stafford, Esquire
Robert E. Draim Esquire
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al                          *

              Plaintiffs                *

   v.

                         *     Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al          *

              Defendants              *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL INSPECTION OF TANGIBLE OBJECT**

COME NOW the Plaintiffs, Arnold Weiss and Silvia Lattova, by and through their

undersigned counsel, and hereby file this Memorandum in Support of Opposition to Defendants'

Motion to Compel Inspection of Tangible Object and, in support thereof, state as follows:

**<u>INTRODUCTION AND FACTS</u>**

This is a products liability case concerning a pair of Nike Air Jordan Jumpman Trifecta

athletic shoes (hereinafter "athletic shoes") purchased by Mr. Weiss from the Eastbay website.

Mr. Weiss liked the product descriptions of both shoes; in particular the description of the use of

memory foam in the design of the athletic shoe's ankle support system and believed that he was

buying a superior product designed for playing indoor basketball.

On Sunday June 27, 2004, Mr. Weiss, after stretching at home, was dropped off by his

wife at the Georgetown University student center around 10:30A.M.  He was wearing a different

pair of shoes at the time, with the subject athletic shoes in his gym bag.  Mr. Weiss was shooting

around on his own, after about 15 or 20 minutes, he was asked if he wanted to play in a mild,

friendly game of half-court pick-up basketball.

After playing for a brief period, there was a shot from approximately 17 feet out from just outside the left elbow of the lane.  Mr. Weiss was near the baseline facing the basket and saw the shot coming off long back towards from where it had come.  He turned and planted his right foot somewhere near parallel to the baseline (no longer facing the basket) so he could pivot out towards the point to which the rebound was heading.  As Mr. Weiss was pushing off, he felt his heel suddenly slide up in the shoe as if he was "getting a flat tire" from someone who had come up behind him, except that no one was actually there.  As a result, Mr. Weiss slipped towards the floor as he felt and heard a terrible sound that turned out to be a ruptured Achilles tendon.  He remained on the floor until the medics arrived and removed the shoe.  As they were gathering his possessions, someone wanted to hand Mr. Weiss the broken zipper enclosure that they had found.  He asked them to put it in the right shoe, which along with the left shoe, was put in the bag by someone at the gym as Mr. Weiss was being loaded on a stretcher.

Mr. Weiss endured a long period of painful recovery as a result of his Achilles rupture including an operation, prolonged medical care, physical therapy and loss of economic opportunity.  Further, Mr. Weiss and his wife Ms. Lattova suffered significant strains on their marital relationship.  Mr. Weiss' experts have concluded that the failure of the subject athletic shoe's zipper enclosure was the proximate cause of his injury and constituted a defect of the athletic shoes.

During the pendency of discovery in this matter, Defendants' counsel requested a chance to inspect the subject athletic shoes.  In response, Plaintiffs made the shoes available for inspection and photography on March 5, 2008 at Plaintiffs' counsel's offices.  On April 24, 2008, the date of Mr. Weiss' deposition, pursuant to Defendants' deposition notice, Plaintiffs

again produced the athletic shoes at which time two of Defendants' experts photographed, examined, inspected and measured the subject athletic shoes.

Defendants' counsel then stated that their expert, Mr. Thomas Neal located in Tennessee, would be coming to Baltimore to view the shoes. Defendants' counsel and Plaintiffs' counsel, in fact, scheduled Friday, May 2, 2008, for Mr. Neal to examine the shoes. See e-mail of April 29, 2008, attached hereto and incorporated herein as Exhibit A. Defendants' counsel then stated that the expert would be unable to come to Baltimore, and that they would require Plaintiffs to send the subject athletic shoes via commercial delivery to their expert in Tennessee. See e-mail of May 6, 2008, attached hereto and incorporated herein as Exhibit B. Plaintiffs' counsel responded by saying that the shoes could be sent, provided that Defendants pay for Plaintiffs' counsel time and travel to Tennessee with the shoes. Defendants' counsel responded by stating that they would require the Plaintiffs to pay the expenses of traveling to Richmond, VA, where the expert could inspect the shoes. See e-mail of May 13, 2008, attached hereto and incorporated herein as Exhibit C.

Thus, Plaintiffs' counsel has provided unrestricted access to the athletic shoes on two separate occasions for Defendants to photograph, examine, inspect and measure the shoes. Plaintiff has not objected to a third opportunity to examine the shoes in Plaintiffs' counsel's office or at the time of one of the depositions scheduled in this matter. Defendants' two other experts have already produced their reports. It is only the unreasonableness of the Defendants' counsel and their expert that they require that Plaintiffs' counsel travel a considerable distance at their own expense to let Defendants' expert in Tennessee conduct further inspection. After their last e-mail, Defendants made no further efforts to resolve this discovery dispute.

**ARGUMENT**

3

I.    **Defendants have failed to comply with Federal Rule 34 and Local Rule LCvR7(m) prior to filing their Motion to Compel.**

Federal Rule 34(a)(1) states that, "a request to inspect an object must specify a reasonable time, place and manner for the inspection and for performing the related acts." Defendants rely on Federal Rule 34, but have never produced a Notice of Inspection or other specific discovery request specifying a reasonable time, place and manner for the inspection and examination.  The Defendants' counsel instead relies on their Request for Production of Documents No. 1.  Please find Request attached hereto and incorporated herein as Exhibit D. Plaintiffs have, in fact, complied with Request No. 1 in providing inspection of the shoes on March 5, 2008.  Also, in compliance with Mr. Weiss' Deposition Notices, Plaintiffs' counsel produced the shoes at the time of Mr. Weiss' deposition on April 24, 2008.  Defendants have never produced a specific notice of inspection for their expert to examine the athletic shoes in Tennessee.

Furthermore, United States District Court for the District of Columbia LCvR 7(m), requires Defendants to certify that parties must confer in a good faith effort to determine whether there is any opposition to the relief sought and include a statement in their motion that the required discussion occurred, and a statement as to whether the motion is opposed.  No such statement was included in Defendants' Motion.  Consequently, Defendants have failed to comply with required federal court rules prior to filing their Motion to Compel Inspection of Tangible Object.

II.    **The Cases cited by Defendant are non-precedential, state court decisions that are factually distinguishable from the present situation, and evidence the dearth of authority presented by Defendants in their Motion to Compel or alternatively for Dismissal, especially since Federal Courts have addressed similar issues and found that compelling the shipment of subject objects was unreasonable.**

The cases cited by the Defendants in support of their motion are non-precedential state court decisions from New York and Ohio.  Furthermore, both cases are factually distinguishable. Olexa v. Jacobs, 829 N.Y.S.2d 564 (N.Y. App. Div. 2007)("Olexa"), involved the examination of mammograms in a medical malpractice case.  Olexa involved a discovery order from a lower court allowing 72 hours for the Defendants to review the Plaintiff's radiographs.  The state Supreme Court found the time period restrictive.  In Olexa the facts are separate and distinct from the case at issue.  Apart from the fact Olexa was a medical malpractice claim, the radiographs at issue were not the actual products themselves, rather they were important documents in support of Plaintiff's claim.  In this case, the actual physical shoes are integral to Plaintiffs' claim.  Moreover, in the present case, Defendants have been afforded two occasions to take numerous photographs, make full examination, inspection and measurements of the subject shoes, without time restrictions placed on them to conduct these examinations.

Defendants' other case cite, Driver v. F.W. Woolworth Co., 16 N.E. 2d 548 (Ohio App. 1938), is a 1938 decision of the Ohio Appellate Court.  Driver was a products liability suit involving mascara that was never turned over to Defendant's expert for analysis and inspection. In the present case, Defendants' experts have had ample opportunity to photograph, examine, inspect and measure the subject athletic shoes.  Likewise, as Defendants concede, the Driver decision was enacted prior to the enactment of the rules of discovery.

The dearth of applicable cases presented by the Defendants are not, as Defendants claim, indicative of the fact that prior discovery disputes regarding the inspection of tangible items have

always been resolved between the parties, but instead prove that the Defendants have not been able to present <u>any</u> persuasive, precedential authority for their Motion to Compel or alternatively for dismissal.

Contrary to Defendants' research, Federal Courts have addressed similar issues and found that compelling the shipping of subject objects was unreasonable.  The United States District Court for Hawaii, in <u>Tina Holliday, Et. Al. v. EXTEX, Et. Al.</u>, 237 F.R.D. 425 (D. HI 2006)("<u>Holliday</u>"), held that the requirement that the Defendants' expert travel to Plaintiffs' expert's facilities to perform their inspection was not unreasonable.  <u>Id.</u> at 427.  <u>Holliday</u> was a products liability case involving failed engine parts.  <u>Id.</u> at 426.  Similar to the present matter, Defendant filed a motion compelling Plaintiffs to ship the engine parts to Defendants' experts to allow them to examine the parts at their own facilities.  <u>Id.</u>  Also, as in the present case, Defendants never served a formal request for inspection and Plaintiffs provided numerous opportunities for inspection to Defendants prior to the Motion being filed.  <u>Id.</u> at 427.  The <u>Holliday</u> Court denied Defendants' motion to compel inspection finding Defendants' request that Plaintiff ship the subject parts for inspection to their own expert's facilities was unreasonable. <u>Id.</u>.  In addition, the <u>Holliday</u> Court held that Plaintiffs' offer of inspection at their expert's facility was reasonable, even though the expert was located in Vancouver, Canada.  <u>Id.</u>

Furthermore., the United States District Court for the District of Columbia addressed a similar issue in <u>Niagara Duplicator Co. Inc. v. Shackleford</u>, 82 U.S. App. D.C. 45, 160 F.2d 25 (D.D.C. 1947)("<u>Niagara</u>").  <u>Niagara</u>, concerned a motion for inspection of documents by a Washington D.C. corporation, requesting that a corporation located in San Francisco, California ship documents to the D.C. corporation for inspection.  <u>Id.</u> at 26.  The Court held that the reasonable solution would be to have the place of making the inspection of the books and records

at the offices of the corporation in San Francisco, California. Id. at 27. As these cases suggest, in the present matter, requiring inspection at Plaintiffs' offices was reasonable and the demand that Plaintiffs ship the subject shoes to Defendant's experts is unreasonable.

III.    **Plaintiffs have made the subject athletic shoes available for examination and have not denied access to the shoes. Thus, Motion to Compel, or alternatively for Dismissal is without merit.**

It is not unreasonable for Mr. Weiss and Ms. Lattova to request that a representative for the Plaintiffs be present at the time the shoes are inspected by the Defendants' expert. Forcing Plaintiffs' counsel to travel to Tennessee or to Richmond, Virginia, from Baltimore, Maryland, at their own expense, is not a reasonable request.

Since the subject shoes are Mr. Weiss and Ms. Lattova's only direct evidence of a design defect, and therefore integral to the presentation of their claims, it is not unreasonable for Plaintiffs to request that their counsel be present during any testing/inspection of the subject shoes. Defendants have failed to produce any authority requiring Plaintiffs to produce the subject shoes via commercial delivery, in another state. Besides, Mr. Weiss and Ms. Lattova, will have no way to determine whether the athletic shoes are altered or damaged in transit or by the Defendants' expert, even if done inadvertently. The risk of such possible alteration or damage to the shoes is far too great to allow shipping and unsupervised access as the Defendants request.

Plaintiffs' counsel has made the athletic shoes available and provided unrestricted access to the shoes on two separate occasions for Defendants to photograph, examine, inspect and measure the shoes. Despite Defendants' allegations, Plaintiffs have not objected to a third opportunity to examine the shoes in Plaintiffs' counsel's office or at the time of one of the future depositions scheduled in this matter. Moreover, the Defendants have stated no reason why their

expert cannot rely upon the examinations already performed by the other two experts whose reports have been produced by the Defendants.

Defendants' experts have, in fact, examined Plaintiffs' shoes on two occasions and have produced two reports. It is only the unreasonableness of the Defendants' counsel and their expert that they require that Plaintiffs' counsel travel to another state at their own expense to allow Defendants' expert to conduct further inspection.

There is absolutely no authority presented for either the relief compelling discovery or the alternative relief, requested by Defendants in their conclusion, that Mr. Weiss and Ms. Lattova's claims be dismissed. In adjudicating discovery disputes, sanctions are not appropriate if, as in this instance, a party is substantially justified in advancing its position. Fed. R. Civ. P. 37(a)(4)(A). In Aldridge v. Aetna Cas. And Sur. Co., 184 F.R.D. 200, 205 (D.D.C. 1998)(citations omitted) this Honorable Court held that, "[i]f there is an absence of controlling authority, and the issue presented is not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified." Mr. Weiss' and Ms. Lattova's request to have counsel present during an examination by Defendants' expert is certainly justified.

NOW, WHEREFORE, having fully responded to Defendants' Motion to Compel Inspection of Tangible Object, the Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Compel Inspection of Tangible Object.

Respectfully submitted,
RESNICK & SCHWARTZMAN, L.L.C.


_____/s/  Prabir Chakrabarty_____
Robert M. Schwartzman
Prabir Chakrabarty (D.C. Bar # 478022)
One East Franklin Street
Baltimore, Maryland  21202
(410) 539-60887
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al                        *

                         Plaintiffs           *

         v.
                                              *        Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al        *

                         Defendants           *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

# **O R D E R**

    UPON CONSIDERATION of Defendants' Motion to Compel Inspection of Tangible

Object and Plaintiffs' Opposition thereto, it is, this _____ day of June,  2008,

    ORDERED, that the Motion to Compel Inspection is DENIED;

    SO ORDERED.


_____
HONORABLE RICHARD J. LEON
United States District Judge

1

From: "Debra Stafford" <Debra@hudginslawfirm.com>
To: "Prabir Chakrabarty" <pc@rs-atty.com>
Cc: "Robert Draim" <Robert@hudginslawfirm.com>
Subject: Weiss
Date: Tuesday, April 29, 2008 4:20 PM


Dear Prabir -


Thank you for your voicemail and your professional courtesy.  Per our
discussion, this will confirm that my clients Nike & Eastbay will
disclose the names, addresses, and specialties of experts by this
Friday, May 2.  We will then file the full designation of the experts'
opinions and their reports by May 16, except for Dr. Levitt, since his
examination of Mr. Weiss is not until May 13.  We will plan on filing
Dr. Levitt's designation and report after receipt, within 7-10 days of
the examination (by May 23).


If our experts are available this Friday, May 2 to view the shoes at
your offices, I will let you know as soon as possible and will confirm a
time.


As we have agreed to extend the discovery deadlines, I will prepare a
joint motion that will request an extension of fact discovery until July
15, 2008 and expert discovery until July 31, 2008.  That adds about six
weeks to the original deadlines.


If the above is incorrect in any way, please let me know immediately.


Thanks, Debra



Debra S. Stafford

HUDGINS LAW FIRM, P.C.

515 King Street, Suite 400

Alexandria, VA  22314

(703) 739-3300 telephone

(703) 739-3700 facsimile

From: "Debra Stafford" <Debra@hudginslawfirm.com>
To: "Prabir Chakrabarty" <pc@rs-atty.com>
Subject: Weiss
Date: Tuesday, May 06, 2008 11:40 AM

Dear Prabir -


As we discussed, one of our experts Mr. Neal (in Tennessee) will not be
able to get up this way to see the shoes.  We ask that you send the
shoes to him, however you prefer, so that he can look at them.  He will
not be running any tests.  We would agree to enter into a protective
order that would specify how the shoes would be sent and the timeframe.
Alternatively, we would ask that you or Mr. Schwartzman take the shoes
there to Mr. Neal.  Please let me know what you prefer.


We also were discussing possible dates for the deposition of Ms.
Lattova.  It looks like May 20 or 21 at 10:00am would work for us.
Please let me know if that is agreeable.


Thanks, Debra


Debra S. Stafford

HUDGINS LAW FIRM, P.C.

515 King Street, Suite 400

Alexandria, VA  22314

(703) 739-3300 telephone

(703) 739-3700 facsimile

From: "Debra Stafford" <Debra@hudginslawfirm.com>
To: "Prabir Chakrabarty" <pc@rs-atty.com>
Subject: RE: Weiss
Date: Tuesday, May 13, 2008 10:31 AM

Dear Prabir -


We will notice Ms. Lattova's deposition for May 29th at 10:00am.


As to the shoes, in order to avoid a motion, we would agree to meet you
halfway.  We would bring our expert to Richmond on our dime, if you
agree to go to Richmond on your dime.  Our expert would be able to meet
in Richmond on May 23, before noon.  Please let me know if that is
agreeable, and we will make the arrangements.  Additionally, we would
need an extension on Mr. Neal's report since you are not willing to send
the shoes to him.


Thanks,

Debra


Debra S. Stafford

HUDGINS LAW FIRM, P.C.

515 King Street, Suite 400

Alexandria, VA  22314

(703) 739-3300 telephone

(703) 739-3700 facsimile

_____

From: Prabir Chakrabarty [mailto:pc@rs-atty.com]
Sent: Friday, May 09, 2008 4:24 PM
To: Debra Stafford
Subject: Re: Weiss


Dear Debra:

I apologize that I have not responded sooner.  Ms. Lattova will be out
of town on the 20 and 21st, but she is available the next week on the
29th or 30th.

As to the shoes, we can not agree to send the shoes to your expert.  We
continue to make the shoes available to you at our office.  If we were
to accompany the shoes to the testing, we would require your office to
pay our time and travel to Tennessee.


Prabir

        ----- Original Message -----

        From: Debra Stafford <mailto:Debra@hudginslawfirm.com>

        To: Prabir Chakrabarty <mailto:pc@rs-atty.com>

        Sent: Tuesday, May 06, 2008 11:40 AM

        Subject: Weiss


        Dear Prabir -


        As we discussed, one of our experts Mr. Neal (in Tennessee) will
not be able to get up this way to see the shoes.  We ask that you send
the shoes to him, however you prefer, so that he can look at them.  He
will not be running any tests.  We would agree to enter into a
protective order that would specify how the shoes would be sent and the
timeframe.  Alternatively, we would ask that you or Mr. Schwartzman take
the shoes there to Mr. Neal.  Please let me know what you prefer.


        We also were discussing possible dates for the deposition of Ms.
Lattova.  It looks like May 20 or 21 at 10:00am would work for us.
Please let me know if that is agreeable.


        Thanks, Debra




        Debra S. Stafford

HUDGINS LAW FIRM, P.C.

515 King Street, Suite 400

Alexandria, VA  22314

(703) 739-3300 telephone

(703) 739-3700 facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNOLD B. WEISS, et al.** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
|     **v.** | ) | **Case No. 1:07-cv-1019** |
| | ) | |
| **NIKE, INC., a/k/a NIKE USA, INC., et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## DEFENDANTS NIKE, INC. AND EASTBAY, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS WEISS AND LATTOVA

Defendants Nike, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, propound the following Request for Production upon plaintiffs Arnold B. Weiss (individually "Weiss" or "Plaintiff Weiss") and Silvia Lattova (individually "Lattova" or "Plaintiff Lattova"). Plaintiff Weiss and Plaintiff Lattova (collectively "Plaintiffs") shall respond to the following Request within thirty (30) days after service hereof. These Requests are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.    In producing the documents/things described below, you are requested to furnish all documents in your possession, custody or control, or in the possession, custody or control of your employees, agents, officers or any other representative acting on your behalf, including, if not privileged, your attorneys.

B.    In producing the documents/things described below, you are requested to identify which documents are being produced in response to each request.

1

C.    If any document/thing requested has been lost, discarded or destroyed, the document should be identified as completely as possible, by stating the following information: the nature of the document, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

D.    For any document/thing in existence, but not physically in your possession or custody, or in the possession or custody of your attorneys, but which is in your control, you are requested to execute an authorization to allow to examination and copying of each such document.

E.    If you decline to produce any document/thing because of a claim of privilege, or any other reason, you are requested to provide the following information as to each document: the date, author and type of document, the name of the person for whom the document was prepared, a summary of the contents and a detailed description of the privilege or reason for non-production.

F.    This request is continuing and thereby requires further and supplemental production if you obtain additional documents/things falling within the scope of this request between the time of initial production and the time of hearing or trial.

## Definitions

A.    The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiffs, individually and jointly, and the persons mentioned in Instruction A above.

B.    The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.    The term "DOCUMENT" means the original and any copy (whether or

2

not different from the original because of notes made on or attached to such copy) of all

letters, correspondence, records, lists, memoranda, reports, and all other documentary

material (including without limitation microfilm, tapes, CD's, DVD's, MP3 files, PDF

files, JPEG files, digitally recorded files/data, electronically recorded files/data, e-mail,

and voicemail) of any nature whatsoever.

D.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when

used in reference to a person, other than a natural person, shall mean to state the full

name and type of organization; the address of its principal place of business; the

telephone number and contact person; and the jurisdiction and place of its incorporation

or organization.

E.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when

used in reference to a verbal communication, conference or meeting shall mean to state

the date of the communication, conference or meeting; to identify all parties involved or

present; to state the subject matter of the communication, conference or meeting; and to

state the general substance of what transpired.

F.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when

used in reference to a document shall mean to state the date, author and type of

document; to identify the person for whom the document was prepared; to state the

present location of the document; and to identify the present custodian of the document.

If any document is no longer in your possession or control, state what disposition was

made of the document.  In response to a request for identification of a document, provide

sufficient information to support a Request for Production of Documents under the rules

of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.    A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.    The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.    The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.    The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

## REQUESTS

**REQUEST NO. 1:**    The subject product, particularly the pair of shoes that Plaintiff Weiss was wearing when the alleged incident occurred.

**REQUEST NO. 2:**    Any and all statements, whether written or recorded by any means, of any witnesses to the incident given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

**REQUEST NO. 3:**    For each and every expert you identify in response to Defendants' Interrogatories, provide each expert's most recent *curriculum vitae* including