## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARNOLD B. WEISS, et al.** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **Case No. 1:07-cv-1019 (RJL)** |
| ) | |
| **NIKE, INC., a/k/a NIKE USA, INC., et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

### DEFENDANTS NIKE, INC. AND EASTBAY, INC.'S MOTION TO COMPEL AND REQUEST FOR HEARING

Defendants, Nike, Inc., a/k/a Nike USA, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by and through undersigned counsel, hereby file this Motion to Compel pursuant to Federal Rule of Civil Procedure 37. In support thereof, Nike and Eastbay state as follows:

1.    Defendants Nike and Eastbay issued their first sets of Interrogatories and Request for Production to plaintiffs Arnold Weiss ("Weiss") and Silvia Lattova ("Lattova") (collectively "Plaintiffs"). Plaintiffs provided some responses, but many responses were inadequate. Nike and Eastbay have sought supplementation to the discovery, but only several invoices and photographs have been provided in supplementation.

2.    After Weiss's deposition, defendants Nike and Eastbay issued a Second Request for Production to Plaintiffs, seeking the hard drive of the computer that contained documents/files regarding the Nike product and purchase at issue, as well as documents/files concerning Weiss's lost wage claim. Plaintiffs objected and responded in writing that documents would be provided, but failed to provide the hard drive. After

defendants provided a protocol for the production of the hard drive, plaintiff Weiss's counsel then stated that the hard drive "crashed". Defendants therefore asked that the original hard drive be sent directly to defendants' e-discovery professional for recovery, and plaintiffs have failed to respond.

3.      Moreover, plaintiff Weiss failed to stay for his physical examination with defendants' orthopedic expert Dr. Louis Levitt on May 13, 2008, and defendants have needlessly incurred a "no-show" fee of $650, which plaintiff Weiss has failed to pay despite request.

4.      Defendants, by counsel, certify they have in good faith conferred or attempted to confer with plaintiffs' counsel regarding the above-referenced issues in an effort to obtain the discovery without court action, but have not been able to resolve the matter.

WHEREFORE, defendants Nike and Eastbay, respectfully request that this Honorable Court enter an Order compelling plaintiffs to provide full and complete Answers to Interrogatories and Responses to Request for Production, compelling plaintiffs to provide the hard drive of the computer as requested in the Second Request for Production, and compelling plaintiff Weiss to pay $650 for the no-show fee for his failure to cooperate in the physical examination as noticed.

## REQUEST FOR HEARING

Defendants respectfully request a hearing on this matter should the Court determine it is needed.

NIKE, INC. AND EASTBAY, INC.


By:      /s/ David D. Hudgins
         Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
Robert E. Draim, Esquire (admitted *pro hac vice*)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of June 2008, a true copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to the following:

> Prabir Chakrabarty, Esquire
> RESNICK & SCHWARTZMAN, L.L.C.
> One East Franklin Street, Suite 200
> Baltimore, Maryland 21202
> pc@rs-atty.com

and a true copy of the foregoing was sent via first class mail postage pre-paid to:

> Robert M. Schwartzman, Esquire (admitted *pro hac vice*)
> RESNICK & SCHWARTZMAN, L.L.C.
> One East Franklin Street, Suite 200
> Baltimore, Maryland 21202


     /s/ David D.Hudgins
     Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNOLD B. WEISS, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-1019 (RJL)** |
| | ) | |
| **NIKE, INC., a/k/a NIKE USA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL

Defendants, Nike, Inc., a/k/a Nike USA, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by and through undersigned counsel, hereby file their Memorandum in Support of Motion to Compel pursuant to Federal Rule of Civil Procedure 37, and in support thereof, defendants state as follows:

### I.    BACKGROUND

This is a products liability case filed by plaintiff Arnold Weiss ("Weiss") and his wife Silvia Lattova ("Lattova") (collectively "Plaintiffs"). Weiss alleges, *inter alia*, that there were design and manufacturing defects to the Nike shoes he was wearing on June 27, 2004. Plaintiff Weiss claims personal injuries and lost wages. Weiss claims that his Achilles tendon tore in a "pick-up" basketball game as a result of the shoes and that he suffered lost wages for at least two years. Plaintiff Weiss works in video/web production. Plaintiff Lattova claims loss of consortium and solatium as a result of the incident. The Complaint has eighteen counts; twelve counts are against Nike and six counts are against Eastbay.

## II.    ARGUMENT

On March 4, 2008, defendants Nike and Eastbay each served a set of Interrogatories upon each plaintiff, and Defendants jointly issued a Request for Production to both Plaintiffs. See Exhibits A through E (Defendants Interrogatories and Request for Production to Plaintiffs). Plaintiffs later asked for an extension of time for responding to the requests, and defendants counsel provided the requested extension. When the responses were later received, however, many responses were insufficient and incomplete. Plaintiffs provided their final and executed responses to the discovery requests on April 23, 2008, one day before Plaintiffs' scheduled depositions. See Exhibits F through J, with portions redacted pursuant to Rule 5.2. During Weiss's deposition on April 24, 2008, only several additional documents were produced, including some invoices for his work (although to date no tax returns have been produced despite Weiss's claim for lost wages). Plaintiff Lattova's deposition did not go forward on that day since she was sick.

In the meantime, other discovery issues were being discussed among counsel, but to no avail.[1] Additionally, defendants Nike and Eastbay issued their Second Request for Production to Plaintiffs, on May 1, 2008, seeking the hard drive to Weiss's computer which was used to research and order the subject shoes and which Weiss also used for his business including documents necessary to verify or refute his claims for lost income. See Exhibit K.

Next, defendants heard from Louis Levitt, M.D.'s office regarding the independent medical examination (IME) of plaintiff Weiss, which had been scheduled by

---

[1] Plaintiffs refused to send the subject shoes to one of defendants' experts who is located in Tennessee, and this issue is the subject of defendants' previously-filed Motion to Compel Inspection of Tangible Object.

agreement for May 13, 2008. See Exhibit L. According to Dr. Levitt's office, Plaintiff Weiss was yelling at the staff and disturbing the entire office, including other patients, to the point where the office manager asked Weiss to remove himself from the premises since he could not control himself. Plaintiff's counsel agreed to have Weiss re-appear for another appointment with Dr. Levitt. However, Nike and Eastbay have incurred a "no-show" fee for May 13, 2008, and Plaintiffs have failed to respond to the request for reimbursement of that fee.

On May 22, 2008, Nike and Eastbay sent a letter seeking supplementation from Weiss and Lattova to specific responses to Nike and Eastbay's first discovery requests See Exhibit M. No supplementation was provided prior to Lattova's deposition, which was conducted on May 29, 2008. Counsel for defendants, after the deposition of Lattova, again sought supplementation by letter dated May 30, 2008. See Exhibit N. No response was received, except for the production of several photographs on June 6, 2008, which plaintiffs had identified in their prior discovery responses. See Exhibit O.

Plaintiffs also served responses, including some objections, to the Second Request for Production concerning Weiss's hard drive. See Exhibit P. Nike and Eastbay responded with a clarification and a protocol for the production of Weiss's hard drive. See Exhibit Q. After this protocol was provided, plaintiff Weiss's counsel responded stating that the hard drive of Weiss's computer had "crashed". Nike and Eastbay then requested that the original hard drive be forwarded to defendants' e-discovery professional for recovery, and Plaintiffs have failed to respond. Also, rather incredibly, Plaintiffs' counsel appears to claim that almost all other documents that were requested in

supplementation to the first and second requests were on the "crashed" hard drive. <u>See</u> Exhibit O.

Defendants Nike and Eastbay seek an Order compelling Plaintiffs to provide full and complete responses to their first sets of Interrogatories and Request for Production. Nike and Eastbay also seek an Order compelling Plaintiffs to provide the hard drive to defendants' e-discovery professional for recovery of the hard drive, so that the hard drive may be mirrored and then searched for relevant documents, excluding any privileged documents. Moreover, defendants seek reimbursement of the fee for the IME that was supposed to have occurred on May 13, 2008.

### A.    Nike's Interrogatories to Weiss (Exhibit A)

Nike requests full and complete responses to Interrogatory Nos. 4, 8, 9, 10, 11, 13 and 14. Weiss's Answers are attached hereto as Exhibit F.

In response to Interrogatory No. 4, Plaintiff Weiss has failed to provide information concerning his experts in accordance with Rule 26. Weiss failed to respond fully to Interrogatory Nos. 8 and 13 concerning the amount of lost wages he claims and all documents supporting his claim, including but not limited to all tax returns and the contracts he claims he could not perform. As to the alleged injuries, Weiss failed to provide full responses to Interrogatory Nos. 9 and 10, which sought a description of the injuries alleged and documents supporting, as well as identification of all medical providers seen by Weiss as a result of the incident. Weiss did not identify the marriage therapist from whom he and his wife sought services, and also failed to provide the records and invoices. Weiss also failed to provide the medical records and invoices from several medical providers he saw after the incident including Advanced Sportsmedicine

& Wellness Institute, Georgetown, Fairfax Surgical Center, and the Georgetown ambulance/EMT service. In response to Interrogatory No. 11, which seeks identification of medical and other healthcare providers for the past ten years, Weiss did not identify anyone but did not say that he did not seek any treatment. Mr. Weiss did not fully respond to Interrogatory No. 14 which asked whether Weiss had been injured in the past ten years and the nature of any such injuries.

### B.    Eastbay's Interrogatories to Weiss (Exhibit B)

Eastbay requests full and complete responses to its Interrogatory Nos. 2, 7, 9, 13, 14, 15, and 16. Weiss's Answers are attached hereto as Exhibit G.

Weiss did not respond fully to Interrogatory No. 2, where defendant asked for a description and/or a copy of the communications Mr. Weiss had with any representative of defendants. As above, in response to Interrogatory No. 7, Weiss failed to identify the marriage therapist, the dates of service, and all records and invoices. Regarding Eastbay's Interrogatory No. 9, like Nike's Interrogatory No. 4, Weiss failed to fully provide the requested information concerning each expert identified in his Expert Designation. Weiss did not completely respond to Eastbay's Interrogatory Nos. 13 and 14, regarding advertisements and endorsements that Weiss claims were influential in his purchase. Weiss objected to Eastbay's Interrogatory No. 15, which sought identification of any prescriptions or other substances he consumed in the time before the incident, and only stated that he may have had a "drink" several days before the incident. Defendants are entitled to a complete response to this request and Weiss's objection should be stricken. Plaintiff Weiss's objection to Eastbay's Interrogatory No. 16, which asked whether Weiss had ever been convicted of a felony or a crime involving moral turpitude

and for identification of the offense and date, should be stricken as Weiss's credibility is squarely at issue.

### C.    Nike's Interrogatories to Lattova (Exhibit C)

Nike seeks full and complete responses to its Interrogatory Nos. 4, 5, 8, 9, 11, 12, 13, 17, and 22 to plaintiff Lattova. Lattova's Answers are attached hereto as Exhibit H.

As to Nike's Interrogatory No. 4, Lattova should be compelled to provide the information required by Rule 26 concerning each expert identified in plaintiffs' Expert Designation. Plaintiff Lattova also failed to adequately respond to Nike's Interrogatory No. 5 which requested a privilege log. In response to Nike's Interrogatory Nos. 8 and 13, Lattova generally claims that she will make less money when she finishes law school because she did not get in to a "better" law school allegedly due to the incident and she allegedly did not get "good" grades due to the incident. Lattova has failed to state the amount of lost wages claimed and has not provided any documents supporting such claim. Such documents should include, but are not limited to, all grade reports, all law school applications and attachments, all documents/correspondence concerning law school admission or rejection.

Again, in response to Nike's Interrogatory No. 9 Lattova makes claims of injuries including "severe stress", "insomnia", loss of concentration, and "gastro-intestinal problems", and the need for marriage therapy, but fails to provide medical records or therapy records supporting such claims. Moreover, in response to Nike's Interrogatory No. 11 Lattova objected to and has refused to respond to this request concerning persons who provided care to her over the past ten years, claiming that she is not making a claim "for physical or mental injuries." However, she responded to the prior Interrogatory

stating that she has suffered from "severe stress", "insomnia", and "gastro-intestinal problems", and that she and Mr. Weiss have seen a "marriage therapist", all as a result of the alleged incident.    Unless all such claims are formally withdrawn or dismissed, Lattova's mental and physical condition are at issue. Consequently, this information must be provided.    Additionally, Lattova claims in response to Nike's Interrogatory No. 12 that she has suffered permanent damage, but does not identify any medical or other provider making such prognosis.    Nike's Interrogatory No. 17 sought information concerning her prior physical condition.    As discussed above, Lattova is making a claim for physical injuries, and her prior condition is relevant.

Again, like Weiss's response, Lattova objected to providing information concerning prior convictions of any misdemeanor involving moral turpitude and of any felony, which was requested in Nike's Interrogatory No. 22.    Her objection should be stricken and a complete answer provided.

**D.      Eastbay's Interrogatories to Lattova (Exhibit D)**

Eastbay seeks a complete Answer to its Interrogatory No. 6.    Lattova's Answers are attached hereto as Exhibit I.    As to Eastbay's Interrogatory No. 6 to Lattova, plaintiff Lattova should be compelled to provide the information required by Rule 26 concerning each expert identified in plaintiffs' Expert Designation.

**E.      Nike and Eastbay's Request for Production to Weiss and Lattova (Exhibit E)**

Nike and Eastbay also sought supplementation to Plaintiffs responses to their first Request for Production.    Particularly, Nike and Eastbay ask that Plaintiffs supplement as to Request Nos. 3, 4, 9, 10, 12, 13, 15, 16, 17, 19, 20, 21, 44, 45, 46, 48, 51, and 55. Plaintiffs' Responses are attached hereto as Exhibit J.

As to Request Nos. 3 & 4 & 10, Plaintiffs should be compelled to produce the requested documents concerning their experts, including all documents sent to/from your experts, or prepared by your experts.  Plaintiffs have also failed to produce documents concerning their alleged damages; Request No. 9 sought production of all documents relating to or supporting the damages claimed by both Plaintiffs, including but not limited to medical records, bills, invoices, therapy records and invoices, tax returns, all contracts mentioned by Mr. Weiss in his interrogatory answers, all grade reports of Ms. Lattova.

Weiss has also failed to provide prior medical/healthcare records and the marriage therapy records that he contends are related to the incident.  These documents were requested in Nos. 12 and 16.  As to Lattova, she has failed to produce any medical/healthcare records whatsoever, despite her claims that she suffered from gastrointestinal problems (which also apparently pre-existed the incident), insomnia and severe stress, and she claims that she and Weiss had to go to marriage therapy as a result of the incident.  These documents were requested in Request Nos. 13, 15, 17, and 19, but were not produced.

Request No. 20 asked for any treatises that Plaintiffs and their experts will rely upon as authoritative.  Plaintiffs responded that they would be or have been produced, but no treatises were produced.

In Request No. 21, Nike and Eastbay asked for the marriage certificate/license of Mr. Weiss and Ms. Lattova.  Plaintiffs indicated it would be produced, but it has not.  As Ms. Lattova is making a claim for loss of consortium/solatium, their marital status is obviously relevant.  As to Request No. 44 and 45, defendants asked for documents relating to how/why Weiss selected the product and his intended use.  He claims in his

response that such documents were produced, but none could be identified. Weiss also claimed that he had seen advertisements for the shoe, but did not identify or produce any such advertisements.

Additionally, Nike and Eastbay requested any physical evidence or equipment in Request No. 51. Plaintiffs stated that certain equipment would be made available but have not identified it or stated when/where it would be available for inspection.

Lastly, in Request No. 55, Nike and Eastbay requested Plaintiffs tax returns (including attachments) for the past seven years (from 2001 to present). Despite the lost wage claim of both Plaintiffs, they have failed to produce any tax returns whatsoever. These tax returns must be provided. If they are not provided, then Plaintiffs lost wage claims must be dismissed. Plaintiff Lattova also confirmed in her deposition that she and Weiss timely filed their tax returns for 2007. Consequently, the documents are in existence and must be produced.

**F.      Nike and Eastbay's Second Request for Production (Exhibit K)**

Plaintiffs have a duty to produce and preserve electronic evidence. Plaintiffs have confirmed that there are relevant documents on the "crashed" hard drive. See Exhibit O. Defendants asked for the hard drive by formal request dated May 1, 2008, and asked that it produced within 30 days of the request at undersigned counsel's office. See Exhibits K and Q. Plaintiffs have failed to provide the hard drive. Nike and Eastbay provided a protocol as to the hard drive, asking that it be sent directly to defendants' e-discovery professional, that the hard drive would be recovered and then mirrored, and then the mirrored hard drive would be searched for the relevant documents (excluding any privileged documents). See Exhibit Q. Those privileged documents would be forwarded

to plaintiffs' counsel without being viewed by the e-discovery professional.  See Exhibit Q.

Production of the hard drive is essential, as Weiss's counsel has confirmed by e-mail dated June 6, 2008 that apparently nearly all other responsive documents are on the "crashed" hard drive.  See Exhibit O.  This must also include the tax returns.  Plaintiff Weiss is claiming lost wages for an extended period of time.  However, Weiss has failed to produce any tax returns whatsoever and has only produced several invoices from his business.

Moreover, the invoices that Weiss produced at his deposition to support his claim for lost wages appear questionable for multiple reasons.  For example, many of the dates on the invoices are internally inconsistent.  Defendants are now left with Weiss's unsubstantiated testimony as to his business activity and his income derived from it, particularly considering the fact that Plaintiffs have failed or refused to produce tax returns.

### G.    The Physical Examination of Plaintiff Weiss

As discussed above, Plaintiff Weiss did not cooperate with the IME that was scheduled for May 13, 2008, by agreement, and the examination did not occur (See Exhibit L).  The IME has been re-scheduled.  Weiss should be compelled to pay the "no-show" fee that was incurred by Nike and Eastbay due to Weiss's behavior and his failure to control his language and anger in the office of Dr. Levitt.

### III.    CONCLUSION

WHEREFORE, defendants Nike and Eastbay, respectfully request that this Honorable Court enter an Order compelling plaintiffs Weiss and Lattova to provide full

and complete Answers to Interrogatories and Responses to Request for Production, compelling plaintiffs Weiss and Lattova to provide the hard drive of the computer as requested in the Second Request for Production, and compelling plaintiff Weiss to pay $650 for the no-show fee for his failure to cooperate in the physical examination as noticed.

NIKE, INC. AND EASTBAY, INC.

By:      ____/s/ David D. Hudgins_____
              Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
Robert E. Draim, Esquire (admitted *pro hac vice*)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of June 2008, a true copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to the following:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

and a true copy of the foregoing was sent via first class mail postage pre-paid to:

Robert M. Schwartzman, Esquire (admitted *pro hac vice*)
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202

___/s/ David D.Hudgins_____
Counsel

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al.      )
                            )
      Plaintiffs,        )
                            )
      v.                  )     Case No. 1:07-cv-1019
                            )
NIKE, INC., a/k/a NIKE USA, INC., et al.,  )
                            )
      Defendants.      )

## DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIFF WEISS

Defendant Nike, Inc. a/k/a Nike US, Inc. ("Nike"), by counsel and pursuant to Fed. R. Civ. P. 33 and the Local Rules of this Court, propounds the following Interrogatories upon plaintiff Arnold B. Weiss ("Weiss" or "Plaintiff Weiss"). Plaintiff Weiss shall serve a written response within thirty (30) days from the date of service of these Interrogatories. These Interrogatories are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.     These Interrogatories are directed to you pursuant to the Rules of this Court. You are directed to answer them separately under oath and to serve a notarized copy of your Response on the undersigned counsel.

B.     These Interrogatories are continuing in character and require you to promptly file supplemental answers if you obtain further or different information within the scope of this request before trial or hearing of this matter.

C.     Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances alleged in the pleadings.


EXHIBIT
A

D.      Where knowledge or information in possession of a party is requested, the request includes knowledge of the party's employees, partners, agents, representatives, and unless privileged, knowledge or information in the possession of the party's attorneys.

E.      Where the name or identity of a natural person is requested, state the person's full name, home address and telephone number, and business address and telephone number.

## Definitions

A.      The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiff Weiss and the persons mentioned in Instruction D above.

B.      The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.      The term "DOCUMENT" means the original and any copy (whether or not different from the original because of notes made on or attached to such copy) of all letters, records, lists, memoranda, reports, and all other documentary material (including microfilm, tapes and data processing records) of any nature whatsoever, whether or not in your possession, custody or control.

D.      The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

E.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

F.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.     A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.     The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.     The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.    The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    State your full name, including any alias or nickname ever used, residential address and phone number for the past ten years, date of birth, social security number, height, weight, shoe size, occupation and work address and telephone number for the past ten years, name of your work supervisor for the past ten years, formal education including the institutions attended and the last level of schooling completed, your marital status; and identify all persons who furnished information or participated in any way in preparing your responses to these Interrogatories.

**INTERROGATORY NO. 2:**    Identify all persons and/or eyewitnesses, (providing an address at which each may be served with a deposition or trial subpoena and a telephone number), having personal knowledge of any facts alleged in your Complaint and/or likely to have discoverable information, and describe the subjects of the information and/or knowledge you believe each possesses.

**INTERROGATORY NO. 3:**    Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf.

**INTERROGATORY NO. 4:**    For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within

the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 5:**  Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

**INTERROGATORY NO. 6:**  If you contend that defendant Nike and/or defendant Eastbay, Inc. ("Eastbay") has ever made any acknowledgment, admission of liability, or declaration against interest, state the content of each such acknowledgment, admission, or declaration you contend was made, identify the person making the acknowledgment, admission, or declaration and any witness(es) thereto, and the date, time and location of each such acknowledgment, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 7:**  State whether or not you gave any statement, written or recorded or oral, to anyone other than your attorney concerning any of the events set forth in the allegations of your Complaint.  If you have made any such statement(s), specify the date of the statement(s), to whom given, identify the person or individual or firm or corporation currently in possession of the statement(s) and attach a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 8:** State whether you claim any loss of income or earnings as a result of the incident and/or any allegations made in your Complaint, and if so, state the dates and time lost on each date, the total time claimed to have been lost from gainful employment, the monetary amount of loss of wages, income or earnings claimed, and the manner or method used to determine same. Attach all documents that support your answer.

**INTERROGATORY NO. 9:** State the nature, extent, symptoms and complaints of personal injuries and all other injuries and/or damages claimed by you to have been suffered as a result of the incident. Attach all documents supporting your answer.

**INTERROGATORY NO. 10:** State the names and addresses of all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers, who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of any injuries incurred or allegedly sustained as a result of the incident in question. Include the dates of such consultations, examinations or treatments and the itemized charges for such services, or attach copies of any and all statements/bills for services rendered and all records and reports from such providers.

**INTERROGATORY NO. 11:** Identify of all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers (hereinafter "Providers"), who rendered services for examination and/or diagnosis and/or evaluation and/or analysis

and/or treatment or who rendered any services to you for any medical or mental condition, in the past ten years.

**INTERROGATORY NO. 12:** If you claim that any of your injuries and/or damages are permanent, set forth in detail the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has be determined), and identify the Providers making such prognosis including the Provider's specialty.

**INTERROGATORY NO. 13:** Set forth a detailed itemization and computation of all categories of your claimed damages. Attach copies of all bills, receipts and documentation, not privileged, supporting or upon which your computation is based.

**INTERROGATORY NO. 14:** State whether you have ever been injured, treated or hospitalized as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident; and if so, as to each such occurrence, state the date and place, a description of the event, a description of all injuries sustained, identify all persons involved in the event causing such injuries, and identify Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of such injuries.

**INTERROGATORY NO. 15:** If all or part of your claim is that a pre-existing injury, illness, disease or condition has been aggravated, accelerated or exacerbated as a result of the incident, describe the pre-existing injury or condition and the nature and the extent to which it has been aggravated, accelerated or exacerbated; identify all Providers who have rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment for such pre-existing injury or condition; state the date of onset

of such pre-existing injury or condition; and state the original cause of such pre-existing injury or condition.

**INTERROGATORY NO. 16:** State whether you have ever made a claim and/or have any claims pending against anyone for damages or personal injury or property damage or workers' compensation; and if so, provide the names and addresses of the parties against whom such claim is or has been asserted, the date such claim arose and description of and location of the occurrence giving rise to such claim; and if any such claims resulted in litigation, identify the court or administrative forum or other forum where such actions were brought including the style of the case and the file/case number.

**INTERROGATORY NO. 17:** State your physical condition and general health prior to the incident, including any impairments, illnesses, diseases, defects or disabilities, whether organic, congenital or traumatic origin; and whether you were, at the time of the incident, under the regular care of any Provider; and if so, identify such Providers and state whether you were taking any medication at the time of the incident.

**INTERROGATORY NO. 18:** Identify any and all learned treatise(s), including but not limited to medical, physiological, or bio-mechanical treatises, that you and/or your expert witnesses consider to be authoritative concerning the allegations and/or damages and/or injuries claimed in your Complaint, including the name of the treatise(s), the author(s), and the relevant page numbers of each such treatise.

**INTERROGATORY NO. 19:** State all facts supporting your allegations in your Complaint concerning Count I – Strict Liability (Nike, Inc.) including but not limited to your allegations that the product and/or the subject product was defective, unsafe or dangerous.

**INTERROGATORY NO. 20:** State all facts supporting your allegations in your Complaint concerning Count II – Products Liability – Design Defect (Nike, Inc.) and Count III – Products Liability – Defect in Manufacture (Nike, Inc.) and Count IV – Products Liability – Failure to Warn (Nike, Inc.), including but not limited to your allegations that the product and/or subject product had a design defect and/or a malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning.

**INTERROGATORY NO. 21:** State all facts supporting your allegations in your Complaint concerning Count V – Negligence – Design or Manufacture of Product (Nike, Inc.) and Count VI – Negligent Failure to Provide Accurate Instructions for Use of Product (Nike,Inc.) and Count VII – Negligence (Nike, Inc.), including but not limited to your allegations that Nike breached any duty or was negligent in the design or manufacture of the product and/or subject product, and/or that Nike breached any duty or was negligent in any way, and/or that Nike breached any duty or was negligent in providing instructions, and/or breached any duty or was negligent in any of its acts or omissions. Include in your answer a complete description of all representations made by any Defendant.

**INTERROGATORY NO. 22:** State all facts supporting your allegations in your Complaint concerning Count VIII – Breach of Express Warranty (Nike, Inc.) and Count IX – Breach of Implied Warranty (Nike, Inc.) and Count X – Breach of Implied Warranty of Fitness (Nike, Inc.), including but not limited to your allegations that Nike made an express warranty and that such warranty was breached, and/or that Nike made an implied warranty and that such warranty was breached, and/or that Nike made a warranty that the

product and/or subject product was fit for a particular purpose and that such warranty was breached. Include in your answer a complete description of all representations made by any Defendant.

**INTERROGATORY NO. 23:** State all facts supporting your allegations in your Complaint concerning Count XI – Violation of District of Columbia's Consumer Protection Procedures Act (Nike, Inc.), including but not limited to your allegations that Nike violated or breached any duty or requirement or provision imposed by such Act. Include in your answer a complete description of all representations made by any Defendant.

**INTERROGATORY NO. 24:** State all facts supporting your allegations in your Complaint concerning Count XII – Loss of Consortium and Solatium (Nike, Inc.), including but not limited to your allegations that Nike's acts or omissions were wrongful, reckless or negligent and explain/describe what activities you allegedly could not do.

NIKE, INC.

By:    ____/s/ David D. Hudgins_____
                Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of March 2008, a true copy of the foregoing was sent via e-mail and first class mail, postage prepaid to:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

_____/s/ David D. Hudgins_____
Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al. )
                )
    Plaintiffs, )
                )
    v. )      **Case No. 1:07-cv-1019**
                )
NIKE, INC., a/k/a NIKE USA, INC., et al., )
                )
    Defendants. )

### DEFENDANT EASTBAY, INC.'S INTERROGATORIES TO PLAINTIFF WEISS

Defendant Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 33 and the Local Rules of this Court, propounds the following Interrogatories upon plaintiff Arnold B. Weiss ("Weiss" or "Plaintiff Weiss"). Plaintiff Weiss shall serve a written response within thirty (30) days from the date of service of these Interrogatories. These Interrogatories are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.    These Interrogatories are directed to you pursuant to the Rules of this Court. You are directed to answer them separately under oath and to serve a notarized copy of your Response on the undersigned counsel.

B.    These Interrogatories are continuing in character and require you to promptly file supplemental answers if you obtain further or different information within the scope of this request before trial or hearing of this matter.

C.    Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances alleged in the pleadings.



EXHIBIT
B

D.        Where knowledge or information in possession of a party is requested, the request includes knowledge of the party's employees, partners, agents, representatives, and unless privileged, knowledge or information in the possession of the party's attorneys.

E.        Where the name or identity of a natural person is requested, state the person's full name, home address and telephone number, and business address and telephone number.

### Definitions

A.        The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiff Weiss and the persons mentioned in Instruction D above.

B.        The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.        The term "DOCUMENT" means the original and any copy (whether or not different from the original because of notes made on or attached to such copy) of all letters, records, lists, memoranda, reports, and all other documentary material (including microfilm, tapes and data processing records) of any nature whatsoever, whether or not in your possession, custody or control.

D.        The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

2

E.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

F.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.    A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.    The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.    The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.    The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe all facts supporting your allegation that you purchased and/or received and/or obtained a pair of Nike shoes, specifically the Nike Jordan Sport-Jumpman Trifecta shoes, and/or the subject product, in June 2004 online or via the internet or otherwise from defendant Eastbay, Inc., including but not limited to a description of the sales transaction, a description of and/or copy of all communications between you and defendant Eastbay (or its agents, employees, or representatives) concerning the product and/or the subject product, state whether there were any eyewitnesses to your purchase of the subject product and identify such witness(es), and whether you have any receipt of purchase.

**INTERROGATORY NO. 2:** Describe and/or provide a copy of any and all communications and/or writings and/or documents exchanged between you (or any of your agents or representatives) and any defendant (or any of their respective agents or representatives) concerning the product and/or the subject product, including but not limited to instructions, questions, descriptions, e-mails, labels, and/or receipts, including all communications before, during and after the alleged sale.

**INTERROGATORY NO. 3:** Describe your use of the subject product between the time of purchase until the alleged occurrence, and for your answer state all activities in which you were engaged while wearing the subject product, and the dates, times and places of your use of the subject product.

**INTERROGATORY NO. 4:**  State all facts supporting your allegations in your Complaint concerning Count XIII – Negligent Failure to Provide Accurate Instructions for Use of Product (Eastbay,Inc.), including but not limited to your allegations that Eastbay breached any duty or was negligent in any way, and/or that Eastbay breached any duty or was negligent in providing instructions, and/or breached any duty or was negligent in any of its acts or omissions.  Include in your answer a complete description of all representations made by any Defendant.

**INTERROGATORY NO. 5:**  State all facts supporting your allegations in your Complaint concerning Count XIV – Breach of Express Warranty (Eastbay, Inc.) and Count XV – Breach of Implied Warranty (Eastbay, Inc.) and Count XVI – Breach of Implied Warranty of Fitness (Eastbay, Inc.), including but not limited to your allegations that Eastbay made an express warranty and that such warranty was breached, and/or that Eastbay made an implied warranty and that such warranty was breached, and/or that Eastbay made a warranty that the product and/or subject product was fit for a particular purpose and that such warranty was breached.  Include in your answer a complete description of all representations made by any Defendant.

**INTERROGATORY NO. 6:**  State all facts supporting your allegations in your Complaint concerning Count XVII – Violation of District of Columbia's Consumer Protection Procedures Act (Eastbay, Inc.), including but not limited to your allegations that Eastbay violated or breached any duty or requirement or provision imposed by such Act.  Include in your answer a complete description of all representations made by any Defendant.

**INTERROGATORY NO. 7:** State all facts supporting your allegations in your Complaint concerning Count XVIII – Loss of Consortium and Solatium (Eastbay, Inc.), including but not limited to your allegations that Eastbay's acts or omissions were wrongful, reckless or negligent and explain/describe what activities you allegedly could not do.

**INTERROGATORY NO. 8:** Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf

**INTERROGATORY NO. 9:** For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 10:** Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

**INTERROGATORY NO. 11:** If you contend that defendant Nike, Inc. ("Nike") and/or defendant Eastbay, Inc. has ever made any acknowledgment, admission of liability, or declaration against interest, state the content of each such acknowledgment,

admission, or declaration you contend was made, identify the person making the acknowledgment, admission, or declaration and any witness(es) thereto, and the date, time and location of each such acknowledgment, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 12:** State why and how you selected the product and/or the subject product for you or for your purchase, and what use you intended for the product and/or the subject product.

**INTERROGATORY NO. 13:** Did anyone recommend the product and/or the subject product to you and/or Plaintiff Lattova, or did anyone tell you and/or Plaintiff Lattova to avoid, or suggest that you and/or Plaintiff Lattova avoid, the product and/or the subject product? If so, identify the person and describe the information/recommendation that they provided.

**INTERROGATORY NO. 14:** Prior to your purchase of the subject product, did you read or see any articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product? If so, identify such documents/photographs/videos and attach copies to your answer.

**INTERROGATORY NO. 15:** Describe and identify what substances (including but not limited to any legal or illegal or prescription or non-prescription drugs or medications or substances or alcohol or supplements) you consumed, took, used, injected, drank, smoked, inhaled, ingested or absorbed in any way, in the two weeks prior to the

incident. Include the name of the substance, the strength, the dosage and the frequency, and identify the prescribing Provider if any.

**INTERROGATORY NO. 16:** State whether you have ever been convicted of a felony or a crime involving moral turpitude. If so, please state the nature of said conviction and the date and place thereof.

**INTERROGATORY NO. 17:** State whether you or anyone on your behalf ever discussed the product and/or subject product and/or the incident with any defendant or representative of any defendant at any time prior to or after the incident; and if so, state when, where and the content of statements made by the defendant or any representative of the defendant. Include in your answer the identity the person(s) involved and all witnesses, and the date, time and location of each such discussion, and provide a copy of any such discussion if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 18:** State whether you have or anyone else has inspected, examined, tested, or photographed the subject product, or photographed plaintiff Weiss before, during or after the incident. If so, for each inspection, examination, test or photo, identify the person(s) making the inspection, examination, test or photograph and the date and time of such inspection, examination, test or photograph. Attach a copy of all reports, documents and photographs relating to such inspection, examination or test, and attach a copy of all such photographs.

**INTERROGATORY NO. 19:** Describe in detail your use of the subject product on your feet/body on the day of the incident, including but not limited to whether you were wearing socks, how long you were wearing/using the product prior to the incident,

whether you used any athletic tape on your body and where it was used, whether you were wearing or using any brace or supports on your body and where it/they were used, whether you laced the subject product/the shoes, whether you zipped the subject product/the shoes, whether you put anything or any substance on or around the subject product (whether it be tape on the subject product, or moisture or liquid or some substance on the soles), whether you added anything to the subject product, whether you modified the subject product and/or its parts/components in any way.

**INTERROGATORY NO. 20:**  Describe in detail the incident including a description of the events in the twenty-four hours prior to the incident, during the incident, and the twenty-four hours after the incident.  Your answer should include a chronological description of what you did, what you were wearing, whether you had an athletic trainer or coach advise you or provide any services and a description of such advice and/or services, when you put on or wore the subject product, when the incident happened, what you saw, where you were, where you were located in relation to other persons at the scene of the incident, who was present at the scene, the specific activity you were doing at the time of the incident (for example, running or jogging or jumping or sliding or dribbling or catching or passing or shooting or picking), the speed at which you were moving at the time of the incident, what if anything you heard just before and at the time of the incident, what you and other persons at the scene said at the time and right after the incident, whether emergency personnel were called to the scene, and what you ate, drank, and/or consumed in the twenty-four hours prior to the incident (including but not limited to any alcoholic beverages) and what you ate, drank, and/or consumed in the

twenty-four hours after the incident (including but not limited to any alcoholic beverages).

EASTBAY, INC.

By:     /s/ David D. Hudgins
        Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March 2008, a true copy of the foregoing was sent via e-mail and first class mail, postage prepaid to:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

        /s/ David D. Hudgins
        Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARNOLD B. WEISS, et al.**       ) | |
|                    ) | |
|      **Plaintiffs,**           ) | |
|                    ) | |
|      **v.**                 ) | **Case No. 1:07-cv-1019** |
|                    ) | |
| **NIKE, INC., a/k/a NIKE USA, INC., et al.,** ) | |
|                    ) | |
|      **Defendants.**         ) | |

### DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIFF LATTOVA

Defendant Nike, Inc. a/k/a Nike US, Inc. ("Nike"), by counsel and pursuant to Fed. R. Civ. P. 33 and the Local Rules of this Court, propounds the following Interrogatories upon plaintiff Silvia Lattova ("Lattova" or "Plaintiff Lattova"). Plaintiff Lattova shall serve a written response within thirty (30) days from the date of service of these Interrogatories. These Interrogatories are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.     These Interrogatories are directed to you pursuant to the Rules of this Court. You are directed to answer them separately under oath and to serve a notarized copy of your Response on the undersigned counsel.

B.     These Interrogatories are continuing in character and require you to promptly file supplemental answers if you obtain further or different information within the scope of this request before trial or hearing of this matter.

C.     Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances alleged in the pleadings.



D.       Where knowledge or information in possession of a party is requested, the request includes knowledge of the party's employees, partners, agents, representatives, and unless privileged, knowledge or information in the possession of the party's attorneys.

E.       Where the name or identity of a natural person is requested, state the person's full name, home address and telephone number, and business address and telephone number.

### Definitions

A.       The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiff Lattova and the persons mentioned in Instruction D above.

B.       The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.       The term "DOCUMENT" means the original and any copy (whether or not different from the original because of notes made on or attached to such copy) of all letters, records, lists, memoranda, reports, and all other documentary material (including microfilm, tapes and data processing records) of any nature whatsoever, whether or not in your possession, custody or control.

D.       The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

E.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

F.     The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.     A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.     The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.     The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.    The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by plaintiff Arnold B. Weiss ("Weiss" or "Plaintiff Weiss") when the incident occurred.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    State your full name, including any alias or nickname ever used, residential address and phone number for the past ten years, date of birth, social security number, occupation and work address and telephone number for the past ten years, name of your work supervisor for the past ten years, formal education including the institutions attended and the last level of schooling completed, your marital status; and identify all persons who furnished information or participated in any way in preparing your responses to these Interrogatories.

**INTERROGATORY NO. 2:**    Identify all persons and/or eyewitnesses, (providing an address at which each may be served with a deposition or trial subpoena and a telephone number), having personal knowledge of any facts alleged in your Complaint and/or likely to have discoverable information, and describe the subjects of the information and/or knowledge you believe each possesses.

**INTERROGATORY NO. 3:**    Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf.

**INTERROGATORY NO. 4:**    For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the

qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 5:** Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

**INTERROGATORY NO. 6:** If you contend that defendant Nike and/or defendant Eastbay, Inc. ("Eastbay") has ever made any acknowledgment, admission of liability, or declaration against interest, state the content of each such acknowledgment, admission, or declaration you contend was made, identify the person making the acknowledgment, admission, or declaration and any witness(es) thereto, and the date, time and location of each such acknowledgment, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 7:** State whether or not you gave any statement, written or recorded or oral, to anyone other than your attorney concerning any of the events set forth in the allegations of your Complaint. If you have made any such statement(s), specify the date of the statement(s), to whom given, identify the person or individual or firm or corporation currently in possession of the statement(s) and attach a

copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 8:**  State whether you claim any loss of income or earnings as a result of the incident and/or any allegations made in your Complaint, and if so, state the dates and time lost on each date, the total time claimed to have been lost from gainful employment, the monetary amount of loss of wages, income or earnings claimed, and the manner or method used to determine same.  Attach all documents that support your answer.

**INTERROGATORY NO. 9:**  State the nature, extent, symptoms and complaints of personal injuries and all other injuries and/or damages claimed by you to have been suffered as a result of the incident.  Attach all documents supporting your answer.

**INTERROGATORY NO. 10:**  State the names and addresses of all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers, who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of any injuries incurred or allegedly sustained as a result of the incident in question.  Include the dates of such consultations, examinations or treatments and the itemized charges for such services, or attach copies of any and all statements/bills for services rendered and all records and reports from such providers.

**INTERROGATORY NO. 11:**  Identify of all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not

limited to natural or alternative or holistic care providers (hereinafter "Providers"), who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to you for any medical or mental condition, in the past ten years.

**INTERROGATORY NO. 12:** If you claim that any of your injuries and/or damages are permanent, set forth in detail the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has be determined), and identify the Providers making such prognosis including the Provider's specialty.

**INTERROGATORY NO. 13:** Set forth a detailed itemization and computation of all categories of your claimed damages. Attach copies of all bills, receipts and documentation, not privileged, supporting or upon which your computation is based.

**INTERROGATORY NO. 14:** State whether you have ever been injured, treated or hospitalized as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident; and if so, as to each such occurrence, state the date and place, a description of the event, a description of all injuries sustained, identify all persons involved in the event causing such injuries, and identify Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of such injuries.

**INTERROGATORY NO. 15:** If all or part of your claim is that a pre-existing injury, illness, disease or condition has been aggravated, accelerated or exacerbated as a result of the incident, describe the pre-existing injury or condition and the nature and the extent to which it has been aggravated, accelerated or exacerbated; identify all Providers who have rendered services for examination and/or diagnosis and/or evaluation and/or

analysis and/or treatment for such pre-existing injury or condition; state the date of onset of such pre-existing injury or condition; and state the original cause of such pre-existing injury or condition.

**INTERROGATORY NO. 16:**  State whether you have ever made a claim and/or have any claims pending against anyone for damages or personal injury or property damage or workers' compensation; and if so, provide the names and addresses of the parties against whom such claim is or has been asserted, the date such claim arose and description of and location of the occurrence giving rise to such claim; and if any such claims resulted in litigation, identify the court or administrative forum or other forum where such actions were brought including the style of the case and the file/case number.

**INTERROGATORY NO. 17:**  State your physical condition and general health prior to the incident, including any impairments, illnesses, diseases, defects or disabilities, whether organic, congenital or traumatic origin; and whether you were, at the time of the incident, under the regular care of any Provider; and if so, identify such Providers and state whether you were taking any medication at the time of the incident.

**INTERROGATORY NO. 18:**  Identify any and all learned treatise(s), including but not limited to medical, physiological, or bio-mechanical treatises, that you and/or your expert witnesses consider to be authoritative concerning the allegations and/or damages and/or injuries claimed in your Complaint, including the name of the treatise(s), the author(s), and the relevant page numbers of each such treatise.

**INTERROGATORY NO. 19:**  State all facts supporting your allegations in your Complaint concerning Count XII – Loss of Consortium and Solatium (Nike, Inc.),

including but not limited to your allegations that Nike's acts or omissions were wrongful, reckless or negligent and explain/describe what activities you allegedly could not do.

**INTERROGATORY NO. 20:**  Describe in detail the incident including a description of the events in the twenty-four hours prior to the incident, during the incident, and the twenty-four hours after the incident.

**INTERROGATORY NO. 21:**  Describe and identify what substances (including but not limited to any legal or illegal or prescription or non-prescription drugs or medications or substances or alcohol or supplements) you consumed, took, used, injected, drank, smoked, inhaled, ingested or absorbed in any way, in the two weeks prior to the incident.  Include the name of the substance, the strength, the dosage and the frequency, and identify the prescribing Provider if any.

**INTERROGATORY NO. 22:**  State whether you have ever been convicted of a felony or a crime involving moral turpitude.  If so, please state the nature of said conviction and the date and place thereof.

**INTERROGATORY NO. 23:**  State whether you or anyone on your behalf discussed the product and/or the subject product and/or the incident with any defendant or representative of any defendant at any time prior to or after the incident; and if so, state when, where and the content of statements made by the defendant or any representative of the defendant.  Include in your answer the identity the person(s) involved and all witnesses, and the date, time and location of each such discussion, and provide a copy of any such discussion if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 24:**   State whether you have or anyone else has inspected, examined, tested, or photographed the subject product, or photographed Plaintiff Weiss before, during or after the incident.   If so, for each inspection, examination, test or photo, identify the person(s) making the inspection, examination, test or photograph and the date and time of such inspection, examination, test or photograph. Attach a copy of all reports, documents and photographs relating to such inspection, examination or test, and attach a copy of all such photographs.

NIKE, INC.

By:      /s/ David D. Hudgins
         Counsel


David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile


<b>CERTIFICATE OF SERVICE</b>

I HEREBY CERTIFY that on the 4th day of March 2008, a true copy of the foregoing was sent via e-mail and first class mail, postage prepaid to:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

         /s/ David D. Hudgins
         Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNOLD B. WEISS, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-1019** |
| | ) | |
| **NIKE, INC., a/k/a NIKE USA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT EASTBAY, INC.'S INTERROGATORIES TO PLAINTIFF LATTOVA

Defendant Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 33 and the Local Rules of this Court, propounds the following Interrogatories upon plaintiff Silvia Lattova ("Lattova" or "Plaintiff Lattova"). Plaintiff Lattova shall serve a written response within thirty (30) days from the date of service of these Interrogatories. These Interrogatories are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.      These Interrogatories are directed to you pursuant to the Rules of this Court. You are directed to answer them separately under oath and to serve a notarized copy of your Response on the undersigned counsel.

B.      These Interrogatories are continuing in character and require you to promptly file supplemental answers if you obtain further or different information within the scope of this request before trial or hearing of this matter.

C.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances alleged in the pleadings.



D.      Where knowledge or information in possession of a party is requested, the request includes knowledge of the party's employees, partners, agents, representatives, and unless privileged, knowledge or information in the possession of the party's attorneys.

E.      Where the name or identity of a natural person is requested, state the person's full name, home address and telephone number, and business address and telephone number.

## Definitions

A.      The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiff Lattova and the persons mentioned in Instruction D above.

B.      The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.      The term "DOCUMENT" means the original and any copy (whether or not different from the original because of notes made on or attached to such copy) of all letters, records, lists, memoranda, reports, and all other documentary material (including microfilm, tapes and data processing records) of any nature whatsoever, whether or not in your possession, custody or control.

D.      The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

E.      The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

F.      The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.      A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.      The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.      The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.    The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by plaintiff Arnold B. Weiss ("Weiss" or "Plaintiff Weiss") when the incident occurred.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Describe all facts supporting your allegation that Plaintiff Weiss purchased and/or received and/or obtained a pair of Nike shoes, specifically the Nike Jordan Sport-Jumpman Trifecta shoes, and/or the subject product in June 2004 online or via the internet or otherwise from defendant Eastbay, Inc., including but not limited to a description of the sales transaction, a description of and/or copy of all communications between you and defendant Eastbay (or its agents, employees, or representatives) concerning the subject product, state whether there were any eyewitnesses to your purchase of the subject product and identify such witness(es), and whether you have any receipt of purchase.

**INTERROGATORY NO. 2:**  Describe and/or provide a copy of any and all communications and/or writings and/or documents exchanged between you (or any of your agents or representatives) and any defendant (or any of their respective agents or representatives) concerning the subject product, including but not limited to instructions, questions, descriptions, e-mails, labels, and/or receipts, including all communications before, during and after the alleged sale.

**INTERROGATORY NO. 3:**  Describe Plaintiff Arnold Weiss's use of the subject product between the time of purchase until the alleged occurrence, and for your answer state all activities in which he engaged while wearing the subject product, and the dates, times and places of his use of the subject product.

**INTERROGATORY NO. 4:** State the facts supporting your allegations in your Complaint concerning Count XVIII – Loss of Consortium and Solatium (Eastbay, Inc.), including but not limited to your allegations that Eastbay's acts or omissions were wrongful, reckless or negligent and explain/describe what activities you allegedly could not do.

**INTERROGATORY NO. 5:** Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf

**INTERROGATORY NO. 6:** For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 7:** Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

**INTERROGATORY NO. 8:** If you contend that defendant Nike, Inc. ("Nike") and/or defendant Eastbay, Inc. has ever made any acknowledgment, admission of liability, or declaration against interest, state the content of each such acknowledgment,

admission, or declaration you contend was made, identify the person making the acknowledgment, admission, or declaration and any witness(es) thereto, and the date, time and location of each such acknowledgment, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**INTERROGATORY NO. 9:** State why and how you selected or assisted in selecting the product and/or subject product for plaintiff Weiss, and what use you and/or plaintiff Weiss intended for the product and/or the subject product.

**INTERROGATORY NO. 10:** Did anyone recommend the product and/or the subject product to you and/or Plaintiff Weiss, or did anyone tell you and/or Plaintiff Weiss to avoid, or anyone suggest that you and/or Plaintiff Weiss avoid, the product and/or the subject product? If so, identify the person and describe the information/recommendation that they provided.

**INTERROGATORY NO. 11:** Prior to the purchase of the subject product, did you read or see any articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product? If so, identify such documents/photographs/videos and attach copies to your answer.

**INTERROGATORY NO. 12:** Prior to the purchase of the subject product, did you read or see any articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product? If so, identify such documents/photographs/videos and attach copies to your answer.

**INTERROGATORY NO. 13:**  Did anyone recommend the product and/or the subject product to you and/or Plaintiff Weiss, or did anyone tell you and/or Plaintiff Weiss to avoid, or anyone suggest that you and/or Plaintiff Weiss avoid, the product and/or the subject product?    If so, identify the person and describe the information/recommendation that they provided.

EASTBAY, INC.

By:    ___/s/ David D. Hudgins_____
          Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

<b>CERTIFICATE OF SERVICE</b>

I HEREBY CERTIFY that on this 4th day of March 2008, a true copy of the foregoing was sent via e-mail and first class mail, postage prepaid to:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

          ___/s/ David D. Hudgins_____
                    Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al.      )
                      )
    Plaintiffs,         )
                      )
    v.                  )     Case No. 1:07-cv-1019
                      )
NIKE, INC., a/k/a NIKE USA, INC., et al.,  )
                      )
    Defendants.      )

### DEFENDANTS NIKE, INC. AND EASTBAY, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS WEISS AND LATTOVA

Defendants Nike, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, propound the following Request for Production upon plaintiffs Arnold B. Weiss (individually "Weiss" or "Plaintiff Weiss") and Silvia Lattova (individually "Lattova" or "Plaintiff Lattova"). Plaintiff Weiss and Plaintiff Lattova (collectively "Plaintiffs") shall respond to the following Request within thirty (30) days after service hereof. These Requests are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.     In producing the documents/things described below, you are requested to furnish all documents in your possession, custody or control, or in the possession, custody or control of your employees, agents, officers or any other representative acting on your behalf, including, if not privileged, your attorneys.

B.     In producing the documents/things described below, you are requested to identify which documents are being produced in response to each request.

1


EXHIBIT
E

C.    If any document/thing requested has been lost, discarded or destroyed, the document should be identified as completely as possible, by stating the following information: the nature of the document, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

D.    For any document/thing in existence, but not physically in your possession or custody, or in the possession or custody of your attorneys, but which is in your control, you are requested to execute an authorization to allow to examination and copying of each such document.

E.    If you decline to produce any document/thing because of a claim of privilege, or any other reason, you are requested to provide the following information as to each document: the date, author and type of document, the name of the person for whom the document was prepared, a summary of the contents and a detailed description of the privilege or reason for non-production.

F.    This request is continuing and thereby requires further and supplemental production if you obtain additional documents/things falling within the scope of this request between the time of initial production and the time of hearing or trial.

### Definitions

A.    The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiffs, individually and jointly, and the persons mentioned in Instruction A above.

B.    The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.    The term "DOCUMENT" means the original and any copy (whether or

not different from the original because of notes made on or attached to such copy) of all letters, correspondence, records, lists, memoranda, reports, and all other documentary material (including without limitation microfilm, tapes, CD's, DVD's, MP3 files, PDF files, JPEG files, digitally recorded files/data, electronically recorded files/data, e-mail, and voicemail) of any nature whatsoever.

D.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

E.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

F.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules

of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.    A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.    The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.    The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.    The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

## REQUESTS

**REQUEST NO. 1:**    The subject product, particularly the pair of shoes that Plaintiff Weiss was wearing when the alleged incident occurred.

**REQUEST NO. 2:**    Any and all statements, whether written or recorded by any means, of any witnesses to the incident given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

**REQUEST NO. 3:**    For each and every expert you identify in response to Defendants' Interrogatories, provide each expert's most recent *curriculum vitae* including

a list of all publications authored within the preceding 10 years; documents concerning the compensation to be paid for the study and testimony; each expert's written report and all documents upon which they rely in formulating their opinions; and a list of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

**REQUEST NO. 4:**  Any and all exhibits used or to be used by each and every expert witness as a summary of or support for the expert's opinions.

**REQUEST NO. 5:**  Any and all documents identified, referenced or referred to in your Answers to Interrogatories or relied upon in preparing your responses.

**REQUEST NO. 6:**  Any and all correspondence, e-mail, documents, receipts, memoranda, recordings, writings, or documents of any kind between Plaintiff(s) (or your agents or representatives) and any defendant(s) (or their respective agents, representatives or employees).

**REQUEST NO. 7:**  Any and all statements, whether written or recorded by any means (whether physically or digitally or electronically), by any defendant including but not limited to any and all statements that you contend that constitute an acknowledgment, admission of liability, or declaration against interest by any defendant.

**REQUEST NO. 8:**  If you made any statement, written or recorded or oral, to anyone other than your attorney concerning any of the events set forth in the allegations of your Complaint, provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**REQUEST NO. 9:**  All documents relating to or supporting any claim for damages alleged in your Complaint, including without limitation any bills, receipts and

documentation, not privileged, supporting or upon which your computation is based, and documents on which you rely to compute or support any category of damages claimed (including but not limited to claims for physical injury, pain, mental distress, loss of companionship or solatium or consortium, loss of income or earnings).

**REQUEST NO. 10:**  All documents that you gave to or received from anyone who may testify on your behalf as an expert in this case.

**REQUEST NO. 11:**  Any and all documents, including but not limited to medical records, concerning the nature, extent, symptoms and complaints of personal injuries and all other injuries and/or damages claimed by you to have been suffered as a result of the incident.

**REQUEST NO. 12:**  All medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers (hereinafter "Providers") who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Weiss for any medical or mental condition, in the past ten years.

**REQUEST NO. 13:**  All medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis

and/or treatment or who rendered any services to Plaintiff Lattova for any medical or mental condition, in the past ten years.

**REQUEST NO. 14:** If Plaintiff Weiss claims that any of his injuries and/or damages are permanent, provide all documents describing or relating to the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has be determined).

**REQUEST NO. 15:** If Plaintiff Lattova claims that any of her injuries and/or damages are permanent, provide all documents describing or relating to the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has be determined).

**REQUEST NO. 16:** Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Weiss as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident.

**REQUEST NO. 17:** Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Lattova as a result of trauma,

accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident.

**REQUEST NO. 18:**  Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Weiss for any and all pre-existing injury(ies), illness(es), disease(es) or condition(s) that Plaintiff Weiss claims have been aggravated, accelerated or exacerbated as a result of the incident.

**REQUEST NO. 19:**  Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Lattova for any and all pre-existing injury(ies), illness(es), disease(es) or condition(s) that Plaintiff Lattova claims have been aggravated, accelerated or exacerbated as a result of the incident.

**REQUEST NO. 20:**  Any and all learned treatise(s), including but not limited to medical, physiological, or bio-mechanical treatises, that you and/or your expert witnesses consider to be authoritative concerning the allegations and/or damages and/or injuries claimed in your Complaint, or other authorities that you or your expert(s) contend establish or tend to prove the applicable duty or standard of care in this matter or any departure from such duty or standard of care.

**REQUEST NO. 21:**  The marriage certificate/license showing or reflecting the marital status of Plaintiff Weiss and Plaintiff Lattova and the date of such marriage.

**REQUEST NO. 22:**  Any and all documents or information obtained by any subpoena *duces tecum* you have issued or will issue in this case.

**REQUEST NO. 23:**  Any and all pictures, video recordings, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions of the incident involving Plaintiff Weiss and/or the injuries allegedly sustained by Plaintiff Weiss.

**REQUEST NO. 24:**  Any and all pictures, video recordings, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions of the injuries allegedly sustained by Plaintiff Lattova.

**REQUEST NO. 25:**  Any and all "day in the life" videos, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions created, taken or recorded at any time in the years since the incident depicting Plaintiff Weiss and/or Plaintiff Lattova and his/her alleged injuries and/or damages.

**REQUEST NO. 26:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count I – Strict Liability (Nike, Inc.).

**REQUEST NO. 27:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count II – Products Liability – Design Defect (Nike, Inc.).

**REQUEST NO. 28:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count III – Products Liability – Defect in Manufacture (Nike, Inc.).

**REQUEST NO. 29:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning and Count IV – Products Liability – Failure to Warn (Nike, Inc.).

**REQUEST NO. 30:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count V – Negligence – Design or Manufacture of Product (Nike, Inc.).

**REQUEST NO. 31:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count VI – Negligent Failure to Provide Accurate Instructions for Use of Product (Nike,Inc.).

**REQUEST NO. 32:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count VII – Negligence (Nike, Inc.

**REQUEST NO. 33:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count VIII – Breach of Express Warranty (Nike, Inc.),

**REQUEST NO. 34:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count IX – Breach of Implied Warranty (Nike, Inc.).

**REQUEST NO. 35:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count X – Breach of Implied Warranty of Fitness (Nike, Inc.).

**REQUEST NO. 36:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XI – Violation of

District of Columbia's Consumer Protection Procedures Act (Nike, Inc.).

**REQUEST NO. 37:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XII – Loss of Consortium and Solatium (Nike, Inc.).

**REQUEST NO. 38:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XIII – Negligent Failure to Provide Accurate Instructions for Use of Product (Eastbay,Inc.).

**REQUEST NO. 39:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XIV – Breach of Express Warranty (Eastbay, Inc.).

**REQUEST NO. 40:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XV – Breach of Implied Warranty (Eastbay, Inc.).

**REQUEST NO. 41:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XVI – Breach of Implied Warranty of Fitness (Eastbay, Inc.).

**REQUEST NO. 42:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XVII – Violation of District of Columbia's Consumer Protection Procedures Act (Eastbay, Inc.).

**REQUEST NO. 43:**    All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XVIII – Loss of Consortium and Solatium (Eastbay, Inc.).

**REQUEST NO. 44:**  Any and all documents concerning, relating to or explaining why and how you selected the product and/or the subject product for you or for your purchase.

**REQUEST NO. 45:**  Any and all documents concerning, relating to or explaining what use you intended for the product and/or the subject product.

**REQUEST NO. 46:**  Any and all documents concerning, relating to or describing any recommendation Plaintiff Weiss and/or Plaintiff Lattova received for the product and/or the subject product.

**REQUEST NO. 47:**  Any and all documents concerning, relating to or describing any information that Plaintiff Weiss and/or Plaintiff Lattova received recommending that Plaintiff Weiss and/or Plaintiff Lattova avoid, or suggesting that Plaintiff Weiss and/or Plaintiff Lattova avoid, the product and/or the subject product.

**REQUEST NO. 48:**  Any and all documents that Plaintiff Weiss and/or Plaintiff Lattova read or saw prior to the purchase of product and/or subject product, including without limitation articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product.

**REQUEST NO. 49:**  Any  and  all  documents  concerning  discussions, communications, or conversations Plaintiff Weiss and/or Plaintiff Lattova had with any defendant or representative of any defendant at any time prior to or after the incident concerning the product and/or subject product and/or the incident.

**REQUEST NO. 50:**  Any and all documents, including without limitations reports, records, photographs, or writings, by anyone who has inspected, examined, tested, or

photographed the subject product or any part of the subject product, or inspected, examined, tested, or photographed Plaintiff Weiss or any part of Plaintiff Weiss, before, during or after the incident.

**REQUEST NO. 51:**    Any and all equipment, including without limitation clothing, shoes, braces, medical equipments, physical assistance equipment, that Plaintiff Weiss used or wore when the incident occurred and/or after the incident occurred.

**REQUEST NO. 52:**    Any and all documents, reports, records, or recordings of private and/or public emergency medical services called to the aid of the Plaintiff Weiss after the incident.

**REQUEST NO. 53:**    All statements, whether written, oral, or recorded by any means, that any party has given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

**REQUEST NO. 54:**    Any and all physical evidence of the incident or events alleged in your Complaint and Amended Complaint.

**REQUEST NO. 55:**    All state and federal income tax forms filed by Plaintiff Weiss and/or Plaintiff Lattova, whether filed individually or jointly, for the tax years from 2001 to the present, including all W-2 forms, and all other forms, attachments and schedules.

**REQUEST NO. 56:**    Your trial exhibits and any visual or demonstrative aids to be used at the trial of this matter.

**REQUEST NO. 57:**  Access to the gym, basketball court, or other location where the incident occurred, for inspection, non-destructive testing, examination, activity and/or photographing by defendants and/or their representatives.

**REQUEST NO. 58:**  Any and all documents reflecting, relating to, concerning, or regarding Plaintiff Weiss and/or Plaintiff Lattova's purchase of the subject product.

**REQUEST NO. 59:**  Any and all documents and/or communications and/or writings exchanged between Plaintiff Weiss and/or Plaintiff Lattova (or any of your agents or representatives) and any defendant (or any of their respective agents or representatives) concerning the product and/or the subject product, including but not limited to instructions, questions, descriptions, e-mails, labels, and/or receipts, including all communications before, during and after the alleged sale.

**REQUEST NO. 60:**  Any and all documents relating to, reflecting, concerning or regarding your use of the subject product between the time of purchase until the alleged occurrence.

**REQUEST NO. 61:**  Any and all documents relating to, reflecting, concerning, or regarding any other claims and/or lawsuits against anyone for damages or personal injury or property damage or workers' compensation.


NIKE, INC. AND EASTBAY, INC.


By:      /s/ David D. Hudgins_____
Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of March 2008, a true copy of the foregoing was sent via e-mail and first class mail, postage prepaid to:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

                            ____/s/ David D. Hudgins_____
                                        Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al        *

        Plaintiffs        *

   v.                         *      Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al    *

        Defendants      *

    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## PLAINTIFF ARNOLD WEISS' ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT NIKE, INC.

Comes now the Plaintiff, Arnold B. Weiss, by and through his attorneys, Robert M. Schwartzman, Esquire, Prabir Chakrabarty, Esquire and Resnick & Schwartzman, L.L.C., and for Answers to Interrogatories propounded by the Defendant, Nike, Inc. a/k/a NIKE USA, INC., states as follows:

(A) The information supplied in these Answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

(B) The word usage and sentence structure is that of the attorneys, who, in fact, prepared these Answers and the language does not purport to be the exact language of the executing party.

(C) The Interrogatories have been interpreted and answered in accordance with the Maryland Rules of Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Interrogatories.

INTERROGATORY NO. 1: State your full name, including any alias or nickname ever used, residential address and phone number for the past ten years, date of birth, social security

1

EXHIBIT

F

number, height, weight, shoe size, occupation and work address and telephone number for the past ten years, name of your work supervisor for the past ten years, formal education including the institutions attended and the last level of schooling completed, your marital status; and identify all persons who furnished information or participated in any way in preparing your responses to these Interrogatories.

ANSWER TO INTERROGATORY NO. 1: Arnold Benjamin Weiss; "Arnie" 2712 Wisconsin Ave, NW, Apt 906, Washington, DC 20007; 5440 La Gorce Drive, Miami Beach, FL 33140. I am 5'7 and ½ " and currently weigh 178 pounds. My shoe size varies based upon the type and style of shoe but I have generally been known to wear between a 9 1/2 and 10 1/2 (larger in sneakers and other athletic shoes). I am currently self-employed by my company New Alliance Media Group (since June 2003), however, previous to that I worked for Atlantic Video (2/2001-6/2003) and before that I worked in a freelance capacity for ABC, Disney, CBS, ESPN and others dating back to 1984. I graduated from the S.I Newhouse School of Public Communications at Syracuse University in May of 1991 with a degree in Producing for Electronic Media. I am married with no children. My attorneys participated in responding to these Interrogatories.

INTERROGATORY NO. 2: Identify all persons and/or eyewitnesses, (providing an address at which each may be served with a deposition or trial subpoena and a telephone number), having personal knowledge of any facts alleged in your Complaint and/or likely to have discoverable information, and describe the subjects of the information and/or knowledge you believe each possesses.

ANSWER TO INTERROGATORY NO. 2: Mr. Weiss does not know anyone who was present at the time of the accident. However, discovery is ongoing and if such persons are identified, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 3: Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf.

ANSWER TO INTERROGATORY NO. 3: Mr. Weiss' Expert Designations will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designations for Plaintiff's complete response to this Interrogatory.

INTERROGATORY NO. 4: For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

ANSWER TO INTERROGATORY NO. 4: Mr. Weiss' Expert Designations will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designations for Plaintiff's complete response to this Interrogatory.

INTERROGATORY NO. 5: Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

ANSWER TO INTERROGATORY NO. 5: Mr. Weiss is unaware of any privileged documents. However, discovery is ongoing and if such documents are discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 6: If you contend that defendant Nike and/or defendant Eastbay, Inc. ("Eastbay") has ever made any acknowledgement, admission of liability, or declaration you contend was made, identify the person making the acknowledgement, admission, or declaration and any witness(es) thereto, and the date, time and location of each such acknowledgement, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 6: Mr. Weiss is unaware of any acknowledgement, admission of liability, or declaration against interest. However, discovery is ongoing and if such statements should be discovered, they will be produced.

INTERROGATORY NO. 7: State whether or not you gave any statement, written or recorded or oral, to anyone other than your attorney concerning any of the events set forth in the allegations of your Complaint. If you have made any such statement(s), specify the date of the statement(s), to whom given, identify the person or individual or firm or corporation currently in possession of the statement(s) and attach a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 7: Mr. Weiss does not recall making any statement, written or recorded or oral regarding the events set forth in his complaint other than the statements to security personnel at the Georgetown University Student Center, provided in Plaintiff's Response to Request for Production of Documents. However, discovery is ongoing and if such other statements should be discovered, they will be produced.

4

INTERROGATORY NO. 8: State whether you claim any loss of income or earnings as a result of the incident and/or any allegations made in your Complaint, and if so, state the dates and time lost on each date, the total time claimed to have been lost from gainful employment, the monetary amount of loss of wages, income or earnings claimed, and the manner or method used to determine same. Attach all documents that support your answer.

ANSWER TO INTERROGATORY NO. 8: From 2/2001-6/2003, Mr. Weiss earned a base salary of $70,000 per year plus a commission that was between 8-12 thousand dollars each year (based on sales) while employed at Atlantic Video. Upon leaving Atlantic Video he dedicated his time to building his own company, New Alliance Media Group, through which Mr. Weiss sold his time and expertise in the areas of traditional broadcast and internet based media production and distribution, from which he generated sales of $64,000 for 2003. Additionally, he traveled to China to sign an agreement granting him distribution rights for content produced in Sichuan Province. Mr. Weiss also worked to establish inroads in the political consulting community in hopes of capitalizing on the 2004 political season.

Over the first half of 2004, he continued to work on developing new business in the political arena, in addition to work for existing clients, Mr. Weiss started a new relationship with the World Bank that was to pay him $9,000/month for his services. At the time of the accident he had completed 2 months of the agreement and had just returned from working on the launch of a new internet venture that was slated to bring business in the second half of the year. Mr. Weiss had an outstanding business proposals with Booz Allen Hamilton (a pre-existing client) in addition to offers for work associated with the Democratic National Convention, scheduled for July of that year. As a result of the accident, he was forced to give up all the aforementioned work. When Mr. Weiss was finally able to perform some of his work in November of 2004, he

5

was awarded a contract to provide services at the Kerry Edwards HQ in Washington, DC. However, following the accident. Mr. Weiss was only able to generate $18,000 in business for the 13 month period from the time of the accident. Once he completed active therapy, Mr. Weiss was able to resume his business, resulting in his obtaining $25,000 in business for the remainder of 2005. In 2006, Mr. Weiss performed $ 123,000.00 in business followed by $156,000.00 in 2007.

INTERROGATORY NO. 9:   State the nature, extent, symptoms and complaints of personal injuries and all other injuries and/or damages claimed by you to have been suffered as a result of the incident. Attach all documents supporting your answer.

ANSWER TO INTERROGATORY NO. 9: Mr. Weiss' entire left foot and ankle area have been affected by the rupture of his Achilles tendon. As a result, Mr. Weiss also suffers from occasional tendinitis on the inner part of his ankle. He has daily pain that is best described as a dull to sharp poking in Mr. Weiss' heel. Daily he experiences discomfort while relaxing, which is helped only by Silvia rubbing his feet and elevating them for an extended period of time. He does not have equal endurance in both legs and often feels that his right is "holding him back" in his efforts to live a normal life. Mr. Weiss has trouble walking more than a couple of blocks without discomfort. Mr. Weiss is no longer able to actively participate in sports such as softball and basketball as he had done previously. Mr. Weiss is unable to walk a full 18 holes of golf comfortably.

Mr. Weiss had the opportunity to travel to Torino, Italy for the 2006 Winter Olympics, while there he had the rare opportunity to ski on an actual Olympic course, but did not feel physically able to ski the slopes. Had he not been injured, he certainly would have taken this once in a lifetime opportunity to ski an Olympic course.

6

With respect to the effect on Mr. Weiss' marital relations with Ms. Lattova, Mr. Weiss' injury and the resulting physical inactivity led to severe mood swings that put a great amount of stress on both he and Ms. Lattova, which was very difficult as Mr. Weiss was a very upbeat person prior to the injury. As a result, Ms. Lattova had to send Mr. Weiss to his relatives in Florida so he could pursue his therapy there.

Further, Mr. Weiss' injury still prevents Ms. Lattova and himself from spending time together and doing things that they enjoyed before the injury, such as walking, which is Ms. Lattova's favorite past time. As Mr. Weiss can't walk for more than a few blocks before experiencing considerable discomfort, he can no longer spend mornings together going for a cup of coffee or breakfast, which he and Ms. Lattova used to do regularly on weekends.

Mr. Weiss's injuries have made him very uncomfortable not only during the day, but also at night. Ms. Lattova has to massage his leg regularly before bed; Mr. Weiss is even now unable to find comfort at night, which leads to him tossing and turning and waking Ms. Lattova up at night. Mr. Weiss often has to sleep in the other room, as his constant discomfort leads to disturbing her nightly rest. This encroaches on any intimacy between Ms. Lattova and Mr. Weiss.

For an extended period of time, due to Mr. Weiss' severe pain, the injury prevented any relations of intimate nature, which put a further strain on the relationship and led to marital problems as a result of which they sought the services of a marriage therapist.

Mr. Weiss had to spend a lot of time in physical therapy, and Ms. Lattova had to part with him for months while he was in Florida finishing his physical therapy.

Please also refer to Ms. Lattova's Answers to Interrogatories to Eastbay and Nike.

INTERROGATORY NO. 10:  State the names and addresses of all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of any injuries incurred or allegedly sustained as a result of the incident in question.   Include the dates of such consultations, examinations or treatments and the itemized charges for such services, or attach copies of any and all statements/bills for services rendered and all records and reports from such providers.

ANSWER TO INTERROGATORY NO. 10:

Steven K. Neufeld, M.D.,
(Board Certified, Fellowship Trained Foot & Ankle Orthopaedic Surgeon)
    The Anderson Orthopaedic Clinic
    2445 Army Navy Drive
    Arlington, VA  22206

Copies of Dr. Neufeld's reports and a rating are attached hereto, along with a copy of his itemized bill for services.  $4,084.50

    Advanced Sportsmedicine & Wellness Institute
    710 W. 51st Street
    Miami Beach, FL  33140

Copies of Advanced Sportsmedicine & Wellness Institute's records are attached hereto. Information relative to their bill has been requested and this answer will be supplemented upon receipt of same.

    Physiotherapy Associates
    @ The Tenley Sport & Health Club
    4000 Wisconsin Avenue, NW
    Washington, DC  20016

Copies of Physiotherapy Associates' records are attached hereto, along with a copy of their bill for services.  $7,338.15.

Fairfax Surgical Center
10370 Main Street
Fairfax, VA 22030-3704

Medical records have been requested, and a copy of same is provided in Plaintiffs' Response to Request for Production of Documents. A copy of Fairfax Surgical Center's bill for services is attached. $6,152.00

Georgetown University Physicians
P.O. Box 631872
Baltimore, Maryland 21263-1872

Medical records have been requested, and a copy of same will be provided in a supplemental answer to this Interrogatory. A copy of Georgetown University Physicians' bill for services is attached. $108.00

Ambulatory Anesthesia Services, Inc.
P.O. Box 639
Laurel, MD 20725-0638

Medical records have been requested, and a copy of same will be provided in a supplemental answer to this Interrogatory. A copy of Ambulatory Anesthesia Services' bill for services is attached in the amount of $910.00.

Discovery is ongoing if additional providers or documents are discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 11: Identify all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers (hereinafter "Providers"), who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to you for any medical or mental condition, in the past ten years.

ANSWER TO INTERROGATORY NO. 11: Plaintiff objects to this Interrogatory based on relevance, scope and overbreadth. However, without waiving said objection Mr. Weiss did not have any medical or mental condition in the ten years prior to the subject incident.

9

INTERROGATORY NO. 12:  If you claim that any of your injuries and/or damages are permanent, set forth in detail the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has to be determined), and identify the Providers making such prognosis including the Provider's specialty.

ANSWER TO INTERROGATORY NO. 12:  Please refer to Dr. Neufeld's report and ratings as referenced in Answer No. 10, as well as Plaintiff's Expert Designations.  Please refer to Interrogatory No. 9.

INTERROGATORY NO. 13:  Set forth a detailed itemization and computation of all categories of your claimed damages.  Attach copies of all bills, receipts and documentation, not privileged, supporting or upon which your computation is based.

ANSWER TO INTERROGATORY NO. 13:  Please refer to costs and lost wage figures as set out in Answers No. 8 and 10, as well as the various medical records provided.

INTERROGATORY NO. 14:  State whether you have ever been injured, treated or hospitalized as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident; and if so, as to each such occurrence, state the date and place, a description of the evident, a description of all injuries sustained, identify all persons involved in the event causing such injuries, and identify Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of such injuries.

ANSWER TO INTERROGATORY NO. 14:  Plaintiff objects to this Interrogatory based on relevance, scope and overbreadth.  However, without waiving said objection all relevant medical records in Plaintiff's possession have been produced.  The only medical procedure Mr.

Weiss can recall in the ten years prior to the accident was having a mole removed from his back, but he is unsure of the medical provider.

INTERROGATORY NO. 15:  If all or part of your claim is that a pre-existing injury, illness, disease or condition has been aggravated, accelerated or exacerbated as a result of the incident, describe the pre-existing injury or condition and the nature and the extent to which it has been aggravated, accelerated or exacerbated; identify all Providers who have rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment for such pre-existing injury or condition; state the date of onset of such pre-existing injury or condition; and state the original cause of such pre-existing injury or condition.

ANSWER TO INTERROGATORY NO. 15:  No such claim is made.

INTERROGATORY NO. 16:  State whether you have ever made a claim and/or have any claims pending against anyone for damages or personal injury or property damage or workers' compensation; and if so, provide the names and addresses of the parties against whom such claim is or has been asserted, the date such claim arose and description of and location of the occurrence giving rise to such claim; and if any such claims resulted in litigation, identify the court or administrative forum or other forum where such actions were brought including the style of the case and the file/case number.

ANSWER TO INTERROGATORY NO. 16:  Plaintiff objects to this Interrogatory based on relevance, scope and overbreadth.  However, without waiving said objection, no other claims have been made.

INTERROGATORY NO. 17:  State your physical condition and general health prior to the incident, including any impairments, illnesses, diseases, defects or disabilities, whether organic, congenital or traumatic origin; and whether you were, at the time of the incident, under

the regular care of any Provider; and if so, identify such Providers and state whether you were taking any medication at the time of the incident.

ANSWER TO INTERROGATORY NO. 17: Mr. Weiss was in good health at the time of the subject incident (160 pounds) with no limitation on his ability to participate in any activities.

INTERROGATORY NO. 18: Identify any and all learned treatise(s), including but not limited to medical, physiological, or bio-mechanical treatises, that you and/or your expert witnesses consider to be authoritative concerning the allegations and/or damages and/or injuries claim in your Complaint, including the name of the treatise(s), the author(s), and the relevant page numbers of each such treatise.

ANSWER TO INTERROGATORY NO. 18: Plaintiff will supply this information in accordance with the Court's Scheduling Order for Expert Designations.

INTERROGATORY NO. 19: State all facts supporting your allegations in your Complaint concerning Count I – Strict Liability (Nike, Inc.) including but not limited to your allegations that the product and/or the subject product was defective, unsafe or dangerous.

ANSWER TO INTERROGATORY NO. 19: Plaintiff objects to Interrogatory No. 19 in that it calls for a legal conclusion. However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous. The subject Nike Jordan Sport-Jumpman Trifecta right shoes' zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break. As a result, Mr. Weiss was severely injured.

INTERROGATORY NO. 20:    State all facts supporting you allegations in your Complaint concerning Count II – Products Liability – Design Defect (Nike, Inc.) and Count III – Products Liability – Defect in Manufacture (Nike, Inc.) and Count IV – Products Liability – Failure to Warn (Nike, Inc.), including but not limited to your allegations that the product and/or subject product had a design defect and/or a malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning.

ANSWER TO INTERROGATORY NO. 20: Plaintiff objects to Interrogatory No. 20 in that it calls for a legal conclusion. However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous. The subject Nike Jordan Sport-Jumpman Trifecta right shoes' zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break. As a result, Mr. Weiss was severely injured.

INTERROGATORY NO. 21:    State all facts supporting your allegations in your Complaint concerning Count V – Negligence – Design or Manufacture of Product (Nike, Inc.) and Count VI – Negligent Failure to Provide Accurate Instructions for Use of Product (Nike, Inc.) and Count VII – Negligence (Nike, Inc.), including but not limited to your allegations that Nike breached any duty or was negligent in the design or manufacture of the product and/or subject product, and/or that Nike breached any duty or was negligent in any way, and/or that Nike breached any duty or was negligent in providing instructions, and/or breached any duty or was negligent in any of its acts or omissions. Include in your answer a complete description of all representations made by any Defendant.

ANSWER TO INTERROGATORY NO. 21: Plaintiff objects to Interrogatory No. 21 in that it calls for a legal conclusion. However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous. The subject Nike Jordan Sport-Jumpman Trifecta right shoes' zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break. As a result, Mr. Weiss was severely injured.

INTERROGATORY NO. 22: State all facts supporting your allegations in your Complaint concerning Count VIII – Breach of Express Warranty (Nike, Inc.) and Count IX – Breach of Implied Warranty (Nike, Inc.) and Count X – Breach of Implied Warranty of Fitness (Nike, Inc.), including but not limited to your allegations that Nike made an express warranty and that such warranty was breached, and/or that Nike made an implied warranty and that such warranty was breached, and/or that Nike made a warranty that the product and/;or subject product was first for a particular purpose and that such warranty was breached. Include in your answer a complete description of all representations made by any Defendant.

ANSWER TO INTERROGATORY NO. 22: Plaintiff objects to Interrogatory No. 22 in that it calls for a legal conclusion. However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous. The subject Nike Jordan Sport-Jumpman Trifecta right shoes' zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break. As a result, Mr. Weiss was severely injured.

14

INTERROGATORY NO. 23:    State all facts supporting your allegations in your Complaint concerning Count XI – Violation of District of Columbia's Consumer Protection Procedures Act (Nike, Inc.), including but not limited to your allegations that Nike violated or breached any duty or requirement or provision imposed by such Act.  Include in your answer a complete description of all representations made by any Defendant.

ANSWER TO INTERROGATORY NO. 23:  Plaintiff objects to Interrogatory No. 23 in that it calls for a legal conclusion.  However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous.  The subject Nike Jordan Sport-Jumpman Trifecta right shoes' zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break.  As a result, Mr. Weiss was severely injured.   The defects in this product and the failure to provide warnings thereof would constitute a violation of District of Columbia's Consumer Protection Procedures Act.

INTERROGATORY NO. 24:    State all facts supporting your allegations in your Complaint concerning Count XII – Loss of Consortium and Solatium (Nike, Inc.), including but not limited to your allegations that Nike's acts or omissions were wrongful, reckless or negligent and explain/describe what activities you allegedly could not do.

ANSWER TO INTERROGATORY NO. 24:  Mr. Weiss' injury had an extremely negative impact on his relationship with his wife, Sylvia Lattova.  Mr. Weiss' injury and the resulting physical inactivity led to severe mood swings that put a great amount of stress on both he and Ms. Lattova, which was very difficult as Mr. Weiss was a very upbeat person prior to the injury.  As a result, Ms. Lattova had to send Mr. Weiss to his relatives in Florida so he could pursue his therapy there.

Further, Mr. Weiss' injury still prevents them from spending time together and doing things that they enjoyed before the injury, such as walking, which is Ms. Lattova's favorite past time. As Mr. Weiss can't walk for more than a few blocks before experiencing considerable discomfort, he can no longer spend mornings together going for a cup of coffee or breakfast, which he and Ms. Lattova used to do regularly on weekends.

Mr. Weiss's injuries have made him very uncomfortable not only during the day, but also at night. Ms. Lattova has to massage his leg regularly before bed; Mr. Weiss is even now unable to find comfort at night, which leads to him tossing and turning and waking Ms. Lattova up at night. Mr. Weiss often has to sleep in the other room, as his constant discomfort leads to disturbing her nightly rest. This encroaches on any intimacy between Ms. Lattova and Mr. Weiss.

For an extended period of time, due to Mr. Weiss' severe pain, the injury prevented any relations of intimate nature, which put a further strain on the relationship and led to marital problems as a result of which they sought the services of a marriage therapist.

Mr. Weiss had to spend a lot of time in physical therapy, and Ms. Lattova had to part with him for months while he was in Florida finishing his physical therapy.

Please also refer to Ms. Lattova's Answers to Interrogatories to Eastbay and Nike.

I do solemnly swear, under the penalties of perjury, that the foregoing Answers to Interrogatories are true and correct, to the best of my information, knowledge and belief.

ARNOLD B. WEISS

Respectfully submitted,

RESNICK & SCHWARTZMAN, L.L.C.

By: /s/ Prabir Chakrabarty
Prabir Chakrabarty (D.C. Bar No. 478022,
Federal Bar No. 25524)
Robert M. Schwartzman
One East Franklin Street
Baltimore, Maryland 21202
(410) 539-6087
(410) 576-0818 (fax)

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARNOLD B. WEISS, et al | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:07-cv-1019 |
| NIKE, INC., a/k/a NIKE USA, INC., et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFF ARNOLD WEISS' ANSWERS TO
DEFENDANT EASTBAY, INC.'S INTERROGATORIES

Comes now the Plaintiff, Arnold B. Weiss, by and through his attorneys, Robert M.

Schwartzman, Esquire, Prabir Chakrabarty, Esquire and Resnick & Schwartzman, L.L.C., and

for Answers to Interrogatories propounded by the Defendant, Nike, Inc. a/k/a NIKE USA, INC.,

states as follows:

(A)  The information supplied in these Answers is not based solely upon the knowledge

of the executing party, but includes the knowledge of the party's agents, representatives, and

attorneys, unless privileged.

(B)  The word usage and sentence structure is that of the attorneys, who, in fact, prepared

these Answers and the language does not purport to be the exact language of the executing party.

(C)  The Interrogatories have been interpreted and answered in accordance with the

Maryland Rules of Procedure, plain English usage, and to the extent not specifically challenged

by objection, the definitions and instructions included with the Interrogatories.

1


EXHIBIT
G

INTERROGATORY NO. 1:  Describe all facts supporting your allegation that you purchased and/or received and/or obtained a pair of Nike shoes, specifically the Nike Jordan Sport-Jumpman Trifecta shoes, and/or the subject product, in June 2004 online or via the internet or otherwise from defendant Eastbay, Inc., including but not limited to a description of the sales transaction, a description of and/or copy of all communications between you and defendant Eastbay (or its agents, employees or representatives) concerning the product and/or the subject product, state whether there were any eyewitnesses to your purchase of the subject product and identify such witness(es), and whether you have any receipt of purchase.

ANSWER TO INTERROGATORY NO. 1.  As per the provided receipt, Mr. Weiss used the Eastbay website and purchased both pairs of shoes by reviewing what was available.  He had purchased shoes from Eastbay in the past and had been familiar with its reputation of supplying schools and athletic teams.  Having recognized the obvious reputation of Nike and its Jordan brand, Mr. Weiss believed himself to be buying a superior product designed for playing indoor basketball, as was his desired purpose.  Mr. Weiss liked the product descriptions of both shoes; in particular the description of the use of memory foam in the design of the Nike Jordan Sport-Jumpman Trifecta 's ankle support system.  Having worked with athletic injuries as his high school's trainer (as well as the Asst. Varsity Basketball Coach), in addition to Mr. Weiss' experience working as a manager with the Syracuse University Basketball team in college, he put a premium on getting as much and as advanced a support system as possible.

INTERROGATORY NO. 2:  Describe and/or provide a copy of any and all communications and/or writings and/or documents exchanged between you (or any of your agents or representatives) and any defendant (or any of their respective agents or representatives)

2

concerning the product and/or the subject product, including but not limited to instructions, questions, descriptions, e-mails, labels, and/or receipts, including all communications before, during and after the alleged sale.

ANSWER TO INTERROGATORY NO. 2:   Mr. Weiss is unaware of the names or addresses of any of the Defendant's representaives with whom he dealt.  However, discovery is ongoing and if he becomes aware of such information, he will supplement his discovery responses.

INTERROGATORY NO. 3:  Describe your use of the subject product between the time of purchase until the alleged occurrence, and for your answer state all activities in which you were engaged while wearing the subject product, and the dates, times and places of your use of the subject product.

ANSWER TO INTERROGATORY NO. 3:  Mr. Weiss returned from Chicago late in the evening (around midnight) of June 24, 2002 and found that the subject Nike Jordan Sport-Jumpman Trifecta shoes had been delivered while he was out of town.  Mr. Weiss was unable to unpack since his luggage had been lost and so Mr. Weiss decided to try these new shoes on.  Mr. Weiss got a second pair of socks from the bedroom (he used to wear two pairs when he played basketball), sat on his couch and tried on the shoes to ensure that they fit.  Mr. Weiss tied the laces and closed the zipper before standing up and walking around his apartment.  He determined they were a good fit and so Mr. Weiss sat back down and unzipped the shoe to remove them, at which point it became very obvious that they were much looser around the ankle when unzipped than when the zipper was closed.  He then untied and removed the shoes and put them in his bag for when he would go to the gym to play three days later.

3

Mr. Weiss awoke on Sunday and did some basic stretching at home (including using a yoga ball). His wife dropped him off by the Georgetown University student center around 10:30A.M. Mr. Weiss was wearing a different pair of shoes at the time, with the Nike Jordan Sport-Jumpman Trifecta's being in his gym bag. Mr. Weiss grabbed a bagel to eat while he walked to the gym, put on a second pair of socks, changed his shoes and shirt in the locker room and went out to the gym floor.

Mr. Weiss was shooting around on his own, and just taking it easy on a Sunday morning. After about 15 or 20 minutes, he was asked if he wanted to play some pick-up basketball, half court. Mr. Weiss did not know any of the other gentlemen but everyone was interested in a mild, friendly game. After playing for a brief period, there was a shot from approximately 17 feet out from just outside the left elbow of the lane (where the left corner of the free throw line is if you are facing the basket). Mr. Weiss was near the baseline facing the basket and saw the shot coming off long back towards from where it had come. He turned and planted his right foot somewhere near parallel to the baseline (no longer facing the basket) so he could pivot out towards the point to which the rebound was heading. As Mr. Weiss was pushing off, he felt his heel suddenly slide up in the shoe as if he was "getting a flat tire" from someone who had come up behind him (only there was no one there). As a result, Mr. Weiss slipped towards the floor as he felt and heard a terrible sound that he recognized almost immediately as an Achilles tendon issue because of his background as a trainer and manager in college. He remained on the floor until the medics arrived and removed the shoe. As they were gathering his possessions someone wanted to hand Mr. Weiss the broken zipper enclosure that they had found. He asked them to put it in the shoe, which along with the left shoe, was put in the bag by someone at the gym as

4

Mr. Weiss was being loaded on a stretcher.

INTERROGATORY NO. 4: State all facts supporting your allegations in your
Complaint concerning Count XIII – Negligent Failure to Provide Accurate Instructions for Use
of Product (Eastbay, Inc.), including but not limited to your allegations that Eastbay breached
any duty or was negligent in providing instructions, and/or breached any duty or was negligent in
any of its acts or omissions. Include in your answer a complete description of all representations
made by any Defendant.

ANSWER TO INTERROGATORY NO. 4: Mr. Weiss objects to Interrogatory No. 4 in
that it calls for a legal conclusion. However, without waiving said objection, the subject Nike
Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous. The subject Nike
Jordan Sport-Jumpman Trifecta right shoe's zipper broke due to the fact that the product had a
design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or
failed to include a warning that the subject zipper would break. As a result, Mr. Weiss was
severely injured.

INTERROGATORY NO. 5: State all facts supporting your allegations in your
Complaint concerning Count XIV – Breach of Express Warranty (Eastbay, Inc.) and Count XV –
Brach of Implied Warranty (Eastbay, Inc.) and Count XVI – Breach of Implied Warranty of
Fitness (Eastbay, Inc.), including but not limited to your allegations that Eastbay made an
implied warranty and that such warranty was breached, and/or that Eastbay made a warranty that
the product and/or subject product was fit for a particular purpose and that such warranty was
breached. Include in your answer a complete description of all representations made by any
Defendant.

5

ANSWER TO INTERROGATORY NO. 5:  Daily he experiences discomfort while relaxing, which is helped only by Silvia rubbing his feet and elevating them for an extended period of time. Mr. Weiss objects to Interrogatory No. 5 in that it calls for a legal conclusion.  However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous.  The subject Nike Jordan Sport-Jumpman Trifecta right shoe's zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break.  As a result, Mr. Weiss was severely injured.

INTERROGATORY NO. 6:  State all facts supporting your allegations in your Complaint concerning County XVII- Violation of District of Columbia's Consumer Protection Procedures Act (Eastbay, Inc.), including but not limited to your allegations that Eastbay violated or breached any duty or requirement or provision imposed by such Act.  Include in your answer a complete description of all representations made by any Defendant.

ANSWER TO INTERROGATORY NO. 6:  Mr. Weiss objects to Interrogatory No. 6 in that it calls for a legal conclusion.  However, without waiving said objection, the subject Nike Jordan Sport-Jumpman Trifecta shoes were defective, unsafe and dangerous.  The subject Nike Jordan Sport-Jumpman Trifecta right shoe's zipper broke due to the fact that the product had a design defect, malfunction and/or manufacturing flaw and/or was defectively designed and/or failed to include a warning that the subject zipper would break.  As a result, Mr. Weiss was severely injured.  The defects in this product and the failure to provide warnings thereof constituted a violation of District of Columbia's Consumer Protection Procedures Act.

INTERROGATORY NO. 7:  State all facts supporting your allegations in your

6

Complaint concerning Count XVIII – Loss of Consortium and Solatium (Eastbay, Inc.), including but not limited to your allegations that Eastbay's acts or omissions were wrongful, reckless or negligence and explain/describe what activities you allegedly could not do.

ANSWER TO INTERROGATORY NO. 7: Mr. Weiss' entire left foot and ankle area have been affected by the rupture of his Achilles tendon. As a result, Mr. Weiss also suffers from occasional tendinitis on the inner part of his ankle. He has daily pain that is best described as a dull to sharp poking in Mr. Weiss' heel. Daily he experiences discomfort while relaxing, which is helped only by Silvia rubbing his feet and elevating them for an extended period of time. He does not have equal endurance in both legs and often feels that his right is "holding him back" in his efforts to live a normal life. Mr. Weiss has trouble walking more than a couple of blocks without discomfort. Mr. Weiss is no longer able to actively participate in sports such as softball and basketball as he had done previously. Mr. Weiss is unable to walk a full 18 holes of golf comfortably.

Mr. Weiss had the opportunity to travel to Torino, Italy for the 2006 Winter Olympics, while there he had the rare opportunity to ski on an actual Olympic course, but did not feel physically able to ski the slopes. Had he not been injured, he certainly would have taken this once in a lifetime opporunity to ski an Olympic course.

With respect to the effect on Mr. Weiss' marital relations with Ms. Lattova, Mr. Weiss' injury and the resulting physical inactivity led to severe mood swings that put a great amount of stress on both he and Ms. Lattova, which was very difficult as Mr. Weiss was a very upbeat person prior to the injury. As a result, Ms. Lattova had to send Mr. Weiss to his relatives in Florida so he could pursue his therapy there.

7

Further, Mr. Weiss' injury still prevents them from spending time together and doing things that they enjoyed before the injury, such as walking, which is Ms. Lattova's favorite past time. As Mr. Weiss can't walk for more than a few blocks before experiencing considerable discomfort, he can no longer spend mornings together going for a cup of coffee or breakfast, which he and Ms. Lattova used to do regularly on weekends.

Mr. Weiss's injuries have made him very uncomfortable not only during the day, but also at night. Ms. Lattova has to massage his leg regularly before bed; Mr. Weiss is even now unable to find comfort at night, which leads to him tossing and turning and waking Ms. Lattova up at night. Mr. Weiss often has to sleep in the other room, as his constant discomfort leads to disturbing her nightly rest. This encroaches on any intimacy between Ms. Lattova and Mr. Weiss.

For an extended period of time, due to Mr. Weiss' severe pain, the injury prevented any relations of intimate nature, which put a further strain on the relationship and led to marital problems as a result of which they sought the services of a marriage therapist.

Mr. Weiss had to spend a lot of time in physical therapy, and Ms. Lattova had to part with him for months while he was in Florida finishing his physical therapy.

Please also refer to Ms. Lattova's Answers to Interrogatories to Eastbay and Nike.

INTERROGATORY NO. 8:  Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf.

ANSWER TO INTERROGATORY NO. 8:  Mr. Weiss' Expert Designation will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designation for Mr. Weiss's complete response to this Interrogatory.

INTERROGATORY NO. 9: For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

ANSWER TO INTERROGATORY NO. 9: Mr. Weiss' Expert Designation will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designation for Mr. Weiss' complete response to this Interrogatory.

INTERROGATORY NO. 10: Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

ANSWER TO INTERROGATORY NO. 10: Mr. Weiss is unaware of any privileged documents. However, discovery is ongoing and if such documents are discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 11: If you contend that defendant Nike, Inc. ("Nike") and/or defendant Eastbay, Inc. has ever made any acknowledgement, admission of liability, or declaration against interest, state the content of each such acknowledgement, admission, or declaration you contend was made, identify the person making the acknowledgement, admission

or declaration, and provide a copy of such acknowledgement, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 11: Mr. Weiss' is unaware of any such acknowledgements of liability or declarations against interests. However, discovery is ongoing and if such acknowledgement or declaration should be discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 12: State why and how you selected the product and/or the subject product for you or for your purchase, and what use you intended for the product and/or the subject product.

ANSWER TO INTERROGATORY NO. 12: Having recognized the obvious reputation of Nike and its Jordan brand, Mr. Weiss believed himself to be buying a superior product designed for playing indoor basketball, as was his desired purpose. Mr. Weiss liked the product descriptions of both shoes, in particular the description of the use of memory foam in the design of the Jordan Trifecta's ankle support system. Having worked with athletic injuries as his high school's trainer in high school (as well as the Asst. Varsity Basketball Coach), in addition to his experience working as a manager with the Syracuse University Basketball team in college, he put a premium on getting as much and as advanced a support system as possible.

INTERROGATORY NO. 13: Did anyone recommend the product and/or the subject product to you and/or Plaintiff Lattova, or did anyone tell you and/or Plaintiff Lottova to avoid, or suggest that you and/or Plaintiff Lattova avoid, the product and/or the subject product? If so, identify the person and describe the information/recommendation that they provided.

ANSWER TO INTERROGATORY NO. 13: No. However, Mr. Weiss was familiar with the fact that many professional and college basketabll players wore identical or similar Nike shoes. He has also seen numerous advertisments for such products.

INTERROGATORY NO. 14: Prior to your purchase of the subject product, did you read or see any articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product? If so, identify such documents/photographs/videos and attach copies to your answer.

ANSWER TO INTERROGATORY NO. 14: Mr. Weiss' objects to this Interrogatory because it is overly broad. However, without waiving said objection, Mr. Weiss was familiar with the fact that many professional and college basketabll players wore identical or similar Nike shoes. He has also seen numerous advertisments for such products.

INTERROGATORY NO. 15: Describe and identify what substances (including but not limited to any legal or illegal or prescription or non-prescription drugs or medications or substances or alcohol, or supplements) you consumed, took, used, injected, drank, smoked, inhaled, ingested or absorbed in any way, in the two weeks prior to the incident. Include the name of the substance, the strength, the dosage and the frequency, and identify the prescribing provider if any.

ANSWER TO INTERROGATORY NO. 15: Mr. Weiss objects to this Interrogatory because it is irrelevant and overly broad. However, without waiving said objection, Mr. Weiss may have had a social drink while at dinner in Chicago several days earlier.

INTERROGATORY NO. 16: State whether you have ever been convicted of a felony or a crime involving moral turpitude. If so, please state the nature of said conviction and the date

and place thereof.

ANSWER TO INTERROGATORY NO. 16: Mr. Weiss' objects to this Interrogatory because it is irrelevant and overly broad. However, without waiving said objection, none.

INTERROGATORY NO. 17: State whether you or anyone on your behalf ever discussed the product and/or subject product and/or the incident with any defendant or representative of any defendant at any time prior to or after the incident; and if so, state when, where and the content of statements made by the defendant or any representative of the defendant. Include in your answer the identity of the person(s) involved and all witnesses, and the date, time and location of each such discussion, and provide a copy of any such discussion if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 17: No. However, discovery is ongoing and if such discussion should be discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 18: State whether you have or anyone else has inspected, examined, tested, or photographed the subject product, or photographed plaintiff Weiss before, during or after the incident. If so, for each inspection, examination, test or photo, identify the person(s) making the inspection, examination, test or photograph and the date and time of such inspection, examination, test or photograph. Attach a copy of all reports, documents and photographs relating to such inspection, examination or test, and attach a copy of all such photographs.

ANSWER TO INTERROGATORY NO. 18: Mr. Weiss' Expert Designation will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designation for Mr. Weiss' complete response to this Interrogatory.

INTERROGATORY NO. 19:  Describe in detail your use of the subject product on your feet/body on the day of the incident, including but not limited to whether you were wearing socks, how long you were wearing/using the product prior to the incident, whether you used any athletic tape on your body and where it was used, whether you were wearing or using any brace or supports on your body and where it/they were used, whether you laced the subject product/the shoes, whether you zipped the subject product/the shoes, whether you put anything on any substance or around the subject product (whether it be tape on the subject product, or moisture or liquid or some substance on the soles), whether you added anything to the subject product, whether you modified the subject product and/or its parts/components in any way.

ANSWER TO INTERROGATORY NO. 19:  Mr. Weiss objects to the use of discrete sub-parts in Defendants Interrogatory No. 20.  However, without waiving said objection, please refer to Answer to Interrogatory 3.

INTERROGATORY NO. 20:  Describe in detail the incident including a description of the events in the twenty-four hours prior to the incident, during the incident, and the twenty-four hours after the incident.  Your answer should include a chronological description of what you did, what you were wearing, whether you had an athletic trainer or coach advise you or provide services and any description of such advice and/or services, when you put on or wore the subject product, when the incident happened, what you saw, where you were, where you were located in relation to other persons at the scene of the incident, who was present at the scene, the specific activity you were doing at the time of the incident (for example, running or jogging or jumping or sliding or dribbling or catching or passing or shooting or picking), the speed at which you were moving at the time of the incident, what if anything you heard just before and at the time of

13

the incident, what you and other persons at the scene said at the time and right after the incident,

whether emergency personnel were called to the scene, and what you date, drank, and/or

consumed in the twenty-four hours prior to the incident (including but not limited to any

alcoholic beverages) and what you ate, drank, and/or consumed in the twenty-four hours after the

incident (including but not limited to any alcoholic beverages).

    ANSWER TO INTERROGATORY NO. 20: Mr. Weiss' objects to the scope and

overbreadth, and the use of discrete sub-parts in Defendants Interrogatory No. 20. However,

without waiving said objection, please refer to Answer to Interrogatory 3.

    I do solemnly swear, under the penalties of perjury, that the foregoing Answers to

Interrogatories are true and correct, to the best of my information, knowledge and belief.

                 ARNOLD B. WEISS

                    Respectfully submitted,

                    RESNICK & SCHWARTZMAN, L.L.C.

                    By:  /s/ Prabir Chakrabarty
                    Prabir Chakrabarty (D.C. Bar No. 478022,
                    Federal Bar No. 25524)
                    Robert M. Schwartzman
                    One East Franklin Street
                    Baltimore, Maryland 21202
                    (410) 539-6087
                    (410) 576-0818 (fax)

                    Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al                *

         Plaintiffs           *

   v.                         *     Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al   *

        Defendants       *

    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## PLAINTIFF SILVIA LATTOVA'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT NIKE, INC.

Comes now the Plaintiff, Silvia Lattova, by and through her attorneys, Robert M. Schwartzman, Esquire, Prabir Chakrabarty, Esquire and Resnick & Schwartzman, L.L.C., and for Answers to Interrogatories propounded by the Defendant, Nike, Inc. a/k/a Nike USA Inc., and states as follows:

(A) The information supplied in these Answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

(B) The word usage and sentence structure is that of the attorneys, who, in fact, prepared these Answers and the language does not purport to be the exact language of the executing party.

(C) The Interrogatories have been interpreted and answered in accordance with the Maryland Rules of Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Interrogatories.

INTERROGATORY NO. 1: State your full name, including any alias or nickname ever used, residential address and phone number for the past ten years, date of birth social security



EXHIBIT
H

number, height, weight, shoe size, occupation and work address and telephone number for the

past ten years, name of your work supervisor for the past ten years, formal education including

the institutions attended and the last level of schooling completed, your marital status; and

identify all persons who furnished information or participated in any way in preparing your

responses to these Interrogatories.

ANSWER TO INTERROGATORY NO. 1:

Silvia Lattova
Ms. Lattova's DOB: █████1969
Her Social Security Number is █████3787

Ms. Lattova's previous addresses were:
1792 Clovermeadow Drive
Vienna, Virginia   22182-1877
and
2700 16th Street South #650
Arlington , VA , 22204

Ms. Lattova's current address is:
2712 Wisconsin Ave, NW , 906
Washington , DC 20007

Ms. Lattova's present occupation:

Law Student
George Mason University
3301 Fairfax Drive
Arlington , VA 22201

From May 2003-May 2007 she was employed at:
U.S. English Foundation
Director of Special Programs
1747 Pennsylvania Ave ; NW, Ste. 1050
Washington , DC 20006
202-833-0100

From 1998-2005 she was employed as an Independent Consultant at:
Georgetown University
Slavic Languages Department
Lecturer
Chair: Marcia Morris

Department of Slavic Languages at Georgetown University
Department of Slavic Languages
Box 571050
Intercultural Center 307 A-H
Washington, DC 20057-1050

From 2003 to present she has been employed as
Vice President
New Alliance Media Group
2712 Wisconsin Ave, NW, Ste. 906
Washington , DC 20007

Ms. Lattova's educational background is:

George Mason University, Arlington, VA (3L) at present
JD International Business Transactions Law track expected December 2008

Oxford, New College, *Oxford,* United Kingdom                     Fall 2007

Cambridge University, Emmanuel College, *Cambridge*, United Kingdom  Summer 2006

Georgetown University, Edmund A. Walsh School of Foreign Service, Washington, DC
MA: Russian, Central and Eastern European and Eurasian Studies          May 1997

Volgograd State University, Volgograd, Russian Federation
BA/MA Double Major: *Russian* Language & Literature, *English*; Minor: German   June 1992

Ms. Lattova and Mr. Weiss were married April 12, 1996.

My attorneys participated in responding to these interrogatories.

INTERROGATORY NO. 2:  Identify all persons and/or eyewitnesses, (providing an address at which each may be served with a deposition or trial subpoena and a telephone number), having personal knowledge of any facts alleged in your Complaint and/or likely to have discoverable information, and describe the subjects of the information and/or knowledge you believe each possesses.

ANSWER TO INTERROGATORY NO. 2:  Ms. Lattova has no knowledge with respect to eyewitnesses.  Other persons with knowledge include:

Jason Bohrer
3006 Aquia Drive
Stafford , VA 22554
540-659-2826

Mr. Bohrer is a classmate in the night program at George Mason Law School; Ms. Lattova shared with him the difficulties of trying to manage school, work full time and take care of her sick husband; she mentioned their financial problems resulting from the injury, the stress she was under, and to a certain degree, their marital problems.

Dorota Majewska
3828 155th Ave ; SE
Bellevue, WA 98006

Ms. Majewska is Ms. Lattova's best friend; she shared with Ms. Majewska the difficulties of trying to manage school, work full time and take care of her sick husband; she mentioned their financial problems resulting from the injury, the stress she was under, and their problems with intimacy.

Sheila Weiss is Mr. Weiss' mother.  Ms. Lattova shared with Ms.Weiss the difficulties of trying to manage school, work full time and take care of her sick husband; she mentioned their financial problems resulting from the injury, the stress she was under, and to a certain degree, their marital problems.

Anna Latova
Pcoline 256
067 35 Slovak Republic
+011-421-5776-95224

Anna Lattova is Ms. Lattova's mother.  Ms. Lattova shared with her mother the difficulties of trying to manage school, work full time and take care of her sick husband; she mentioned their financial problems resulting from the injury, the stress she was under, and to a certain degree, their marital problems.

Juliana Venturi Fair
3830 9th Street, Apt. 106W
Arlington, VA 22203

Juliana Venturi Fair is Ms. Lattova's yoga instructor. Ms. Lattova shared with Ms. Venturi the difficulties of trying to manage school, work full time and take care of her sick husband; she mentioned their financial problems resulting from the injury, the stress she was under, and to a certain degree, their marital problems.

INTERROGATORY NO. 3:  Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf.

ANSWER TO INTERROGATORY NO. 3:  Plaintiff's Expert Designation will be provided in accordance with the Court's Scheduling Order.  Refer to the Expert Designation for Plaintiff's complete response to this Interrogatory.

INTERROGATORY NO. 4:  For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

ANSWER TO INTERROGATORY NO. 4:  Plaintiff's Expert Designation will be provided in accordance with the Court's Scheduling Order.  Refer to the Expert Designation for Plaintiff's complete response to this Interrogatory.

INTERROGATORY NO. 5:  Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason.  For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

ANSWER TO INTERROGATORY NO. 5:  Plaintiff is unaware of any privilege log. However, discovery is ongoing and if such information should be discovered, a Supplemental Discovery response will be provided.

INTERROGATORY NO. 6:  If you contend that defendant Nike and/or defendant Eastbay, Inc. ("Eastbay") has ever made any acknowledgement, admission of liability, or declaration you contend was made, identify the person making the acknowledgement, admission, or declaration and any witness(es) thereto, and the date, time and location of each such acknowledgement, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 6:  Ms. Lattova has no personal knowledge of any such admission against interest.  But discovery is ongoing and if such admissions should be discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 7:  State whether or not you gave any statement, written or recorded or oral, to anyone other than your attorney concerning any of the events set forth in the allegations of your Complaint.  If you have made any such statement(s), specify the date of the statement(s), to whom given, identify the person or individual or firm or corporation currently in possession of the statement(s) and attach a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 7:  Ms. Lattova is unaware of any such statements. However, discovery is ongoing and if such statements should be discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 8:  State whether you claim any loss of income or earnings as a result of the incident and/or any allegations made in your Complaint, and if so, state the dates and time lost on each date, the total time claimed to have been lost from gainful employment, the monetary amount of loss of wages, income or earnings claimed, and the manner or method used to determine same.  Attach all documents that support your answer.

ANSWER TO INTERROGATORY NO. 8: Due to the severity of Mr. Weiss' injury and consequent financial loss, though Ms. Lattova wanted to go to a law school outside of the area of the District of Columbia, her financial situation prevented her from seriously considering a law school outside of this area. Further, she had to stay in the District of Columbia area in order to care for Mr. Weiss. Ms. Lattova was on the wait list for University of Pennsylvania and Columbia, but given Mr. Weiss' loss of income and his need for personal care, Ms. Lattova knew that she could not afford to move, so she could not pursue these educational opportunities.

INTERROGATORY NO. 9: State the nature, extent, symptoms and complaints of personal injuries and all other injuries and/or damages claimed by you to have been suffered as a result of the incident. Attach all documents supporting your answer.

ANSWER TO INTERROGATORY NO. 9: Ms. Lattova experienced severe stress including: taking care of her husband, working full time, and going to law school. Ms. Lattova eventually developed insomnia, the sleep deprivation eventually led to difficulty concentrating. Ms. Lattova also suffered gastro-intestinal problems. As a consequence of the problems caused by Mr. Weiss' injury, Mr. Weiss and Ms. Lattova eventually had to see a marriage therapist.

Mr. Weiss' injury and the resulting physical inactivity led to severe mood swings that put a great amount of stress on both he and Ms. Lattova. Mr. Weiss' injury still prevents them from spending time together and doing things that they enjoyed before the injury, such as walking, which is Ms. Lattova's favorite past time. As Mr. Weiss can't walk for more than a few blocks before experiencing considerable discomfort, he can no longer spend mornings together going for a cup of coffee or breakfast, which he and Ms. Lattova used to do regularly on weekends. Daily he experiences discomfort while relaxing, which is helped only by Silvia rubbing his feet and elevating them for an extended period of time.

Mr. Weiss's injuries have made him very uncomfortable not only during the day, but also at night. Ms. Lattova has to massage his leg regularly before bed; Mr. Weiss is even now unable to find comfort at night, which leads to him tossing and turning and waking Ms. Lattova up at night. Mr. Weiss often has to sleep in the other room, as his constant discomfort leads to disturbing her nightly rest. This encroaches on any intimacy between Ms. Lattova and Mr. Weiss.

For an extended period of time, due to Mr. Weiss' severe pain, the injury prevented any relations of intimate nature, which put a further strain on the relationship and led to marital problems as a result of which they sought the services of a marriage therapist.

Mr. Weiss had to spend a lot of time in physical therapy, and Ms. Lattova had to part with him for months while he was in Florida completing his physical therapy.

INTERROGATORY NO. 10: State the names and addresses of all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of any injuries incurred or allegedly sustained as a result of the incident in question. Include the dates of such consultations, examinations or treatments and the itemized charges for such services, or attach copies of any and all statements/bills for services rendered and all records and reports from such providers.

ANSWER TO INTERROGATORY NO. 10: Ms. Lattova objects to Interrogatory No. 10 based upon relevance, given that Ms. Lattova has not made any claim for physical or mental injuries.

INTERROGATORY NO. 11:  Identify all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers (hereinafter "Providers"), who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to you for any medical or mental condition, in the past ten years.

ANSWER TO INTERROGATORY NO. 11:  Plaintiff objects to this Interrogatory based on relevance given that Ms. Lattova has not made any claim for physical injuries.

INTERROGATORY NO. 12:  If you claim that any of your injuries and/or damages are permanent, set forth in detail the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has to be determined), and identify the Providers making such prognosis including the Provider's specialty.

ANSWER TO INTERROGATORY NO. 12: Ms. Lattova and Mr. Weiss have experienced permanent damage to their marital relations, due to the excessive stress caused by Mr. Weiss' injuries. Additionally, although Ms. Lattova wanted to go to a law school outside of the District of Columbia area, Mr. Weiss' financial situation and his need for care prevented Ms. Lattova from seriously considering a law school outside of the area.  Ms. Lattova was on the wait list for University of Pennsylvania and Columbia, but given her financial situation, Ms. Lattova knew that she could not afford to move so she could not pursue these opportunities.  Even if she worked and made more money, she could not leave Mr. Weiss who required constant care.

Ms. Lattova had a full-time job in the District of Columbia, she had to take care of her husband and was taking 12 credits per semester, the stress of all of these responsibilities negatively impacted her grades and she was unable to transfer to a better ranked law school. That

has led to a considerable disadvantage looking for summer jobs and will have an impact on Ms. Lattova's future financial opportunities.

INTERROGATORY NO. 13: Set forth a detailed itemization and computation of all categories of your claimed damages. Attach copies of all bills, receipts and documentation, not privileged, supporting or upon which your computation is based.

ANSWER TO INTERROGATORY NO. 13: See Answer to Interrogatories No. 9 and 12.

INTERROGATORY NO. 14: State whether you have ever been injured, treated or hospitalized as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident; and if so, as to each such occurrence, state the date and place, a description of the evident, a description of all injuries sustained, identify all persons involved in the event causing such injuries, and identify Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment of such injuries.

ANSWER TO INTERROGATORY NO. 14: Plaintiff objects to this Interrogatory based upon relevance, given that Ms. Lattova has not made claim for physical injuries.

INTERROGATORY NO. 15: If all or part of your claim is that a pre-existing injury, illness, disease or condition has been aggravated, accelerated or exacerbated as a result of the incident, describe the pre-existing injury or condition and the nature and the extent to which it has been aggravated, accelerated or exacerbated; identify all Providers who have rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment for such pre-existing injury or condition; state the date of onset of such pre-existing injury or condition; and state the original cause of such pre-existing injury or condition.

ANSWER TO INTERROGATORY NO. 15: No such claim is made.

INTERROGATORY NO. 16:  State whether you have ever made a claim and/or have any claims pending against anyone for damages or personal injury or property damage or workers' compensation; and if so, provide the names and addresses of the parties against whom such claim is or has been asserted, the date such claim arose and description of and location of the occurrence giving rise to such claim; and if any such claims resulted in litigation, identify the court or administrative forum or other forum where such actions were brought including the style of the case and the file/case number.

ANSWER TO INTERROGATORY NO. 16:  No such claims have been made.

INTERROGATORY NO. 17:  State your physical condition and general health prior to the incident, including any impairments, illnesses, diseases, defects or disabilities, whether organic, congenital or traumatic origin; and whether you were, at the time of the incident, under the regular care of any Provider; and if so, identify such Providers and state whether you were taking any medication at the time of the incident.

ANSWER TO INTERROGATORY NO. 17:  Plaintiff objects to this Interrogatory based upon relevance, given that Ms. Lattova has not made claim for physical injuries.

INTERROGATORY NO. 18:  Identify any and all learned treatise(s), including but not limited to medical, physiological, or bio-mechanical treatises, that you and/or your expert witnesses consider to be authoritative concerning the allegations and/or damages and/or injuries claim in your Complaint, including the name of the treatise(s), the author(s), and the relevant page numbers of each such treatise.

ANSWER TO INTERROGATORY NO. 18:  Plaintiff will supply Expert Witness Designation, reports, etc., in compliance with the Court's Scheduling Order for Expert Designation.

INTERROGATORY NO. 19:  State all facts supporting your allegations in your Complaint concerning Count XII – Loss of Consortium and Solatium (Nike, Inc.), including but not limited to your allegations that Nike's acts or omissions were wrongful, reckless or negligent and explain/describe what activities you allegedly could not do.

ANSWER TO INTERROGATORY NO. 19:  Please refer to Answer to Interrogatory No. 9.

INTERROGATORY NO. 20:  Describe in detail the incident including a description of the events in the twenty-four hours prior to the incident, during the incident, and the twenty-four hours after the incident.

ANSWER TO INTERROGATORY NO. 20:  Plaintiff objects to this Interrogatory based upon relevance.  However, without waiving said objection, Ms. Lattova dropped off Mr. Weiss at the Georgetown University Student Center, and later went to the hospital after she was informed of his injury.

INTERROGATORY NO. 21:  Describe and identify what substances (including but not limited to any legal or illegal or prescription or non-prescription drugs or medications or substances or alcohol or supplements) you consumed, took, used, injected, drank, smoked, inhaled, ingested or absorbed in any way, in the two weeks prior to the incident.  Include the name of the substances, the dosage and the frequency, and identify the prescribing Provider if any.

ANSWER TO INTERROGATORY NO. 21:  Plaintiff objects to this Interrogatory based upon relevance, given that Ms. Lattova has not made any claim for physical injuries.

INTERROGATORY NO. 22:  State whether you have ever been convicted of a felony or a crime involving moral turpitude.  If so, please state the nature of said conviction and the date and place thereof.

ANSWER TO INTERROGATORY NO. 22:  Plaintiff objects to this Interrogatory based on relevance.  However, without waiving said objection, none.

INTERROGATORY NO. 23:  State whether you or anyone on your behalf discussed the product and/or the subject product and/or the incident with any defendant or representative of any defendant at any time prior to or after the incident; and if so, state when, where and the content of statements made by the defendant or any representative of the defendant.  Include in your answer the identity of the person(s) involved and all witnesses, and the date, time and location of each such discussion, and provide a copy of any such discussion if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 23:  Ms. Lattova has not had any discussions with Defendants.

INTERROGATORY NO. 24:  State whether you have or anyone else has inspected, examined, tested, or photographed the subject product, or photographed Plaintiff Weiss before, during or after the incident.  If so, for each inspection, examination, test or photo, identify the person(s) making the inspection, examination, test or photographs and the date and time of such inspection, examination, test or photograph.  Attach a copy of all reports, documents and photographs relating to such inspection, examination or test, and attach a copy of all such photographs.

<u>ANSWER TO INTERROGATORY NO. 24</u>:    Ms. Lattova has photographed her
husband's legs after his surgery.  Please refer to Mr. Weiss' Response to Request for Production
of Documents.


    I do solemnly swear, under the penalties of perjury, that the foregoing Answers to
Interrogatories are true and correct, to the best of my information, knowledge and belief.

SILVIA LATTOVA


Respectfully submitted,


RESNICK & SCHWARTZMAN, L.L.C.


By:   /s/ Prabir Chakrabarty
Prabir Chakrabarty (D.C. Bar No. 478022,
Federal Bar No. 25524)
Robert M. Schwartzman
One East Franklin Street
Baltimore, Maryland 21202
(410) 539-6087
(410) 576-0818 (fax)

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al                          *

            Plaintiffs                 *

v.                                              *      Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al          *

            Defendants                *

    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

<u>PLAINTIFF SILVIA LATTOVA'S ANSWERS TO INTERROGATORIES
PROPOUNDED BY DEFENDANT EASTBAY, INC.</u>

Comes now the Plaintiff, Silvia Lattova, by and through her attorneys, Robert M.

Schwartzman, Esquire, Prabir Chakrabarty, Esquire and Resnick & Schwartzman, L.L.C., and

for Answers to Interrogatories propounded by the Defendant, Eastbay, Inc., and states as follows:

(A) The information supplied in these Answers is not based solely upon the knowledge of

the executing party, but includes the knowledge of the party's agents, representatives, and

attorneys, unless privileged.

(B) The word usage and sentence structure is that of the attorneys, who, in fact, prepared

these Answers and the language does not purport to be the exact language of the executing party.

(C) The Interrogatories have been interpreted and answered in accordance with the

Maryland Rules of Procedure, plain English usage, and to the extent not specifically challenged

by objection, the definitions and instructions included with the Interrogatories.

<u>INTERROGATORY NO. 1</u>:  Describe all facts supporting your allegation that Plaintiff

Weiss purchased and/or received and/or obtained a pair of Nike shoes, specifically the Nike

Jordan Sport-Jumpman Trifecta shoes, and/or the subject product in June 2004 online or via the



internet or otherwise from defendant Eastbay, Inc., including but not limited to a description of

the sales transaction, a description of and/or copy of all communications between you and

defendant Eastbay (or its agents, employees, or representatives) concerning the subject product,

state whether there were any eyewitnesses to your purchase of the subject product and identify

such witness(es), and whether you have any receipt of purchase.

ANSWER TO INTERROGATORY NO. 1:  Ms. Lattova has no personal knowledge of

Mr. Weiss' purchase.  Refer to Mr. Weiss' Answers to Interrogatories.

INTERROGATORY NO. 2:  Describe and/or provide a copy of any and all

communications and/or writings exchanged between you or any of your agents or

representatives) and any defendant (or any of their respective agents or representatives)

concerning the subject product, including but not limited to instructions, questions, descriptions,

e-mails, labels, and/or receipts, including all communications before, during and after the alleged

sale.

ANSWER TO INTERROGATORY NO. 2:  Ms. Lattova has made no communication

with Defendants.  Refer to Mr. Weiss' Answers to Interrogatories.

INTERROGATORY NO. 3:  Describe Plaintiff Arnold Weiss' use of the subject product

between the time of purchase until the alleged occurrence, and for your answer state all activities

in which he engaged while wearing the subject product, and the dates, times and places of his use

of the subject product.

ANSWER TO INTERROGATORY NO. 3:  Ms. Lattova never saw her husband use the

subject shoes. She dropped him off at Georgetown University and he was wearing a different

pair of shoes at the time; his new Nike sneakers were in a bag. Refer to Mr. Weiss' Answers to

Interrogatories.

INTERROGATORY NO. 4: State the facts supporting your allegations in your Complaint concerning County XVIII – Loss of Consortium and Solatium (Eastbay, Inc.), including but not limited to your allegations that Eastbay's acts or omissions were wrongful, reckless and negligent and explain/describe what activities you allegedly could not do.

ANSWER TO INTERROGATORY NO. 4: Ms. Lattova has experienced severe stress as a result of Mr. Weiss' injuries: she had to take care of her husband, while working full time and going to law school. As a result, Ms. Lattova developed insomnia, eventually sleep deprivation led to difficulty concentrating; she also suffered gastro-intestinal problems;

As a result of Mr. Weiss' injury, the resulting physical inactivity led to her husband's mood swings and severe depression, which was very difficult as he was a very upbeat person prior to the injury. As a result, Ms. Lattova had to send Mr. Weiss to his relatives in Florida so he could pursue his therapy and she gained the added benefit of assistance and company as she had to work full time.

Mr. Weiss' injury prevents them from spending time together and doing things that he and Ms. Lattova enjoyed before the injury, such as walking and playing tennis. Mr. Weiss can't walk for more than a few blocks before experiencing considerable discomfort; after a few blocks he usually has to sit down after a while and it is obvious that Mr. Weiss is laboring to keep up at times when he is walking around. They can no longer spend their mornings together going for a cup of coffee or breakfast, on weekends, or walking to Georgetown as he can no longer come and walk to meet Ms. Lattova at Georgetown University, etc. Daily he experiences discomfort while relaxing, which is helped only by Silvia rubbing his feet and elevating them for an extended period of time.

Mr. Weiss has been very uncomfortable not only during the day, but also at night. Ms. Lattova has to massage his leg regularly before bed; he is even now unable to find comfort at night, which leads to him tossing and turning and waking her up at night. Mr. Weiss often has to sleep in the other room, as his constant discomfort leads to disturbing Ms. Lattova's nightly rest. This situation encroaches on any intimacy between Ms. Lattova and Mr. Weiss.

For an extended period of time, the injury prevented any relations of intimate nature, which put a further strain on Mr. Weiss' and Ms. Lattova's relationship that led to marital problems as a result of which they sought a marriage therapist.

INTERROGATORY NO. 5: Identify all expert witnesses who may be called or used at trial to present testimony and/or evidence on your behalf.

ANSWER TO INTERROGATORY NO. 5: Plaintiff's Expert Designation will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designation for Plaintiff's complete response to this Interrogatory.

INTERROGATORY NO. 6: For each expert listed in your Answer to the previous Interrogatory, state the opinions to be expressed by each expert witness and the basis and reasons therefore, the data and/or other information considered in forming their opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of each expert witness including a list of all publications authored within the preceding 10 years, the compensation to be paid for the study and testimony; and a listing of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

ANSWER TO INTERROGATORY NO. 6: Plaintiff's Expert Designation will be provided in accordance with the Court's Scheduling Order. Refer to the Expert Designation for Plaintiff's complete response to this Interrogatory.

INTERROGATORY NO. 7: Identify any and all documents encompassed by Defendant's Request for Production of Documents, but withheld by you for any reason. For each document so withheld, provide a privilege log, stating the nature of your objection or claim of privilege, the name and address of the custodian of each document, and describe each such document including the date.

ANSWER TO INTERROGATORY NO. 7: Ms. Lattova is unaware of any privileged documents. However, discovery is ongoing and if such documents should be discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 8: If you contend that defendant Nike, Inc. ("Nike") and/or Eastbay, Inc. has ever made any acknowledgement, admission of liability or declaration against interest, state the content of each such acknowledgement, admission, or declaration you contend was made, identify the person making the acknowledgement, admission, or declaration and any witnesses thereto, and the date, time and location of each such acknowledgement, admission or declaration, and provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

ANSWER TO INTERROGATORY NO. 8: Ms. Lattova has no personal knowledge of any such admissions against interest. However, discovery is ongoing and if such admissions should be discovered, a Supplemental Discovery Response will be provided.

INTERROGATORY NO. 9: State why and how you selected or assisted in selecting the product and/or subject product for Plaintiff Weiss, and what use you and/or plaintiff Weiss intended for the product and/or the subject product.

ANSWER TO INTERROGATORY NO. 9: Ms. Lattova did not have any personal involvement in selecting the subject product.

INTERROGATORY NO. 10: Did anyone recommend the product and/or the subject product to you and/or Plaintiff Weiss, or did anyone tell you and/or Plaintiff Weiss to avoid, or suggest that you and/or Plaintiff Weiss avoid, the product and/or the subject product? If so, identify the person and describe the information/recommendation that they provided.

ANSWER TO INTERROGATORY NO. 10: Ms. Lattova did not have any personal involvement in selecting the subject product.

INTERROGATORY NO. 11: Prior to your purchase of the subject product, did you read or see any articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product? If so, identify such documents/photographs/videos and attach copies to your answer.

ANSWER TO INTERROGATORY NO. 11: Ms. Lattova did not have any personal involvement in selecting the subject product.

INTERROGATORY NO. 12: Prior to the purchase of the subject product, did you read or see any articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product? If so, identify such documents/photographs/videos and attach copies to your answers.

ANSWER TO INTERROGATORY NO. 12: Ms. Lattova did not have any personal involvement in selecting the subject product.

INTERROGATORY NO. 13: Did anyone recommend the product and/or the subject product to you and/or Plaintiff Weiss, or did anyone tell you and/or Plaintiff Weiss to avoid, or anyone suggest that you and/or Plaintiff Weiss avoid, the product and/or the subject product? If so, identify the person and describe the information/recommendation that they provided.

ANSWER TO INTERROGATORY NO. 13:  Ms. Lattova did not have any personal involvement in selecting the subject product.

I do solemnly swear, under the penalties of perjury, that the foregoing Answers to Interrogatories are true and correct, to the best of my information, knowledge and belief.

SILVIA LATTOVA

Respectfully submitted,

RESNICK & SCHWARTZMAN, L.L.C.

By:   /s/ Prabir Chakrabarty
Prabir Chakrabarty (D.C. Bar No. 478022, Federal Bar No. 25524)
Robert M. Schwartzman
One East Franklin Street
Baltimore, Maryland 21202
(410) 539-6087
(410) 576-0818 (fax)

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al.        )
                                     )
     Plaintiffs,              )
                                     )
     v.                            )     Case No. 1:07-cv-1019
                                   )
NIKE, INC., a/k/a NIKE USA, INC., et al., )
                                   )
     Defendants.           )

## PLAINTIFFS WEISS AND LATTOVA'S RESPONSES TO DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS FROM NIKE, INC. AND EASTBAY, INC.

Plaintiffs Arnold Weiss and Silvia Lattova, by and through their attorneys, Robert

M. Schwartzman, Prabir Chakrabarty and Resnick & Schwartzman, LLC and pursuant to

Federal Rules, respond to Request for Production of Documents from Defendants Nike,

Inc. a/k/a NIKE USA Inc. ("Nike") and Eastbay, Inc.'s ("Eastbay"), and say:

## REQUESTS

**REQUEST NO. 1:**    The subject product, particularly the pair of shoes that
Plaintiff Weiss was wearing when the alleged incident occurred.

**RESPONSE TO REQUEST NO. 1**: Plaintiffs object to Request No. 1 in that it
does not request a document as stated in the title to this discovery request. Nevertheless,
without waiving said objection, Mr. Weiss and Ms. Lattova have made the subject shoes
available for inspection and photography by the Defendants.

**REQUEST NO. 2:**    Any and all statements, whether written or recorded by any
means, of any witnesses to the incident given to some person and/or entity (other than
counsel) concerning any events or allegations or damage claims that are the subject of the
Complaint.

EXHIBIT
J

**RESPONSE TO REQUEST NO. 2**: Plaintiffs object to the vagueness and overbreadth of Request No. 2. However, without waiving said objection, Plaintiffs are unaware of the identity of any of the witnesses to the incident.

**REQUEST NO. 3:** For each and every expert you identify in response to Defendants' Interrogatories, provide each expert's most recent *curriculum vitae* including a list of all publications authored within the preceding 10 years; documents concerning the compensation to be paid for the study and testimony; each expert's written report and all documents upon which they rely in formulating their opinions; and a list of any other cases in which each expert witness has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE TO REQUEST NO. 3**: Plaintiffs object to the scope and overbreadth of this Request. However, without waiving said objection, Plaintiffs will provide their Expert Designation in accordance with the Court's Schedule for Expert Designations and any written reports, exhibits, and documents will be supplied at that time.

**REQUEST NO. 4:** Any and all exhibits used or to be used by each and every expert witness as a summary of or support for the expert's opinions.

**RESPONSE TO REQUEST NO. 4**: Plaintiffs object to the scope and overbreadth of this Request. However, without waiving said objection, Plaintiffs will provide their Expert Designation in accordance with the Court's Schedule for Expert Designations and any written reports, exhibits, and documents will be supplied at that time.

**REQUEST NO. 5:** Any and all documents identified, referenced or referred to in

your Answers to Interrogatories or relied upon in preparing your responses.

**RESPONSE TO REQUEST NO. 5:** Plaintiffs object to Request Number 5 in that it requests documents that may be privileged and/or client-attorney work product. However, without waiving said objection, any and all non-privileged documents identified, referenced or referred to in preparing their Answers to Interrogatories have been supplied or will be supplied in accordance with the Court's Scheduling Order.

**REQUEST NO. 6:**    Any and all correspondence, e-mail, documents, receipts, memoranda, recordings, writings, or documents of any kind between Plaintiff(s) (or your agents or representatives) and any defendant(s) (or their respective agents, representatives or employees).

**RESPONSE TO REQUEST NO. 6**:  Plaintiffs object to Request Number 6, in that it requests documents that may be privileged and/or client-attorney work product.  However, without waiving said objection, any and all non-privileged documents identified, referenced or referred to in preparing their Answers to Interrogatories have been supplied or will be supplied in accordance with the Court's Scheduling Order.

**REQUEST NO. 7:** Any and all statements, whether written or recorded by any means (whether physically or digitally or electronically), by any defendant including but not limited to any and all statements that you contend that constitute an acknowledgment, admission of liability, or declaration against interest by any defendant.

**RESPONSE TO REQUEST NO. 7**:  Plaintiffs object to Request Number 7 in that it requests documents that may be privileged and/or client-attorney work product.  However, without waiving said objection, any and all non-privileged documents identified, referenced or referred to in preparing their Answers to Interrogatories have been supplied or will be

supplied in accordance with the Court's Scheduling Order.

**REQUEST NO. 8:** If you made any statement, written or recorded or oral, to anyone other than your attorney concerning any of the events set forth in the allegations of your Complaint, provide a copy of such statement if it is written or recorded by any means (whether physically or digitally or electronically).

**RESPONSE TO REQUEST NO. 8:** Plaintiffs object to Request Number 8 in that it requests documents that may be privileged and/or client-attorney work product. However, without waiving said objection, any and all non-privileged documents identified, referenced or referred to in preparing their Answers to Interrogatories have been supplied or will be supplied in accordance with the Court's Scheduling Order.

**REQUEST NO. 9:** All documents relating to or supporting any claim for damages alleged in your Complaint, including without limitation any bills, receipts and documentation, not privileged, supporting or upon which your computation is based, and documents on which you rely to compute or support any category of damages claimed (including but not limited to claims for physical injury, pain, mental distress, loss of companionship or solatium or consortium, loss of income or earnings).

**RESPONSE TO REQUEST NO. 9:** Plaintiffs object to Request Number 9 in that it requests documents that may be privileged and/or client-attorney work product. However, without waiving said objection, any and all non-privileged documents identified, referenced or referred to in preparing their Answers to Interrogatories have been supplied or will be supplied in accordance with the Court's Scheduling Order.

**REQUEST NO. 10:** All documents that you gave to or received from anyone who may testify on your behalf as an expert in this case.

**RESPONSE TO REQUEST NO. 10**:  Plaintiffs object to the scope and overbreadth of this Request.  However, without waiving said objection, Plaintiffs will provide their Expert Designation in accordance with the Court's Schedule for Expert Designations and any written reports, exhibits, and documents will be supplied at that time.

**REQUEST NO. 11:**  Any and all documents, including but not limited to medical records, concerning the nature, extent, symptoms and complaints of personal injuries and all other injuries and/or damages claimed by you to have been suffered as a result of the incident.

**RESPONSE TO REQUEST NO. 11**:  Plaintiffs object to Request No. 11 based on scope and overbreadth.  However, without waiving said objection, all relevant medical records in Plaintiffs' possession have been provided.

**REQUEST NO. 12:**  All medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all doctors, practitioners, therapists, mental health care providers, nurses, hospitals, clinics, other institutions, other medical providers, other health care providers, and/or any other providers including but not limited to natural or alternative or holistic care providers (hereinafter "Providers") who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Weiss for any medical or mental condition, in the past ten years.

**RESPONSE TO REQUEST NO. 12**:  Plaintiffs object to Request No. 12 based on scope and overbreadth.  However, all relevant medical documents in Plaintiffs'

possession have been provided.

**REQUEST NO. 13:**  All medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Lattova for any medical or mental condition, in the past ten years.

**RESPONSE TO REQUEST NO. 13**:  Plaintiffs object to Request No. 13 based upon relevance, given that Ms. Lattova has not made claim for any physical or mental injuries.

**REQUEST NO. 14:**  If Plaintiff Weiss claims that any of his injuries and/or damages are permanent, provide all documents describing or relating to the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has be determined).

**RESPONSE TO REQUEST NO. 14**:  Plaintiffs object to Request No. 14 based upon its scope and overbreadth.  However, without waiving said objection all relevant medical records have been provided.

**REQUEST NO. 15:**  If Plaintiff Lattova claims that any of her injuries and/or damages are permanent, provide all documents describing or relating to the nature of such permanency, the disability claimed to result therefrom and the percentage (if one has be determined).

**RESPONSE TO REQUEST NO. 15**:  Plaintiffs object to Request No. 15 based upon relevance, given that Ms. Lattova has not made claim for any physical or mental

inuries.

**REQUEST NO. 16:** Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Weiss as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident.

**RESPONSE TO REQUEST NO. 16**: Plaintiffs object to Request No. 16 based on scope and overbreadth. However, all relevant medical documents in Plaintiffs' possession have been provided.

**REQUEST NO. 17:** Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Lattova as a result of trauma, accident, or any other cause ten years prior to the incident giving rise to this litigation and any time subsequent to the incident.

**RESPONSE TO REQUEST NO. 17**: Plaintiffs object to Request No. 17 based upon relevance, given that Ms. Lattova has not made claim for any physical or mental injuries.

**REQUEST NO. 18:** Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices,

bills, referrals, consultations, prescriptions and any other documents from all Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Weiss for any and all pre-existing injury(ies), illness(es), disease(es) or condition(s) that Plaintiff Weiss claims have been aggravated, accelerated or exacerbated as a result of the incident.

**RESPONSE TO REQUEST NO. 18:**  Plaintiffs object to Request No. 18 based on scope and overbreadth.   However, Plaintiff Weiss is not making a claim that he suffered from pre-existing injuries, illnesses, diseases or conditions.

**REQUEST NO. 19:**  Any and all medical and mental health records, including but not limited to all records, reports, tests, notes, correspondence, messages, invoices, bills, referrals, consultations, prescriptions and any other documents from all Providers who rendered services for examination and/or diagnosis and/or evaluation and/or analysis and/or treatment or who rendered any services to Plaintiff Lattova for any and all pre-existing injury(ies), illness(es), disease(es) or condition(s) that Plaintiff Lattova claims have been aggravated, accelerated or exacerbated as a result of the incident.

**RESPONSE TO REQUEST NO. 19**:  Plaintiffs object to Request No. 19 based upon relevance, given that Ms. Lattova has not made claim for any physical or mental injuries.

**REQUEST NO. 20:**  Any and all learned treatise(s), including but not limited to medical, physiological, or bio-mechanical treatises, that you and/or your expert witnesses consider to be authoritative concerning the allegations and/or damages and/or injuries claimed in your Complaint, or other authorities that you or your expert(s) contend establish or tend to prove the applicable duty or standard of care in this matter or any departure from

such duty or standard of care.

**RESPONSE TO REQUEST NO. 20**:  Plaintiffs object to Request Number 20 in that it requests documents that may be privileged and/or client-attorney work product. However, without waiving said objection, any and all non-privileged documents identified, referenced or referred to in preparing Plaintiffs' Answers to Interrogatories have been supplied or will be supplied in accordance with the Court's Scheduling Order.

**REQUEST NO. 21**:  The marriage certificate/license showing or reflecting the marital status of Plaintiff Weiss and Plaintiff Lattova and the date of such marriage.

**RESPONSE TO REQUEST NO. 21**: Plaintiffs' marriage license will be provided.

**REQUEST NO. 22**:  Any and all documents or information obtained by any subpoena *duces tecum* you have issued or will issue in this case.

**RESPONSE TO REQUEST NO. 22**: Plaintiffs object to the scope and overbreadth of Request No. 22, and that it may be requesting information that is privileged and/or a product of attorney work product.  However, without waiving said objection, any non-privileged documents in Plaintiffs' possession that may be obtained by any subpoena *duces tecum* will be provided.

**REQUEST NO. 23**:  Any and all pictures, video recordings, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions of the incident involving Plaintiff Weiss and/or the injuries allegedly sustained by Plaintiff Weiss.

**RESPONSE TO REQUEST NO. 23**: Plaintiffs object to the scope and overbreadth of this Request.  However, without waiving said objection, any relevant pictures, video recordings, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions of the incident involving Plaintiff Weiss will be provided.

**REQUEST NO. 24:**  Any and all pictures, video recordings, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions of the injuries allegedly sustained by Plaintiff Lattova.

**RESPONSE TO REQUEST NO. 24**: Plaintiffs object to Request No. 24 based upon relevance, given that Ms. Lattova has not made claim for any physical or mental injuries. .

**REQUEST NO. 25:**  Any and all "day in the life" videos, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions created, taken or recorded at any time in the years since the incident depicting Plaintiff Weiss and/or Plaintiff Lattova and his/her alleged injuries and/or damages.

**RESPONSE TO REQUEST NO. 25**:  Plaintiffs object to the scope and overbreadth of this Request.  However, without waiving said objection, any relevant pictures, video recordings, photographs, films, drawings, paintings, diagrams or electronically recorded graphic depictions involving Plaintiff Weiss will be provided.

**REQUEST NO. 26:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count I – Strict Liability (Nike, Inc.).

**RESPONSE TO REQUEST NO. 26**:  Plaintiffs objects to the scope and overbreadth of Request No. 26.  However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 27:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count II – Products Liability – Design Defect (Nike, Inc.).

**RESPONSE TO REQUEST NO. 27**: Plaintiffs objects to the scope and overbreadth of Request No. 27. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 28:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count III – Products Liability – Defect in Manufacture (Nike, Inc.).

**RESPONSE TO REQUEST NO. 28**: Plaintiffs objects to the scope and overbreadth of Request No. 28. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 29:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning and Count IV – Products Liability – Failure to Warn (Nike, Inc.).

**RESPONSE TO REQUEST NO. 29**: Plaintiffs objects to the scope and overbreadth of Request No. 29. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 30:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count V – Negligence – Design or Manufacture of Product (Nike, Inc.).

**RESPONSE TO REQUEST NO. 30**: Plaintiffs objects to the scope and overbreadth of Request No. 30. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 31:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count VI – Negligent Failure

to Provide Accurate Instructions for Use of Product (Nike,Inc.).

**RESPONSE TO REQUEST NO. 31**:   Plaintiffs objects to the scope and overbreadth of Request No. 31.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 32:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count VII – Negligence (Nike, Inc.

**RESPONSE TO REQUEST NO. 32**:   Plaintiffs objects to the scope and overbreadth of Request No. 32.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 33:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count VIII – Breach of Express Warranty (Nike, Inc.),

**RESPONSE TO REQUEST NO. 33:**   Plaintiffs objects to the scope and overbreadth of Request No. 33.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 34:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count IX – Breach of Implied Warranty (Nike, Inc.).

**RESPONSE TO REQUEST NO. 34**:   Plaintiffs objects to the scope and overbreadth of Request No. 34.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 35:**   All documents, not privileged, reflecting or relating to facts

supporting your allegations in your Complaint concerning Count X – Breach of Implied Warranty of Fitness (Nike, Inc.).

**RESPONSE TO REQUEST NO. 35**: Plaintiffs objects to the scope and overbreadth of Request No. 35. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 36:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XI – Violation of District of Columbia's Consumer Protection Procedures Act (Nike, Inc.).

**RESPONSE TO REQUEST NO. 36**: Plaintiffs objects to the scope and overbreadth of Request No. 36. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 37:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XII – Loss of Consortium and Solatium (Nike, Inc.).

**RESPONSE TO REQUEST NO. 37**: Plaintiffs objects to the scope and overbreadth of Request No. 27. However, without waiving said objection, non-privileged all documents in Plaintiffs' possession have been provided.

**REQUEST NO. 38:** All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XIII – Negligent Failure to Provide Accurate Instructions for Use of Product (Eastbay,Inc.).

**RESPONSE TO REQUEST NO. 38**: Plaintiffs objects to the scope and overbreadth of Request No. 38. However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 39:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XIV – Breach of Express Warranty (Eastbay, Inc.).

**RESPONSE TO REQUEST NO. 39**:   Plaintiffs objects to the scope and overbreadth of Request No. 39.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 40:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XV – Breach of Implied Warranty (Eastbay, Inc.).

**RESPONSE TO REQUEST NO. 40**:   Plaintiffs objects to the scope and overbreadth of Request No. 40.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 41:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XVI – Breach of Implied Warranty of Fitness (Eastbay, Inc.).

**RESPONSE TO REQUEST NO. 41**:   Plaintiffs objects to the scope and overbreadth of Request No. 41.   However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 42:**   All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XVII – Violation of District of Columbia's Consumer Protection Procedures Act (Eastbay, Inc.).

**RESPONSE TO REQUEST NO. 42**:   Plaintiffs objects to the scope and overbreadth of Request No. 42.   However, without waiving said objection, all non-

privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 43:**  All documents, not privileged, reflecting or relating to facts supporting your allegations in your Complaint concerning Count XVIII – Loss of Consortium and Solatium (Eastbay, Inc.).

**RESPONSE TO REQUEST NO. 43**:  Plaintiffs objects to the scope and overbreadth of Request No. 43.  However, without waiving said objection, all non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 44:**  Any and all documents concerning, relating to or explaining why and how you selected the product and/or the subject product for you or for your purchase.

**RESPONSE TO REQUEST NO. 44**:  Plaintiffss object to the scope and overbreadth of Request No. 44.  All such non-privileged documents have been produced.

**REQUEST NO. 45:**  Any and all documents concerning, relating to or explaining what use you intended for the product and/or the subject product.

**RESPONSE TO REQUEST NO. 45**:  Plaintiffs object to the scope and overbreadth of Request No. 45.  All such non-privileged documents have been produced.

**REQUEST NO. 46:**  Any and all documents concerning, relating to or describing any recommendation Plaintiff Weiss and/or Plaintiff Lattova received for the product and/or the subject product.

**RESPONSE TO REQUEST NO. 46**:  Plaintiffs object to the scope and overbreadth of Request No. 46.  All such non-privileged documents have been produced.

**REQUEST NO. 47:**  Any and all documents concerning, relating to or describing any information that Plaintiff Weiss and/or Plaintiff Lattova received

recommending that Plaintiff Weiss and/or Plaintiff Lattova avoid, or suggesting that Plaintiff Weiss and/or Plaintiff Lattova avoid, the product and/or the subject product.

**RESPONSE TO REQUEST NO. 47**: Plaintiffs object to the scope and overbreadth of Request No. 47. All such non-privileged documents have been produced.

**REQUEST NO. 48:** Any and all documents that Plaintiff Weiss and/or Plaintiff Lattova read or saw prior to the purchase of product and/or subject product, including without limitation articles, advertisements, reviews, critiques, recommendations, labels, instructions, descriptions or other documents/photographs/videos regarding the product and/or the subject product.

**RESPONSE TO REQUEST NO. 48**: Plaintiffs object to the scope and overbreadth of Request No. 48. All such non-privileged documents have been produced.

**REQUEST NO. 49:** Any and all documents concerning discussions, communications, or conversations Plaintiff Weiss and/or Plaintiff Lattova had with any defendant or representative of any defendant at any time prior to or after the incident concerning the product and/or subject product and/or the incident.

**RESPONSE TO REQUEST NO. 49**: Plaintiffs object to the scope and overbreadth of Request No. 49. All such non-privileged documents have been produced.

**REQUEST NO. 50:** Any and all documents, including without limitations reports, records, photographs, or writings, by anyone who has inspected, examined, tested, or photographed the subject product or any part of the subject product, or inspected, examined, tested, or photographed Plaintiff Weiss or any part of Plaintiff Weiss, before, during or after the incident.

**RESPONSE TO REQUEST NO. 50**: Plaintiffs object to the scope and

overbreadth of Request No. 50. All such non-privileged documents have been produced.

**REQUEST NO. 51:** Any and all equipment, including without limitation clothing, shoes, braces, medical equipments, physical assistance equipment, that Plaintiff Weiss used or wore when the incident occurred and/or after the incident occurred.

**RESPONSE TO REQUEST NO. 51:** Plaintiffs object to this Request in that it seeks inspection of items which are not documents. However, without waiving said objection, Plaintiffs will make available any such equipment for inspection by Defendants.

**REQUEST NO. 52:** Any and all documents, reports, records, or recordings of private and/or public emergency medical services called to the aid of the Plaintiff Weiss after the incident.

**RESPONSE TO REQUEST NO. 52:** Plaintiffs object to the scope and overbreadth of Request No. 52. However, without waiving said objection, all such non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 53:** All statements, whether written, oral, or recorded by any means, that any party has given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

**RESPONSE TO REQUEST NO. 53:** Plaintiffs object to Request No. 53 in that it requests information that may be privileged and/or attorney work product. However, without waiving said objection, any and all such non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 54:** Any and all physical evidence of the incident or events

alleged in your Complaint and Amended Complaint.

**RESPONSE TO REQUEST NO. 54**: Plaintiffs object to Request No. 54 based on vagueness and it requests information that may be privileged and/or attorney work product. However, without waiving said objection, any and all such non-privileged documents in Plaintiffs' possession have been provided.

**REQUEST NO. 55:** All state and federal income tax forms filed by Plaintiff Weiss and/or Plaintiff Lattova, whether filed individually or jointly, for the tax years from 2001 to the present, including all W-2 forms, and all other forms, attachments and schedules.

**RESPONSE TO REQUEST NO. 55**: Plaintiffs object to this Request based on vagueness and overbreadth. However, without waiving said objection, Plaintiffs are compiling tax returns for the last three years.

**REQUEST NO. 56:** Your trial exhibits and any visual or demonstrative aids to be used at the trial of this matter.

**RESPONSE TO REQUEST NO. 56**: Plaintiffs object to this Request in that it seeks inspection of items that are not documents, that may be privileged and/or a part of attorney work product. However, without waiving said objection, Plaintiffs will make available any such items for inspection by Defendants.

**REQUEST NO. 57:** Access to the gym, basketball court, or other location where the incident occurred, for inspection, non-destructive testing, examination, activity and/or photographing by defendants and/or their representatives.

**RESPONSE TO REQUEST NO. 57**: Plaintiffs object to this Request in that it seeks inspection of items that are not documents. However, without waiving said

objection, Defendants may have access as requested, upon their contact with Georgetown University which would not require Plaintiffs' permission or authorization.

**REQUEST NO. 58:** Any and all documents reflecting, relating to, concerning, or regarding Plaintiff Weiss and/or Plaintiff Lattova's purchase of the subject product.

**RESPONSE TO REQUEST NO. 58**: Plaintiffs object to this Request on the basis of redundancy, scope and overbreadth. Such information has already been provided.

**REQUEST NO. 59:** Any and all documents and/or communications and/or writings exchanged between Plaintiff Weiss and/or Plaintiff Lattova (or any of your agents or representatives) and any defendant (or any of their respective agents or representatives) concerning the product and/or the subject product, including but not limited to instructions, questions, descriptions, e-mails, labels, and/or receipts, including all communications before, during and after the alleged sale.

**RESPONSE TO REQUEST NO. 59**: Plaintiffs object to this Request on the basis of redundancy, scope and overbreadth. Such information has already been provided.

**REQUEST NO. 60:** Any and all documents relating to, reflecting, concerning or regarding your use of the subject product between the time of purchase until the alleged occurrence.

**RESPONSE TO REQUEST NO. 60**: Plaintiffs object to this Request on the basis of redundancy, scope and overbreadth. Such information has already been provided.

**REQUEST NO. 61:** Any and all documents relating to, reflecting, concerning,

or regarding any other claims and/or lawsuits against anyone for damages or personal injury or property damage or workers' compensation.

      **RESPONSE TO REQUEST NO. 61**:  Plaintiffs object to this Request based on scope and overbreadth.  However, without waiving said objection, Plaintiffs have made no other claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al.        )
                                       )
       Plaintiffs,           )
                                       )
       v.                         )       Case No. 1:07-cv-1019
                                       )
NIKE, INC., a/k/a NIKE USA, INC., et al.,  )
                                       )
       Defendants.          )

## DEFENDANTS NIKE, INC. AND EASTBAY, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS WEISS AND LATTOVA

Defendants Nike, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, propound the following Request for Production upon plaintiffs Arnold B. Weiss (individually "Weiss" or "Plaintiff Weiss") and Silvia Lattova (individually "Lattova" or "Plaintiff Lattova"). Plaintiff Weiss and Plaintiff Lattova (collectively "Plaintiffs") shall respond to the following Request within thirty (30) days after service hereof. These Requests are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.      In producing the documents/things described below, you are requested to furnish all documents in your possession, custody or control, or in the possession, custody or control of your employees, agents, officers or any other representative acting on your behalf, including, if not privileged, your attorneys.

B.      In producing the documents/things described below, you are requested to identify which documents are being produced in response to each request.

1



C.    If any document/thing requested has been lost, discarded or destroyed, the document should be identified as completely as possible, by stating the following information: the nature of the document, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

D.    For any document/thing in existence, but not physically in your possession or custody, or in the possession or custody of your attorneys, but which is in your control, you are requested to execute an authorization to allow to examination and copying of each such document.

E.    If you decline to produce any document/thing because of a claim of privilege, or any other reason, you are requested to provide the following information as to each document: the date, author and type of document, the name of the person for whom the document was prepared, a summary of the contents and a detailed description of the privilege or reason for non-production.

F.    This request is continuing and thereby requires further and supplemental production if you obtain additional documents/things falling within the scope of this request between the time of initial production and the time of hearing or trial.

### Definitions

A.    The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiffs, individually and jointly, and the persons mentioned in Instruction A above.

B.    The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.    The term "DOCUMENT" means the original and any copy (whether or

2

not different from the original because of notes made on or attached to such copy) of all letters, correspondence, records, lists, memoranda, reports, and all other documentary material (including without limitation microfilm, tapes, CD's, DVD's, MP3 files, PDF files, JPEG files, digitally recorded files/data, electronically recorded files/data, e-mail, and voicemail) of any nature whatsoever.

  D. The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

  E. The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

  F. The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules

3

of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

      G.     A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

      H.     The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

      I.     The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

      J.     The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

### REQUESTS

      1.     The hard drive of the computer plaintiff(s) used to order the subject product.

      2.     The hard drive of the computer plaintiff(s) used to research the product.

      3.     The hard drive of the computer plaintiff(s) used to shop for the product.

      4.     The hard drive of the computer that contains the contracts and/or documents supporting plaintiff Weiss's claim for lost wages.

      5.     The hard drive of the computer in plaintiff Weiss' home office and/or residence on which any electronic information may reside concerning the contracting,

servicing, income, costs, and billing for Weiss and/or New Alliance Media Group, LLC from 2003 to 2005.

NIKE, INC. AND EASTBAY, INC.

By:    _/s/ David D. Hudgins_____
            Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of May 2008, a true copy of the foregoing was sent via e-mail and first class mail, postage prepaid to:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

____/s/ David D. Hudgins_____
            Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al.          )
                                      )
      Plaintiffs,            )
                                      )
      v.                   )      Case No. 1:07-cv-1019 (RJL)
                                      )
NIKE, INC., a/k/a NIKE USA, INC., et al., )
                                      )
      Defendants.        )

## NOTICE OF EXAMINATION

PLEASE TAKE NOTICE that on May 13, 2008 at 9:30 a.m., by agreement of the

parties, plaintiff Arnold Weiss shall appear for a physical examination pursuant to Rule

35 at the offices of Louis Levitt, M.D., 1850 M Street, NW, Suite 750, Washington, DC

20036.

NIKE, INC. AND EASTBAY, INC.

            By:      /s/ David D. Hudgins
                         Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE
I HEREBY CERTIFY that on the 4th day of April 2008, a true copy of the
foregoing was sent via e-mail and first class mail, postage prepaid to:

      Prabir Chakrabarty, Esquire
      RESNICK & SCHWARTZMAN, L.L.C.
      One East Franklin Street, Suite 200
      Baltimore, Maryland 21202
      pc@rs-atty.com

                        /s/ David D. Hudgins
                           Counsel



EXHIBIT

L

tabbies

# HUDGINS
## L A W   F I R M

515 KING STREET, SUITE 400
ALEXANDRIA, VIRGINIA 22314
(703) 739-3300
FAX (703) 739-3700
*www.hudginslawfirm.com*

May 22, 2008

**VIA E-MAIL & MAIL**
Robert M. Schwartzman, Esquire
Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202

Re:    Arnold B. Weiss, et al. v. Nike, Inc. a/k/a Nike USA, Inc., et al.
Case No. 1:07-cv-1019

Dear Mr. Schwartzman and Mr. Chakrabarty:

I received your clients' executed responses to my clients' discovery requests. However, there are several requests to which your clients have either refused to respond, or to which your clients have not completely responded. Additionally, please confirm that your clients have responded in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia, rather than the Maryland Rules of Procedure referenced in the preface to your clients' responses. Particularly, please note that your clients must respond with electronic files as well.

As to **Mr. Weiss**, please supplement as follows:

Nike's Interrogatory No. 4 – Please provide the requested information concerning each expert identified in your Expert Designation.

Nike's Interrogatory No. 8 – State the total amount of lost wages that Mr. Weiss claims and the dates and hours of work lost. Provide all documents supporting the lost wage claims, including but not limited to the all tax returns, the contract with World Bank, the proposal with Booz Allen, the offer from the DNC, and the contract with the Kerry Edwards Campaign.

Nike's Interrogatory No. 9 & 10 – Both plaintiffs claim they sought the services of a marriage therapist. Please identify the therapist and the dates of service, and provide all records and invoices. Please also provide the invoices from Advanced Sportsmedicine & Wellness Institute, and the medical records from Georgetown, Fairfax Surgical Center, and the ambulance service/EMTs.

601 PENNSYLVANIA AVE., N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C. 20004

201 N. CHARLES STREET
SUITE 600
BALTIMORE, MARYLAND 21201


EXHIBIT
M

Robert Schwartzman & Prabir Chakrabarty
May 22, 2008
Page 2

Nike's Interrogatory No. 11 – Your client is making a claim for physical and
mental injuries, and identification of all Providers (as defined in the requests)
prior to the incident and up to present is relevant. Identify all Providers who
rendered any services to Mr. Weiss for the past ten years. If Mr. Weiss never
went to any Providers in the past ten years, then so state.

Nike's Interrogatory No. 13 – Provide an itemization of the lost wages claimed.

Nike's Interrogatory No. 14 – Please respond as to whether Mr. Weiss has been
injured in the past ten years (and the nature of any such injuries).

Eastbay's Interrogatory No. 2 – Please provide a description of the
communications Mr. Weiss had with any representative of defendants, and if such
communication was in writing, provide a copy.

Eastbay's Interrogatory No. 7 – Both plaintiffs claim they sought the services of a
marriage therapist. Please identify the therapist and the dates of service, and
provide all records and invoices.

Eastbay's Interrogatory No. 9 – Please provide the requested information
concerning each expert identified in your Expert Designation.

Eastbay's Interrogatory Nos. 13 & 14 – What professional and college players
wore identical or similar Nike shoes? What advertisements did Mr. Weiss see?

Eastbay's Interrogatory No. 15 – Mr. Weiss's physical and mental condition are at
issue, and any prescriptions or other substances he consumed in the time before
the incident are relevant. Please withdraw your objection.

Eastbay's Interrogatory No. 16 – A witness's credibility is squarely at issue and
convictions are directly relevant to credibility. Please withdraw your objection.

As to **Ms. Lattova**, please supplement as follows:

Nike's Interrogatory No. 4 – Please provide the requested information concerning
each expert identified in plaintiffs' Expert Designation.

Nike's Interrogatory No. 5 – Please respond properly; if your client has withheld
documents, identify each such document by description and date, the privilege
you claim, and identify the custodian of each such document. If your client has
not withheld any documents, so state.

Nike's Interrogatory No. 8 – State the amount of lost wages claimed, and provide
all documents supporting such claim. Such documents should include, but are not

Robert Schwartzman & Prabir Chakrabarty
May 22, 2008
Page 3

limited to, all grade reports, all law school applications and attachments, all documents/correspondence concerning law school admission or rejection.

Nike's Interrogatory No. 9 – Ms. Lattova claims injuries/damages of "severe stress", "insomnia", loss of concentration, and "gastro-intestinal problems", and the need for marriage therapy. Please provide all documents, including but not limited to medical records or therapy records, supporting such claims.

Nike's Interrogatory Nos. 11 – Ms. Lattova has objected to and has refused to respond to this request concerning persons who provided care to her over the past ten years, claiming that she is not making a claim "for physical or mental injuries." However, she responded to the prior Interrogatory stating that she has suffered from "severe stress", "insomnia", and "gastro-intestinal problems", and that she and Mr. Weiss have seen a "marriage therapist", all as a result of the alleged incident. Ms. Lattova is obviously seeking damages for mental and physical injury, and her mental and physical condition are at issue. Consequently, this information must be provided. If Ms. Lattova refuses to provide this information, I ask that she then voluntarily dismiss her claims entirely.

Nike's Interrogatory No. 12 – Ms. Lattova claims permanent damage, but does not identify any Provider making such prognosis.

Nike's Interrogatory No. 13 – Please itemize the amount of damages Ms. Lattova Claims, and all documents supporting such damages (see above No. 8). As Ms. Lattova claims that her grades in law school were not as good as before, please provide all grade reports for all of her schooling.

Nike's Interrogatory No. 17 – As discussed above, Ms. Lattova is making a claim for physical injuries, and her prior condition is relevant. Against, if Ms. Lattova refuses to provide this information, I ask that she voluntarily dismiss her claims.

Nike's Interrogatory No. 22 – A witness's credibility is squarely at issue and convictions are directly relevant to credibility. Please withdraw your client's objection.

Eastbay's Interrogatory No. 6 – Please provide the requested information concerning each expert identified in your Expert Designation.

Robert Schwartzman & Prabir Chakrabarty
May 22, 2008
Page 4

Regarding the Request for Production to both Mr. Weiss and Ms. Lattova, in addition to the documents/things described above in conjunction with the interrogatories, please supplement as follows:

Request Nos. 3 & 4 & 10 – Please provide the requested documents concerning each expert. These requests also include all documents sent to/from your experts, or prepared by your experts.

Request No. 9 – Produce all documents relating to or supporting the damages claimed by both Mr. Weiss and Ms. Lattova, as discussed above, including but not limited to medical records, bills, invoices, therapy records and invoices, tax returns, all contracts mentioned by Mr. Weiss in his interrogatory answers, all grade reports of Ms. Lattova.

Request No. 12 & 16 – Please provide the described records of Mr. Weiss from the past ten years. Your client has only provided some records of treatment after the alleged incident. As discussed above, this should also include the marriage therapy records.

Request No. 13, 15, 17 & 19 – Please produce the described records of Ms. Lattova from the past ten years, and any records concerning permanency. Contrary to your client's assertion, she is making a claim for physical and mental injuries and her prior condition is relevant, and the permanency of any injury alleged is also relevant. Again, as mentioned about, this should also include the marriage therapy records.

Request No. 20 – No treatises were produced. Please produce such treatises, etc.

Request No. 21 – Please produce the marriage certificate/license.

Request No. 23 – A description of photographs taken by Ms. Lattova was produced; however, the photographs were not produced. Please provide the photos.

Request No. 44 – No such documents were produced concerning why and how Mr. Weiss selected the product. Please provide and/or identify such documents.

Request No. 45 – No such documents were produced concerning Mr. Weiss intended use. Please provide and/or identify such documents.

Request No. 46 & 48 – Mr. Weiss responded to the Interrogatories stating that no one recommended the shoe, but that he had seen advertisements for the product. Please provide the advertisements.

Request No. 51 – Please identify the equipment and state when and where it will be available for inspection.

Robert Schwartzman & Prabir Chakrabarty
May 22, 2008
Page 5


Request No. 55 – Please also produce all tax returns from 2001 to present. Although you state that the last three years will be provided, that time frame does not even include the year of the incident.


As Ms. Lattova's deposition is set for May 29, please provide supplementation by Noon on May 28, 2008. Again, if Ms. Lattova refuses to provide information concerning her physical and mental condition, please provide me with a stipulation of voluntary dismissal of her claims.

Sincerely,

Robert E. Draim

SchwartzmanChakrabarty 5-22-08


# HUDGINS
## L A W   F I R M

515 KING STREET, SUITE 400
ALEXANDRIA, VIRGINIA  22314
(703) 739-3300
FAX (703) 739-3700
*www.hudginslawfirm.com*

May 30, 2008

**VIA E-MAIL & MAIL**
Robert M. Schwartzman, Esquire
Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202

> Re:    Arnold B. Weiss, et al. v. Nike, Inc. a/k/a Nike USA, Inc., et al.
>          Case No. 1:07-cv-1019

Dear Mr. Schwartzman and Mr. Chakrabarty:

We have not received any supplementation of your clients' discovery responses despite our specific requests by letter dated May 22, 2008. Please provide supplementation by June 6, 2008. The supplemental responses should include the plaintiffs' tax returns for 2001 through 2007, and I note that Ms. Lattova confirmed yesterday that a return was filed for 2007. We are also awaiting receipt of financial and other documentation relating to New Alliance. Otherwise, we will have no choice but to file a Motion to Compel.

Additionally, as requested previously and as discussed during the deposition of Ms. Lattova yesterday, please provide the CD of photographs that were taken by Ms. Lattova. Also, Ms. Lattova testified that she had paid the marriage counselor that she and/or Mr. Weiss saw several times, although she did not remember the name of the counselor. Please provide the identification of the counsel, as well as all invoices from the counselor and the checks, check registers, credit card receipts and/or credit card statements showing payments to the counselor.

As to the examination of Mr. Weiss, Dr. Levitt has an appointment available on July 1, 2008 at 8:30am. Unless there is a cancellation between now and July, this is the earliest available appointment we could get. Please confirm that the date and time is agreeable. If an earlier appointment becomes available, I will let you know.

If we do not receive full supplementation by June 6, we will plan on filing the appropriate motion. We look forward to your prompt reply.

Sincerely,

Robert E. Draim

SchwartzmanChakrabarty 5-30-08

601 PENNSYLVANIA AVE., N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C.  20004

201 N. CHARLES STREET
SUITE 600
BALTIMORE, MARYLAND  21201


**EXHIBIT**
**N**

**Debra Stafford**

| | |
|---|---|
| **From:** | Prabir Chakrabarty [pc@rs-atty.com] |
| **Sent:** | Friday, June 06, 2008 4:59 PM |
| **To:** | Debra Stafford |
| **Subject:** | Re: Weiss |
| **Attachments:** | IMG_1440.pdf; IMG_1439.pdf; IMG_1438.pdf; IMG_1437.pdf; IMG_1436.pdf |

Debra,

Please find the photos you had requested, which I will need to send in consecutive e-mails because of their size.  My clients are still working on the names you had requested.  As ot he documents, most are on the afore-mentioned non-functioning hard drive.

Prabir

----- Original Message -----
**From:** Debra Stafford
**To:** Prabir Chakrabarty ; rms@rs-atty.com
**Sent:** Friday, May 30, 2008 3:49 PM
**Subject:** Weiss

Please see the attached.

Thanks,

Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile



EXHIBIT

O

6/9/2008



# HUDGINS
## LAW FIRM

515 KING STREET, SUITE 400
ALEXANDRIA, VIRGINIA 22314
(703) 739-3300
FAX (703) 739-3700
*www.hudginslawfirm.com*

June 3, 2008

**VIA E-MAIL & MAIL**
Robert M. Schwartzman, Esquire
Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202

> Re:  Arnold B. Weiss, et al. v. Nike, Inc. a/k/a Nike USA, Inc., et al.
>       Case No. 1:07-cv-1019

Dear Mr. Schwartzman and Mr. Chakrabarty:

We received your clients' Responses to Defendants' Second Request for Production.  To clarify, we have asked that the hard drive be produced at this office within 30 days, which have now passed.  If you wish more specifics as to a protocol, there are two options:  (1) you can have a qualified e-discovery professional make a mirror image of the hard drive and send it to our e-discovery professional (e-fense, Inc.), or (2) you can send the hard drive to our e-discovery professional, e-fense, Inc., who will make the mirror image and then send the hard drive back to you, which would take about 1-2 days.

After getting a mirror image, our e-discovery professional will run a search with the relevant keywords for purposes of collection of relevant data/documents. Additionally, our e-discovery professional will run a search with the names of your clients' attorneys (with names to be provided by you) so that any of those documents can be produced to you (without the professional looking at them) for your review to determine any privilege.

Please contact me as to whether you prefer to have the mirror image of the hard drive made by your own e-discovery professional, or if you wish to send the hard drive to our professional to make the mirror image.

Sincerely,

Robert E. Draim

SchwartzmanChakrabarty 6-3-08

601 PENNSYLVANIA AVE., N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C. 20004

201 N. CHARLES STREET
SUITE 600
BALTIMORE, MARYLAND 21201



**EXHIBIT**

Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARNOLD B. WEISS, et al | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:07-cv-1019 |
| NIKE, INC. 1/k// NIKE USA, Inc., et al | * | |
| Defendants | * | |

### PLAINTIFFS, ARNOLD B. WEISS AND SILVIA LATTOVA'S RESPONSE TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

COME NOW The Plaintiffs, Arnold B. Weiss and Silvia Lattova, by and through their attorneys, Robert M. Schwartzman, Prabir Chakrabarty and Resnick & Schwartzman, LLC, and pursuant to the Federal Rules, respond to Defendants, NIKE, INC., a/k/a NIKE USA, INC., and Eastbay, Inc.'s Second Request for Production of Documents and Things, specifically Requests No.1 through No. 5, and say:

### GENERAL OBJECTIONS

The Defendants' Second Request for Production of Documents and Things does not comply with Federal Rules of Civil Procedure Rule 34(b)(1)(B) as it does not specify a reasonable time, place and manner for the inspection of the subject hard drive, and, additionally, it violates the terms of Federal Civil Rules of Procedure Rule 34(b)(2)(E)(ii) to the extent that it does not specify a form for producing electronically stored information.

Request No. 1. The hard drive of the computer plaintiff(s) used to order the subject product.



EXHIBIT
P

Response No. 1. Plaintiffs object to the scope and overbreadth of the request to physically produce hard drives, in that the subject hard drives contain sensitive, personal, and even privileged attorney/client information as well as irrelevant business data. If the Defendants specify various electronic documents and/or files on these hard drives they wish Plaintiffs to produce, Plaintiffs will comply and produce same, insofar as they are relevant, and not sensitive, personal, privileged attorney/client information or business data and they are still in the Plaintiffs' possession.

Request No. 2. The hard drive of the computer plaintiff(s) used to research the product.

Response No. 2. Plaintiffs object to the scope and overbreadth of the request to physically produce hard drives, in that the subject hard drives contain sensitive, personal, and even privileged attorney/client information as well as irrelevant business data. If the Defendants specify various electronic documents and/or files on these hard drives they wish Plaintiffs to produce, Plaintiffs will comply and produce same, insofar as they are relevant, and not sensitive, personal, privileged attorney/client information or business data and they are still in the Plaintiffs' possession.

Request No. 3. The hard drive of the computer plaintiff(s) used to shop for the product.

Response No. 3. Plaintiffs object to the scope and overbreadth of the request to physically produce hard drives, in that the subject hard drives contain sensitive, personal, and even privileged attorney/client information as well as irrelevant business data. If the Defendants specify various electronic documents and/or files on these hard drives they wish Plaintiffs to produce, Plaintiffs will comply and produce same, insofar as they are

relevant, and not sensitive, personal, privileged attorney/client information or business data and they are still in the Plaintiffs' possession.

Request No. 4. The hard drive of the computer that contains the contracts and/or documents supporting plaintiff Weiss' claim for lost wages.

Response No. 4. Plaintiffs object to the scope and overbreadth of the request to physically produce hard drives, in that the subject hard drives contain sensitive, personal, and even privileged attorney/client information as well as irrelevant business data. If the Defendants specify various electronic documents and/or files on these hard drives they wish Plaintiffs to produce, Plaintiffs will comply and produce same, insofar as they are relevant, and not sensitive, personal, privileged attorney/client information or business data and they are still in the Plaintiffs' possession.

Request No. 5. The hard drive of the computer in plaintiff Weiss' home office and/or residence on which any electronic information may reside concerning the contracting, servicing, income, costs, and billing for Weiss and/or New Alliance Media Group, LLC from 2003 to 2005.

Response No. 5. Plaintiffs object to the scope and overbreadth of the request to physically produce hard drives, in that the subject hard drives contain sensitive, personal, and even privileged attorney/client information as well as irrelevant business data. If the Defendants specify various electronic documents and/or files on these hard drives they wish Plaintiffs to produce, Plaintiffs will comply and produce same, insofar as they are relevant, and not sensitive, personal, privileged attorney/client information or business data and they are still in the Plaintiffs' possession.

Respectfully submitted,
RESNICK & SCHWARTZMAN, L.L.C.


_____/s/_____
Robert M. Schwartzman
Prabir Chakrabarty
One East Franklin Street
Baltimore, Maryland 21202
(410) 539-6087
Attorneys for Plaintiffs


    I HEREBY CERTIFY That, on this 2nd day of June, 2008, a copy of the

foregoing Response to Defendants' Second Request for Production of Documents or

Things was sent via e-mail and prepaid First Class U.S. Postage to David D. Hudgins,

Esquire, Hudgins Law Firm, P.C., 515 King Street, Suite 400, Alexandria, VA 22314,

Attorneys for Defendants.


_____/s/_____
Prabir Chakrabarty

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ARNOLD B. WEISS, et al.**                        )
                                                  )
    **Plaintiffs,**                             )
                                                  )
    **v.**                                     )      **Case No. 1:07-cv-1019 (RJL)**
                                                  )
**NIKE, INC., a/k/a NIKE USA, INC., et al.,**  )
                                                  )
    **Defendants.**                             )

## ORDER

UPON CONSIDERATION of defendants Nike, Inc. and Eastbay, Inc.'s Motion

to Compel against plaintiffs Arnold Weiss and Silvia Lattova; and the submissions filed,

along with the entire record herein; and [the lack of] any opposition to the motion; it is

hereby

ORDERED that defendants' Motion to Compel is GRANTED; and it is further

ORDERED that within 10 days of the date of this Order, plaintiff Weiss shall

provide full and complete Answers to Nike's Interrogatory Nos. 4, 8, 9, 10, 11, 13 and 14

and Eastbay's Interrogatory Nos. 2, 7, 9, 13, 14, 15, and 16; and it is

ORDERED that within 10 days of the date of this Order, plaintiff Lattova shall

provide full and complete Answers to Nike's Interrogatory Nos. 4, 5, 8, 9, 11, 12, 13, 17,

and 22 and Eastbay's Interrogatory No. 6; and it is

ORDERED that within 10 days of the date of this Order, plaintiffs Weiss and

Lattova shall produce all documents responsive to, and provide full and complete

responses to, Nike and Eastbay's Request for Production Nos. 3, 4, 9, 10, 12, 13, 15, 16,

17, 19, 20, 21, 44, 45, 46, 48, 51, and 55; and it is

ORDERED that within 5 days of the date of this Order, plaintiffs Weiss and Lattova shall send the hard drive of the computer responsive to Nike and Eastbay's Second Request for Production to e-fense, Inc. at 120 North Saint Asaph Street, Alexandria, Virginia 22314, for recovery, mirroring and searching of the hard drive; and it is

ORDERED that within 5 days of the date of this Order, plaintiff Weiss shall pay to defendants $650 for reimbursement of the "no-show" fee incurred by Nike and Eastbay for the failure of Weiss to participate in the physical examination that was scheduled for May 13, 2008.

SO ORDERED.

_____
Honorable Richard J. Leon,
United States District Judge

cc:

David D. Hudgins (D.C. Bar # 362451)
Robert E. Draim (admitted *pro hac vice*)
Hudgins Law Firm, P.C.
515 King Street, Suite 400
Alexandria, VA  22314

Prabir Chakrabarty, Esq. (Fed. Bar #25524)
Robert M. Schwartzman, Esq. (admitted *pro hac vice*)
Resnick & Schwartzman, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202