**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Tuesday, April 29, 2008 5:07 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Can you put in am extension of our rebuttal expert designation deadline as well.

Thanks,

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Cc:** Robert Draim
> **Sent:** Tuesday, April 29, 2008 4:20 PM
> **Subject:** Weiss
>
> Dear Prabir –
>
> Thank you for your voicemail and your professional courtesy. Per our discussion, this will confirm that my clients Nike & Eastbay will disclose the names, addresses, and specialties of experts by this Friday, May 2. We will then file the full designation of the experts' opinions and their reports by May 16, except for Dr. Levitt, since his examination of Mr. Weiss is not until May 13. We will plan on filing Dr. Levitt's designation and report after receipt, within 7-10 days of the examination (by May 23).
>
> If our experts are available this Friday, May 2 to view the shoes at your offices, I will let you know as soon as possible and will confirm a time.
>
> As we have agreed to extend the discovery deadlines, I will prepare a joint motion that will request an extension of fact discovery until July 15, 2008 and expert discovery until July 31, 2008. That adds about six weeks to the original deadlines.
>
> If the above is incorrect in any way, please let me know immediately.
>
> Thanks, Debra
>
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA 22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile


EXHIBIT A

**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Tuesday, April 29, 2008 5:07 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Can you put in am extension of our rebuttal expert designation deadline as well.

Thanks,

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Cc:** Robert Draim
> **Sent:** Tuesday, April 29, 2008 4:20 PM
> **Subject:** Weiss
>
> Dear Prabir –
>
> Thank you for your voicemail and your professional courtesy. Per our discussion, this will confirm that my clients Nike & Eastbay will disclose the names, addresses, and specialties of experts by this Friday, May 2. We will then file the full designation of the experts' opinions and their reports by May 16, except for Dr. Levitt, since his examination of Mr. Weiss is not until May 13. We will plan on filing Dr. Levitt's designation and report after receipt, within 7-10 days of the examination (by May 23).
>
> If our experts are available this Friday, May 2 to view the shoes at your offices, I will let you know as soon as possible and will confirm a time.
>
> As we have agreed to extend the discovery deadlines, I will prepare a joint motion that will request an extension of fact discovery until July 15, 2008 and expert discovery until July 31, 2008. That adds about six weeks to the original deadlines.
>
> If the above is incorrect in any way, please let me know immediately.
>
> Thanks, Debra
>
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA  22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile


EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-1019 |
| | ) |
| NIKE, INC., a/k/a NIKE USA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS NIKE, INC. AND EASTBAY, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS WEISS AND LATTOVA

Defendants Nike, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, propound the following Request for Production upon plaintiffs Arnold B. Weiss (individually "Weiss" or "Plaintiff Weiss") and Silvia Lattova (individually "Lattova" or "Plaintiff Lattova"). Plaintiff Weiss and Plaintiff Lattova (collectively "Plaintiffs") shall respond to the following Request within thirty (30) days after service hereof. These Requests are to be read and answered under oath in accordance with the following instructions and definitions:

### General Instructions and Definitions

A.  In producing the documents/things described below, you are requested to furnish all documents in your possession, custody or control, or in the possession, custody or control of your employees, agents, officers or any other representative acting on your behalf, including, if not privileged, your attorneys.

B.  In producing the documents/things described below, you are requested to identify which documents are being produced in response to each request.



EXHIBIT B

1

C.  If any document/thing requested has been lost, discarded or destroyed, the document should be identified as completely as possible, by stating the following information: the nature of the document, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

D.  For any document/thing in existence, but not physically in your possession or custody, or in the possession or custody of your attorneys, but which is in your control, you are requested to execute an authorization to allow to examination and copying of each such document.

E.  If you decline to produce any document/thing because of a claim of privilege, or any other reason, you are requested to provide the following information as to each document: the date, author and type of document, the name of the person for whom the document was prepared, a summary of the contents and a detailed description of the privilege or reason for non-production.

F.  This request is continuing and thereby requires further and supplemental production if you obtain additional documents/things falling within the scope of this request between the time of initial production and the time of hearing or trial.

### Definitions

A.  The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiffs, individually and jointly, and the persons mentioned in Instruction A above.

B.  The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.  The term "DOCUMENT" means the original and any copy (whether or

2

not different from the original because of notes made on or attached to such copy) of all letters, correspondence, records, lists, memoranda, reports, and all other documentary material (including without limitation microfilm, tapes, CD's, DVD's, MP3 files, PDF files, JPEG files, digitally recorded files/data, electronically recorded files/data, e-mail, and voicemail) of any nature whatsoever.

D. The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

E. The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

F. The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules

of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.  A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.  The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.  The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.  The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

## REQUESTS

**REQUEST NO. 1:**  The subject product, particularly the pair of shoes that Plaintiff Weiss was wearing when the alleged incident occurred.

**REQUEST NO. 2:**  Any and all statements, whether written or recorded by any means, of any witnesses to the incident given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

**REQUEST NO. 3:**  For each and every expert you identify in response to Defendants' Interrogatories, provide each expert's most recent *curriculum vitae* including

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:07-cv-1019 |
| | ) |
| NIKE, INC., a/k/a NIKE USA, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFFS WEISS AND LATTOVA'S RESPONSES TO DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS FROM NIKE, INC. AND EASTBAY, INC.

Plaintiffs Arnold Weiss and Silvia Lattova, by and through their attorneys, Robert M. Schwartzman, Prabir Chakrabarty and Resnick & Schwartzman, LLC and pursuant to Federal Rules, respond to Request for Production of Documents from Defendants Nike, Inc. a/k/a NIKE USA Inc. ("Nike") and Eastbay, Inc.'s ("Eastbay"), and say:

### REQUESTS

**REQUEST NO. 1:** The subject product, particularly the pair of shoes that Plaintiff Weiss was wearing when the alleged incident occurred.

**RESPONSE TO REQUEST NO. 1**: Plaintiffs object to Request No. 1 in that it does not request a document as stated in the title to this discovery request. Nevertheless, without waiving said objection, Mr. Weiss and Ms. Lattova have made the subject shoes available for inspection and photography by the Defendants.

**REQUEST NO. 2:** Any and all statements, whether written or recorded by any means, of any witnesses to the incident given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

EXHIBIT C

**From:** Debra Stafford
**Sent:** Tuesday, May 06, 2008 11:40 AM
**To:** 'Prabir Chakrabarty'
**Subject:** Weiss

Dear Prabir –

As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.

We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.

Thanks, Debra



Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile



EXHIBIT D

**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Friday, May 09, 2008 4:24 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Dear Debra:

I apologize that I have not responded sooner. Ms. Lattova will be out of town on the 20 and 21st, but she is available the next week on the 29th or 30th.

As to the shoes, we can not agree to send the shoes to your expert. We continue to make the shoes available to you at our office. If we were to accompany the shoes to the testing, we would require your office to pay our time and travel to Tennessee.

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Sent:** Tuesday, May 06, 2008 11:40 AM
> **Subject:** Weiss
>
> Dear Prabir –
>
> As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.
>
> We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.
>
> Thanks, Debra
>
>
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA  22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile


EXHIBIT E

**From:** Debra Stafford
**Sent:** Tuesday, May 13, 2008 10:32 AM
**To:** 'Prabir Chakrabarty'
**Subject:** RE: Weiss

Dear Prabir –

We will notice Ms. Lattova's deposition for May 29th at 10:00am.

As to the shoes, in order to avoid a motion, we would agree to meet you halfway. We would bring our expert to Richmond on our dime, if you agree to go to Richmond on your dime. Our expert would be able to meet in Richmond on May 23, before noon. Please let me know if that is agreeable, and we will make the arrangements. Additionally, we would need an extension on Mr. Neal's report since you are not willing to send the shoes to him.

Thanks,
Debra

Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

---

**From:** Prabir Chakrabarty [mailto:pc@rs-atty.com]
**Sent:** Friday, May 09, 2008 4:24 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Dear Debra:

I apologize that I have not responded sooner. Ms. Lattova will be out of town on the 20 and 21st, but she is available the next week on the 29th or 30th.

As to the shoes, we can not agree to send the shoes to your expert. We continue to make the shoes available to you at our office. If we were to accompany the shoes to the testing, we would require your office to pay our time and travel to Tennessee.

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Sent:** Tuesday, May 06, 2008 11:40 AM
> **Subject:** Weiss
>
> Dear Prabir –
>
> As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.
>
> We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.
>
> Thanks, Debra

EXHIBIT F

Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Thursday, May 15, 2008 10:46 AM
**To:** Debra Stafford
**Subject:** Re: Weiss

Debra,

Ms. Lattova is available at 12:30 on May 29th, if you are available at that time.

As to the expert examination, we have produced the shoes on at least two occasions for your experts to examine same. We don't have an obligation to drive the shoes to your expert. If you have case law saying otherwise please provide it to me. We continue to make the shoes available for your expert to examine at our office, that offer stands as-is.

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Sent:** Tuesday, May 13, 2008 10:31 AM
> **Subject:** RE: Weiss
>
> Dear Prabir –
>
> We will notice Ms. Lattova's deposition for May 29th at 10:00am.
>
> As to the shoes, in order to avoid a motion, we would agree to meet you halfway. We would bring our expert to Richmond on our dime, if you agree to go to Richmond on your dime. Our expert would be able to meet in Richmond on May 23, before noon. Please let me know if that is agreeable, and we will make the arrangements. Additionally, we would need an extension on Mr. Neal's report since you are not willing to send the shoes to him.
>
> Thanks,
> Debra
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA 22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile
>
> ---
>
> **From:** Prabir Chakrabarty [mailto:pc@rs-atty.com]
> **Sent:** Friday, May 09, 2008 4:24 PM
> **To:** Debra Stafford
> **Subject:** Re: Weiss
>
> Dear Debra:
>
> I apologize that I have not responded sooner. Ms. Lattova will be out of town on the 20 and 21st, but she is available the next week on the 29th or 30th.
>
> As to the shoes, we can not agree to send the shoes to your expert. We continue to make the shoes available to you at our office. If we were to accompany the shoes to the testing, we would require your office to pay our time and travel to Tennessee.
>
> Prabir

EXHIBIT G

----- Original Message -----
**From:** Debra Stafford
**To:** Prabir Chakrabarty
**Sent:** Tuesday, May 06, 2008 11:40 AM
**Subject:** Weiss

Dear Prabir –

As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.

We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.

Thanks, Debra



Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile