IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS, et al. ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     v. ) | Case No. 1:07-cv-1019 (RJL) |
| ) | |
| NIKE, INC., a/k/a NIKE USA, INC., et al., ) | |
| ) | |
|     **Defendants.** ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INSPECTION OF TANGIBLE OBJECT

Defendants, Nike, Inc., a/k/a Nike USA, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by and through undersigned counsel, hereby file this Reply in Support of their Motion to Compel Inspection of Tangible Object pursuant to Federal Rule of Civil Procedure 34 for good cause. In support thereof, Nike and Eastbay state as follows:

1.  Plaintiffs Weiss and Lattova's version of the facts concerning the production of the subject shoes is not completely accurate. Only **one** of defendants' experts has merely inspected the shoes, Stephan Duma, Ph.D. (an engineering/biomechanics expert), who attended the deposition of plaintiff Weiss and viewed the shoes at that time. The other person who was present at the deposition of Weiss was the Nike risk management employee assigned to this case, not an expert.

2.  In contrast, Plaintiffs' expert who is located in New York has been permitted by Plaintiffs' counsel to view and **test** the actual shoes and, as mentioned in Defendants' original Motion, it appears logical that those shoes were shipped to that expert for his viewing and testing at his own lab/office. Plaintiffs have not denied that

the shoes were shipped to their own expert. Nike and Eastbay's expert just wants to view the shoes and asks that the shoes be shipped to him.

3. Counsel for Plaintiffs has not permitted "unrestricted access" to the subject shoes. Counsel for Plaintiffs only made the shoes available at Plaintiffs' counsel's offices, which are in Baltimore, where undersigned counsel have viewed and photographed the shoes under the strict supervision of Plaintiffs' counsel, and once at Weiss's deposition pursuant to Defendants' timely Notice of Deposition *Duces Tecum*.

4. There are multiple claims in this case, including allegations of design *and* manufacturing defects as well as various physical/mental health injuries, requiring defendants to retain multiple experts to address each of these issues. Each of the design, engineering/biomechanics, and manufacturing experts needs to inspect the subject shoes.

5. Defendants' counsel did confer with Plaintiffs' counsel and attempted to resolve this issue without court intervention and counsel certifies the same. In the Motion, counsel noted that despite multiple requests, plaintiffs still refused to ship the shoes to defendants' expert and the issue could not be resolved.

6. Nike and Eastbay asked if Plaintiffs would ship the shoes to Nike and Eastbay's shoe manufacturing expert, Thomas Neal, in Tennessee. Plaintiffs refused. Nike and Eastbay asked if Plaintiffs would take the shoes to Mr. Neal; Plaintiffs' counsel said they would only do so if defendants paid for the full cost of Plaintiffs' counsel's time and travel. Nike and Eastbay then asked if Plaintiffs would agree to meet half-way in Richmond, Virginia, where Nike and Eastbay would pay for Mr. Neal's travel and Plaintiffs would pay for their own travel. Plaintiffs again refused.

7.     The tenor taken by Plaintiffs' Opposition is completely belied by the actual exhibits attached to their Opposition.  Defendants did not say that the experts would definitely go to Baltimore to view the shoes.  Defendants' counsel stated in an e-mail (Exhibit 1 to the Opposition, also attached hereto as Exhibit A) that two of defendants' experts might be able to view the shoes on May 2nd, if the experts were available.  However, the experts were not available to travel to Baltimore to view the shoes on that date.  Plaintiffs' Opposition very liberally interprets that e-mail, contrary to the plain language, "**if** our experts are available".  See Exhibit A (emphasis added).

8.     Plaintiffs' counsel incorrectly suggests that Defendants failed to comply with Federal Rule 34(a)(1) concerning provision of a "reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. Pro. 34(a)(1).  In the Request for Production, Nike and Eastbay asked that the responsive documents/things be provided within 30 days at the offices of Nike and Eastbay's counsel.  See Exhibit B, portion of Defendants' Request for Production.  Plaintiffs did not object to Request No. 1, which asked for the subject shoes, except to complain that the title of the Request for Production did not say "things".  See Exhibit C.  However, plaintiffs did not produce the shoes at defendants' counsel's office and stated the shoes had been made available (but did not even note in their response that the shoes would only be available at Plaintiffs' counsel's offices).  In any event, Plaintiffs' discussion as to specification of a time and place for production is essentially irrelevant since Plaintiffs have basically said they will not agree to let the shoes out of their office and/or control anyway.

9.     The cases cited by Plaintiffs in their Opposition are easily distinguishable. First, Plaintiffs cite to Holliday, et. al. v. Extex, et. al., a case in which a defendant's

3

request to inspect is denied because it did not make a formal request for production pursuant to Rule 34 and the defendant's request was deemed otherwise untimely – two issues that are not present in this case. See Holliday, et. al. v. Extex, et. al., 237 F.R.D. 425 (D. Hawaii 2006) ("Holliday"). Second, Plaintiffs rely on Niagara Duplicator Co. Inc. v. Shackleford, 82 U.S. App. D.C. 45, 160 F.2d 25 (D.D.C. 1947) ("Niagara"), which involved facts distinguishable from the case at hand.

Holliday involved a negligence action brought by the widow of a pilot who was killed in a helicopter crash in Volcano National Park, Hawaii, against the manufacturers of the helicopter and its engine. Holliday, 237 F.R.D. at 426. The helicopter crash occurred on June 15, 2003. Id. Plaintiffs alleged that the crash occurred because of defective engine parts. Id.

In Holliday, plaintiffs refused to ship the engine parts to defendant's experts, and defendant filed a motion to compel. Unlike the facts in the case at hand, "RRC never served a formal request for inspection, . . . and RRC does not allege that it did." Id. at 427. The Court went on to find that "[f]irst, RRC's request did not allow Plaintiffs Holliday thirty days to respond and RRC did not obtain an agreement or a court order for a shorter time period. Second, under the circumstances, the time, place, and manner of inspection that RRC proposed were unreasonable." Id. The Court also noted in discussion that it was unreasonable considering the fact that the parts were not even in plaintiffs' possession until after May 8, 2006, and prior to that, the parts were in possession of a co-defendant (who appears to have been located in Hawaii). Id. Instead, RRC waited until mid-June when the parts were in possession of plaintiffs and in Canada to request the shipment of engine parts for its inspection. See id.

Unlike RRC in <u>Holliday</u>, Nike and Eastbay filed a Rule 34 request in a timely manner. Moreover, Nike and Eastbay provided a time, place, and manner of inspection that was reasonable, asking that the shoes to provided within 30 days at the offices of Nike and Eastbay's counsel. Plaintiffs, in their responses to the Request for Production, did not object to the place of production; they just objected saying the title of the Request for Production did not reference "things", although the instructions and definitions reference documents and things. Following up later on the formal request, Nike and Eastbay's counsel viewed and photographed the shoes at Plaintiffs' counsel's office. Nike and Eastbay later asked that the shoes be sent to or brought directly to their expert Mr. Neal, providing the time and place. <u>See</u> Exhibit D. Plaintiffs refused that alternative, and then also refused an alternative where the parties could meet half-way. <u>See</u> Exhibits E, F, and G. Moreover, the shoes have not been in possession of anyone but plaintiffs (or their counsel/agents) since the incident.

Also, unlike <u>Holliday</u>, shipping a pair of shoes to the Defendants' expert in Tennessee is hardly an imposition on the plaintiff. It is safe to assume that a pair of shoes weigh significantly less than helicopter engine parts and are much more convenient to ship. Again, assuming RRC complied with Rule 34, shipping helicopter engine parts involves significantly more packaging and expense than shipping a pair of shoes. Furthermore, precedent from a District Court in Hawaii is not determinative or controlling precedent for this Court.

In <u>Niagara</u>, defendants filed a motion for inspection of documents in an accounting action. <u>Niagara</u>, 160 F.2d at 26, 82 U.S. App. D.C. at 46. In this case, the books and records at issue were located in San Francisco, California. <u>Id.</u> The Court

determined that it would be unreasonable to compel a party to produce the foregoing books and records in Washington, DC because it would be unduly burdensome and it would be nearly impossible to segregate the requested documents from the main files without interfering with general business operations. Id. Accordingly, the Court held that the place for inspection and copying of records would be in San Francisco, California. Niagara, 160 F.2d at 27, 82 U.S. App. D.C. at 47.

Nike and Eastbay are requesting the shipment of a pair of shoes for inspection, not a room full of books and accounting records that could not be segregated. Nike and Eastbay are asking that the shoes be shipped from Plaintiffs' counsel in Baltimore to Defendants' expert in Tennessee. Packing and shipping a pair of shoes is not comparable to packing and shipping a room of heavy books and documents. Moreover, unlike the absence of records, the absence of a pair of shoes will not stunt the general business operations of the plaintiff. In light of the substantially different facts, Niagara should not be considered analogous or controlling for the case at hand.

10. Plaintiffs have sued Nike and Eastbay and are trying to make the case more expensive to defend by requiring Nike and Eastbay's experts to travel to view the subject shoes. Plaintiffs are the ones who are insistent on keeping the shoes within their constant control and sight, and if that is the tack they take, they should bear the costs.[1] The more reasonable and economical solution is to have Plaintiffs ship the shoes to Mr. Neal. Plaintiffs also argue that Defendants' experts should all rely on the one expert who saw the subject shoes. If that is what Plaintiffs want to argue, then Plaintiffs should not

---

[1] Plaintiffs also note a fear that there might be some damage to the shoes during shipment, whether accidentally or not. However, there is no motivation for defendants or their experts to do any damage, and the protection is the doctrine of spoliation. Additionally, Plaintiffs can choose how the shoes are shipped so they can control the packaging and carrier.

be permitted to cross-examine the experts upon whether or not they viewed the actual shoes. Plaintiffs will surely want to cross-examine Nike and Eastbay's experts on that issue, to question the foundation upon which they base their opinions. Plaintiffs should not be permitted to prejudice Nike and Eastbay's experts in this way.

WHEREFORE, Defendants Nike and Eastbay respectfully request that this Honorable Court enter an Order compelling Plaintiffs Weiss and Lattova to send the subject shoes to defendants' expert, Mr. Thomas Neal, via commercial delivery service, that Mr. Neal be given two business days after receipt of the shoes for non-destructive inspection and examination, and that the shoes be packaged and shipped by plaintiffs via a carrier of plaintiffs' choice, and that the shoes be returned by Mr. Neal to plaintiffs' counsel by the same carrier. Alternatively, in light of plaintiffs' unreasonable refusal to ship the shoes, Nike and Eastbay request that the plaintiffs' claims be dismissed.

NIKE, INC. AND EASTBAY, INC.

By:   /s/ David D. Hudgins
           Counsel

David D. Hudgins, Esquire (DC Bar # 362451)
Robert E. Draim, Esquire (admitted *pro hac vice*)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of June 2008, a true copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to the following:

Prabir Chakrabarty, Esquire
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202
pc@rs-atty.com

and a true copy of the foregoing was sent via first class mail postage pre-paid to:

Robert M. Schwartzman, Esquire (admitted *pro hac vice*)
RESNICK & SCHWARTZMAN, L.L.C.
One East Franklin Street, Suite 200
Baltimore, Maryland 21202

            ___/s/ David D.Hudgins_____
            Counsel

**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Tuesday, April 29, 2008 5:07 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Can you put in am extension of our rebuttal expert designation deadline as well.

Thanks,

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Cc:** Robert Draim
> **Sent:** Tuesday, April 29, 2008 4:20 PM
> **Subject:** Weiss
>
> Dear Prabir –
>
> Thank you for your voicemail and your professional courtesy. Per our discussion, this will confirm that my clients Nike & Eastbay will disclose the names, addresses, and specialties of experts by this Friday, May 2. We will then file the full designation of the experts' opinions and their reports by May 16, except for Dr. Levitt, since his examination of Mr. Weiss is not until May 13. We will plan on filing Dr. Levitt's designation and report after receipt, within 7-10 days of the examination (by May 23).
>
> If our experts are available this Friday, May 2 to view the shoes at your offices, I will let you know as soon as possible and will confirm a time.
>
> As we have agreed to extend the discovery deadlines, I will prepare a joint motion that will request an extension of fact discovery until July 15, 2008 and expert discovery until July 31, 2008. That adds about six weeks to the original deadlines.
>
> If the above is incorrect in any way, please let me know immediately.
>
> Thanks, Debra
>
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA  22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile



EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-1019 |
| ) | |
| NIKE, INC., a/k/a NIKE USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS NIKE, INC. AND EASTBAY, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS WEISS AND LATTOVA**

Defendants Nike, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, propound the following Request for Production upon plaintiffs Arnold B. Weiss (individually "Weiss" or "Plaintiff Weiss") and Silvia Lattova (individually "Lattova" or "Plaintiff Lattova"). Plaintiff Weiss and Plaintiff Lattova (collectively "Plaintiffs") shall respond to the following Request within thirty (30) days after service hereof. These Requests are to be read and answered under oath in accordance with the following instructions and definitions:

**General Instructions and Definitions**

A.　In producing the documents/things described below, you are requested to furnish all documents in your possession, custody or control, or in the possession, custody or control of your employees, agents, officers or any other representative acting on your behalf, including, if not privileged, your attorneys.

B.　In producing the documents/things described below, you are requested to identify which documents are being produced in response to each request.



EXHIBIT B

1

C.   If any document/thing requested has been lost, discarded or destroyed, the document should be identified as completely as possible, by stating the following information: the nature of the document, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

D.   For any document/thing in existence, but not physically in your possession or custody, or in the possession or custody of your attorneys, but which is in your control, you are requested to execute an authorization to allow to examination and copying of each such document.

E.   If you decline to produce any document/thing because of a claim of privilege, or any other reason, you are requested to provide the following information as to each document: the date, author and type of document, the name of the person for whom the document was prepared, a summary of the contents and a detailed description of the privilege or reason for non-production.

F.   This request is continuing and thereby requires further and supplemental production if you obtain additional documents/things falling within the scope of this request between the time of initial production and the time of hearing or trial.

### Definitions

A.   The pronoun "YOU" and the adjective "YOUR" refer to the Plaintiffs, individually and jointly, and the persons mentioned in Instruction A above.

B.   The terms "PERSON" and "PERSONS" include natural persons, partnerships, corporations and any other legal entity.

C.   The term "DOCUMENT" means the original and any copy (whether or

not different from the original because of notes made on or attached to such copy) of all letters, correspondence, records, lists, memoranda, reports, and all other documentary material (including without limitation microfilm, tapes, CD's, DVD's, MP3 files, PDF files, JPEG files, digitally recorded files/data, electronically recorded files/data, e-mail, and voicemail) of any nature whatsoever.

    D.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a person, other than a natural person, shall mean to state the full name and type of organization; the address of its principal place of business; the telephone number and contact person; and the jurisdiction and place of its incorporation or organization.

    E.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a verbal communication, conference or meeting shall mean to state the date of the communication, conference or meeting; to identify all parties involved or present; to state the subject matter of the communication, conference or meeting; and to state the general substance of what transpired.

    F.    The terms "IDENTIFY," "IDENTITY" and "IDENTIFICATION" when used in reference to a document shall mean to state the date, author and type of document; to identify the person for whom the document was prepared; to state the present location of the document; and to identify the present custodian of the document. If any document is no longer in your possession or control, state what disposition was made of the document. In response to a request for identification of a document, provide sufficient information to support a Request for Production of Documents under the rules

of this Court, which would not be objectionable because of lack of particularity or insufficiency of identification.

G.  A communication or document "RELATING," "RELATED" or "WHICH RELATES" to any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

H.  The term "INCIDENT" refers to the incident or accident as stated in the Complaint.

I.  The term "PRODUCT" refers to the Nike Jordan Sport – Jumpman Trifecta shoes.

J.  The term "SUBJECT PRODUCT" refers to the shoes described in plaintiff's Complaint, particularly the shoes worn by Plaintiff Weiss when the incident occurred.

**REQUESTS**

**REQUEST NO. 1:**  The subject product, particularly the pair of shoes that Plaintiff Weiss was wearing when the alleged incident occurred.

**REQUEST NO. 2:**  Any and all statements, whether written or recorded by any means, of any witnesses to the incident given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

**REQUEST NO. 3:**  For each and every expert you identify in response to Defendants' Interrogatories, provide each expert's most recent *curriculum vitae* including

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:07-cv-1019 |
| | ) |
| NIKE, INC., a/k/a NIKE USA, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFFS WEISS AND LATTOVA'S RESPONSES TO DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS FROM NIKE, INC. AND EASTBAY, INC.

Plaintiffs Arnold Weiss and Silvia Lattova, by and through their attorneys, Robert M. Schwartzman, Prabir Chakrabarty and Resnick & Schwartzman, LLC and pursuant to Federal Rules, respond to Request for Production of Documents from Defendants Nike, Inc. a/k/a NIKE USA Inc. ("Nike") and Eastbay, Inc.'s ("Eastbay"), and say:

### REQUESTS

**REQUEST NO. 1:** The subject product, particularly the pair of shoes that Plaintiff Weiss was wearing when the alleged incident occurred.

**RESPONSE TO REQUEST NO. 1**: Plaintiffs object to Request No. 1 in that it does not request a document as stated in the title to this discovery request. Nevertheless, without waiving said objection, Mr. Weiss and Ms. Lattova have made the subject shoes available for inspection and photography by the Defendants.

**REQUEST NO. 2:** Any and all statements, whether written or recorded by any means, of any witnesses to the incident given to some person and/or entity (other than counsel) concerning any events or allegations or damage claims that are the subject of the Complaint.

EXHIBIT C

1

**From:** Debra Stafford
**Sent:** Tuesday, May 06, 2008 11:40 AM
**To:** 'Prabir Chakrabarty'
**Subject:** Weiss

Dear Prabir –

As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.

We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.

Thanks, Debra



Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile



EXHIBIT D

**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Friday, May 09, 2008 4:24 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Dear Debra:

I apologize that I have not responded sooner. Ms. Lattova will be out of town on the 20 and 21st, but she is available the next week on the 29th or 30th.

As to the shoes, we can not agree to send the shoes to your expert. We continue to make the shoes available to you at our office. If we were to accompany the shoes to the testing, we would require your office to pay our time and travel to Tennessee.

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Sent:** Tuesday, May 06, 2008 11:40 AM
> **Subject:** Weiss
>
> Dear Prabir –
>
> As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.
>
> We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.
>
> Thanks, Debra
>
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA  22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile



EXHIBIT E

**From:** Debra Stafford
**Sent:** Tuesday, May 13, 2008 10:32 AM
**To:** 'Prabir Chakrabarty'
**Subject:** RE: Weiss

Dear Prabir –

We will notice Ms. Lattova's deposition for May 29th at 10:00am.

As to the shoes, in order to avoid a motion, we would agree to meet you halfway. We would bring our expert to Richmond on our dime, if you agree to go to Richmond on your dime. Our expert would be able to meet in Richmond on May 23, before noon. Please let me know if that is agreeable, and we will make the arrangements. Additionally, we would need an extension on Mr. Neal's report since you are not willing to send the shoes to him.

Thanks,
Debra

Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

---

**From:** Prabir Chakrabarty [mailto:pc@rs-atty.com]
**Sent:** Friday, May 09, 2008 4:24 PM
**To:** Debra Stafford
**Subject:** Re: Weiss

Dear Debra:

I apologize that I have not responded sooner. Ms. Lattova will be out of town on the 20 and 21st, but she is available the next week on the 29th or 30th.

As to the shoes, we can not agree to send the shoes to your expert. We continue to make the shoes available to you at our office. If we were to accompany the shoes to the testing, we would require your office to pay our time and travel to Tennessee.

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Sent:** Tuesday, May 06, 2008 11:40 AM
> **Subject:** Weiss
>
> Dear Prabir –
>
> As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.
>
> We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.
>
> Thanks, Debra

EXHIBIT
F

Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

**From:** Prabir Chakrabarty [pc@rs-atty.com]
**Sent:** Thursday, May 15, 2008 10:46 AM
**To:** Debra Stafford
**Subject:** Re: Weiss

Debra,

Ms. Lattova is available at 12:30 on May 29th, if you are available at that time.

As to the expert examination, we have produced the shoes on at least two occasions for your experts to examine same. We don't have an obligation to drive the shoes to your expert. If you have case law saying otherwise please provide it to me. We continue to make the shoes available for your expert to examine at our office, that offer stands as-is.

Prabir

> ----- Original Message -----
> **From:** Debra Stafford
> **To:** Prabir Chakrabarty
> **Sent:** Tuesday, May 13, 2008 10:31 AM
> **Subject:** RE: Weiss
>
> Dear Prabir –
>
> We will notice Ms. Lattova's deposition for May 29th at 10:00am.
>
> As to the shoes, in order to avoid a motion, we would agree to meet you halfway. We would bring our expert to Richmond on our dime, if you agree to go to Richmond on your dime. Our expert would be able to meet in Richmond on May 23, before noon. Please let me know if that is agreeable, and we will make the arrangements. Additionally, we would need an extension on Mr. Neal's report since you are not willing to send the shoes to him.
>
> Thanks,
> Debra
>
> Debra S. Stafford
> HUDGINS LAW FIRM, P.C.
> 515 King Street, Suite 400
> Alexandria, VA 22314
> (703) 739-3300 telephone
> (703) 739-3700 facsimile
>
> ---
>
> **From:** Prabir Chakrabarty [mailto:pc@rs-atty.com]
> **Sent:** Friday, May 09, 2008 4:24 PM
> **To:** Debra Stafford
> **Subject:** Re: Weiss
>
> Dear Debra:
>
> I apologize that I have not responded sooner. Ms. Lattova will be out of town on the 20 and 21st, but she is available the next week on the 29th or 30th.
>
> As to the shoes, we can not agree to send the shoes to your expert. We continue to make the shoes available to you at our office. If we were to accompany the shoes to the testing, we would require your office to pay our time and travel to Tennessee.
>
> Prabir

**EXHIBIT G**

----- Original Message -----
**From:** Debra Stafford
**To:** Prabir Chakrabarty
**Sent:** Tuesday, May 06, 2008 11:40 AM
**Subject:** Weiss

Dear Prabir –

As we discussed, one of our experts Mr. Neal (in Tennessee) will not be able to get up this way to see the shoes. We ask that you send the shoes to him, however you prefer, so that he can look at them. He will not be running any tests. We would agree to enter into a protective order that would specify how the shoes would be sent and the timeframe. Alternatively, we would ask that you or Mr. Schwartzman take the shoes there to Mr. Neal. Please let me know what you prefer.

We also were discussing possible dates for the deposition of Ms. Lattova. It looks like May 20 or 21 at 10:00am would work for us. Please let me know if that is agreeable.

Thanks, Debra



Debra S. Stafford
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile