IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARNOLD B. WEISS, et al | * | |
| Plaintiffs | * | |
| v. | | |
| | * | Case No. 1:07-cv-1019 |
| NIKE, INC., a/k/a NIKE USA, INC., et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL

COME NOW Arnold B. Weiss and Silvia Lattova, Plaintiffs, by and through Robert M. Schwartzman, Esquire, Prabir Chakrabarty, Esquire, and Resnick & Schwartzman, L.L.C., their attorneys, and in Opposition to Defendants Second Motion to Compel, with the accompanying memorandum, state as follows:

1. Defendants, Nike's and Eastbay, Inc.'s discovery requests have been properly answered and Plaintiff has provided all relevant documents in Plaintiffs' possession.

2. Plaintiffs properly filed Response to Defendants' Second Request for Production for the hard drive of Mr. Weiss' computer, properly objected to the forwarding the computer hard drive that Defendants requested. The hard drive contained documents that are not only privileged, but are completely irrelevant to the Plaintiffs' claims, including personal documents and financial documents. The hard drive has since crashed, and is inoperative.

3.    Mr. Weiss attended Dr. Lewis Levitt's Defense Medical Examination in a timely manner and was made to wait for over an hour. It was only after having waited that Mr. Weiss inquired why he was not being seen by Defense Medical Examiner, Dr. Levitt, and was told to leave from Dr. Levitt's office.

NOW, WHEREFORE, having fully responded to Defendants' Second Motion to Compel, the Plaintiffs respectfully request that this Honorable Court deny Defendant's Second Motion to Compel.

Respectfully submitted,
RESNICK & SCHWARTZMAN, L.L.C.


_____/s/  Prabir Chakrabarty_____
Robert M. Schwartzman
Prabir Chakrabarty (D.C. Bar # 478022)
One East Franklin Street
Baltimore, Maryland  21202
(410) 539-60887
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLD B. WEISS, et al | * |
| Plaintiffs | * |
| v. | |
| | *   Case No. 1:07-cv-1019 |
| NIKE, INC., a/k/a NIKE USA, INC., et al | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL**

COME NOW Arnold B. Weiss and Silvia Lattova, Plaintiffs, by and through Robert M. Schwartzman, Esquire, Prabir Chakrabarty, Esquire, and Resnick & Schwartzman, L.L.C., their attorneys, and in Opposition to Defendants' Second Motion to Compel, state as follows:

**INTRODUCTION AND FACTS**

This is a products liability case concerning a pair of Nike Air Jordan Jumpman Trifecta athletic shoes (hereinafter "athletic shoes") purchased by Mr. Weiss from the Eastbay website. Mr. Weiss liked the product descriptions of both shoes; in particular the description of the use of memory foam in the design of the athletic shoe's ankle support system and believed that he was buying a superior product designed for playing indoor basketball.

On Sunday June 27, 2004, Mr. Weiss, after stretching at home, was dropped off by his wife at the Georgetown University student center around 10:30A.M. He was wearing a different pair of shoes at the time, with the subject athletic shoes in his gym bag. Mr. Weiss was shooting around on his own, after about 15 or 20 minutes, he was asked if he wanted to play in a mild, friendly game of half-court pick-up basketball.

1

After playing for a brief period, there was a shot from approximately 17 feet out from just outside the left elbow of the lane. Mr. Weiss was near the baseline facing the basket and saw the shot coming off long back towards from where it had come. He turned and planted his right foot somewhere near parallel to the baseline (no longer facing the basket) so he could pivot out towards the point to which the rebound was heading. As Mr. Weiss was pushing off, he felt his heel suddenly slide up in the shoe as if he was "getting a flat tire" from someone who had come up behind him, except that no one was actually there. As a result, Mr. Weiss slipped towards the floor as he felt and heard a terrible sound that turned out to be a ruptured Achilles tendon. He remained on the floor until the medics arrived and removed the shoe. As they were gathering his possessions, someone wanted to hand Mr. Weiss the broken zipper enclosure that they had found. He asked them to put it in the right shoe, which along with the left shoe, was put in the bag by someone at the gym as Mr. Weiss was being loaded on a stretcher.

Mr. Weiss endured a long period of painful recovery as a result of his Achilles rupture including an operation, prolonged medical care, physical therapy and loss of economic opportunity. Further, Mr. Weiss and his wife Ms. Lattova suffered significant strains on their marital relationship. Mr. Weiss' experts have concluded that the failure of the subject athletic shoe's zipper enclosure was the proximate cause of his injury and constituted a defect of the athletic shoes.

During the pendency of discovery in this matter, Defendants' counsel sent Interrogatories and Request for Production of Documents to Arnold Weiss and Ms. Lattova that were answered by the Plaintiffs.

Many of the documents that Defendants seek are on the hard drive of Mr. Weiss' personal computer. Unfortunately, the hard drive recently crashed, and became inoperative. Mr. Weiss currently has an IT professional attempting to extract files form the hard drive.

On May 13, 2008, Mr. Weiss appeared for the Defense Medical Examination early, at approximately 9:30 a.m. Mr. Weiss was then kept waiting for over an hour. In fact, patients who arrived after Mr. Weiss were promptly seen, while he was left to sit and wait.

Mr. Weiss had a previously scheduled appointment, set for 11:00 a.m., and he made the doctor's office aware of that fact. At 10:15 a.m., when he had barely enough time to make his own appointment, Mr. Weiss spoke with the staff in Dr. Levitt's office and was advised that he was no required to stay and therefore should leave.

## ARGUMENT

**I.      Plaintiffs Have Properly Responded to Nike and Eastbay's Interrogatories and Request for Production of Documents.**

**A.  Nike's Interrogatories to Weiss.**

<u>Nike Interrogatory No. 4</u> – Plaintiff properly referred Defendants to Plaintiff's Expert Designations that were compliant with Rule 26.

<u>Nike Interrogatory Nos. 8 and 13</u> – The interrogatories to Mr. Weiss request the amount of lost wages he claims and all documents supporting his claim, including tax returns and contracts Mr. Weiss could not perform due to his injury. Mr. Weiss provided a detailed answer to this Interrogatory. Further, at his deposition Mr. Weiss testified with respect to his lost wages claim and produced many documents printed from his business records that supported his claims. As was discussed during Plaintiff's deposition he did not keep his tax returns for more than three years because he was not statutorily required to do so. He stated that he kept tax returns from

3

2004 on but that they were on his personal computer's hard drive. Unfortunately, the hard drive recently crashed, and became inoperative. Mr. Weiss currently has an IT professional attempting to extract files form the hard drive.

<u>Nike Interrogatories Nos. 9 and 10</u> - Plaintiff attached medical records for all medical providers for which the Defendants state they had not received responses. These records were supplied with the original Response to Request for Production of Documents.

<u>Nike Interrogatory No. 11 and 14</u> – Mr. Weiss correctly objected to the relevancy, scope and overbreadth of a request for medical records for the past ten years. However, without waiving said objection, he stated that all relevant medical records in Plaintiff's possession have been produced. Also, he reiterated that the only medical procedure Mr. Weiss can recall in the ten years prior to the accident was having a mole removed from his back, but he was unsure of the medical provider.

**B. Eastbay's Interrogatories to Weiss.**

<u>Eastbay Inc.'s Interrogatory No. 2</u> - Plaintiff is not aware of any copies of communications with representatives of the Defendants other than the e-mail that was included in Plaintiffs' Response to Request for Production of Documents.

<u>Eastbay Inc.'s Interrogatory No. 4</u> - Plaintiff has provided all applicable information regarding experts identified in Plaintiff's Expert Designations.

<u>Eastbay Inc.'s Interrogatory No. 13 and 14</u> – Plaintiff responded in his depositions and interrogatory answers that the advertisements and endorsements he looked at were online and made a clear description of what he was looking for in terms of basketball shoes. Given that Plaintiff does not have copies of these electronic documents, Mr. Weiss is unable to give any more details of the advertisements and endorsements.

<u>Eastbay Inc.'s Interrogatory No. 15</u> – Mr. Weiss's response was proper as he stated there were no other prescriptions and no other drugs that he had taken. The only substance he may have consumed was a drink and he did not remember exactly when he had the drink.

<u>Eastbay Inc.'s Interrogatory No. 16</u> – Mr. Weiss' objection to the question about felonies and crimes of moral turpitude is proper, the question is irrelevant. Furthermore, as Mr.Weiss stated, without waiving the objection as to relevancy, the answer is none. Mr. Weiss fully answered this question.

### C. Nike's Interrogatories to Plaintiff Lattova.

<u>Nike Interrogatory No. 4</u> - Plaintiff has provided all applicable information regarding experts identified in Plaintiff's Expert Designations.

<u>Nike Interrogatory Nos. 8 and 13</u> - Defendants have already subpoenaed the school records that they seek in Interrogatories 8 and 13, and therefore Plaintiffs' response was proper.

<u>Nike Interrogatory No. 9</u> – Ms. Lattova is not making a claim for physical and mental injuries. Her claim is loss of consortium. Therefore, the documents which Defendants request are not relevant.

<u>Nike Interrogatory No. 22</u> – Ms. Latova's objection is proper, the question about prior convictions for any misdemeanor involving moral turpitude and of any felony are irrelevant to Ms. Lattova's claim for loss of consortium.

### D.    Eastbay's Interrogatories to Lattova.

<u>Eastbay's Interrogatory No. 6</u> - Plaintiff has provided all applicable information regarding experts identified in Plaintiff's Expert Designations.

### E.    Nike & Eastbay's Requests for Production of Documents from Weiss and Lattova.

Plaintiffs have provided all documents in their possession. Plaintiffs' objections are proper, specifically with regard to Ms. Lattova's medical health care records. Ms. Lattova is claiming loss of consortium, therefore her health records are not relevant to Plaintiffs' claim.

Request for Production of Documents No. 20 - Plaintiff has provided all applicable information regarding experts identified in Plaintiff's Expert Designations.

Request for Production of Documents No. 21 - Plaintiffs have misplaced their marriage certificate. Again, this is a document that Defendants have subpoenaed and therefore all such documents in Plaintiffs' possession have already been provided.

Requests for Production of Documents No. 44 and 45 - All such documents in Plaintiffs' possession have been provided. Mr. Weiss purchased the subject shoes over the Internet and, therefore, does not have paper copies of the advertisements that he saw prior to placing his order.

Request for Production of Documents No. 55 - The Plaintiffs' tax returns for 2004-2007 were on a computer for which the hard drive has crashed. The hard drive belonged to a computer that Mr. Weiss used for both personal and business uses and, therefore, he has certainly has not intentionally tried to crash his hard drive.

## II.   Defendant Eastbay, Inc.'s Second Request for Production of Documents.

Defendants' Second Request for Production of Documents, were invalid. The Defendants' Second Request for Production of Documents and Things does not comply with Federal Rules of Civil Procedure Rule 34(b)(1)(B) as it does not specify a reasonable time, place and manner for the inspection of the subject hard drive, and, additionally, it violates the terms of Federal Civil Rules of Procedure Rule 34(b)(2)(E)(ii) to the extent that it does not specify a form for producing electronically stored information.

The Second Request for Production of Documents only asked that the Plaintiff produce the hard drive without stating any limitations on any of the documents that Defendants were seeking from the hard drive. As previously stated, the hard drive was for both Mr. Weiss' personal and business use and, therefore, contains many documents which are completely irrelevant to Plaintiffs' claim. Therefore, they asked the Defendants to specify exactly which documents they sought.

It was only after Plaintiffs filed their objections that the Defendants somewhat limited the documents they were requesting. However, at this point, Plaintiff Weiss' hard drive crashed, became inoperative, and he was unable to access any documents from it. Mr. Weiss currently has an IT professional attempting to extract files form the hard drive. Mr. Weiss and Ms. Lattova are understandably very leery of forwarding the hard drive to the defendants' e-discovery professional with no limitation on the documents that the professional might obtain from the hard drive. Defendant's position that they will accept nothing but the hard drive is unreasonable.

### III.    Physical examination of Plaintiff Arnold B. Weiss.

Mr. Weiss' account is very different from that given by Defendants' medical expert, Dr. Levitt. On May 13, 2008, Mr. Weiss appeared for the Defense Medical Examination early, at approximately 9:30 a.m. Mr. Weiss was then kept waiting for over an hour. In fact, patients who arrived after Mr. Weiss were promptly seen, while he was left to sit and wait.

Mr. Weiss had a previously scheduled appointment, set for 11:00 a.m., and he made the doctor's office aware of that fact. At 10:15 a.m., when he had barely enough time to make his own appointment, Mr. Weiss spoke with the staff in Dr. Levitt's office and was advised that he was no required to stay and therefore should leave.

     Mr. Weiss' time is as valuable Defendants' medical expert.  Therefore, the Doctor and his office's inability to see him within a reasonable amount of time was the reason Mr. Weiss was not able to stay for the Defense Medical Examination.  Therefore, Mr. Weiss should not be responsible for the costs Defendants seek.  Furthermore, Mr. Weiss has agreed to reschedule the Defense Medical Examination date of July 5, 2008, provided he is seen in a timely manner, and he is fully prepared to comply with the scheduled examination.

                                                Respectfully submitted,
                                                RESNICK & SCHWARTZMAN, L.L.C.


                                                _____/s/_ Prabir Chakrabarty_____
                                                Robert M. Schwartzman
                                                Prabir Chakrabarty (D.C. Bar # 478022)
                                                One East Franklin Street
                                                Baltimore, Maryland  21202
                                                (410) 539-60887
                                                Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al           *

       Plaintiffs           *
v.
                                      *    Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al    *

       Defendants           *

\* * * * * * * * * * * * * * * * * * * * * * *

**O R D E R**

UPON CONSIDERATION of Defendants' Second Motion to Compel and Plaintiffs' Opposition thereto, it is, this _____ day of June, 2008,

ORDERED, that the Motion to Compel Inspection is DENIED;

SO ORDERED.

_____
HONORABLE RICHARD J. LEON
United States District Judge

1