IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNOLD B. WEISS, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-1019 (RJL)** |
| | ) | |
| **NIKE, INC., a/k/a NIKE USA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO COMPEL

Defendants, Nike, Inc., a/k/a Nike USA, Inc. ("Nike") and Eastbay, Inc. ("Eastbay"), by and through undersigned counsel, hereby file this Reply in Support of their Motion to Compel pursuant to Federal Rule of Civil Procedure 37. In support thereof, Nike and Eastbay state as follows:

1.    Plaintiffs Arnold Weiss and Silvia Lattova concede in their Memorandum in Opposition that "many of the documents Defendants seek are on the hard drive of Mr. Weiss' personal computer." In this statement, Plaintiffs acknowledge that there are relevant documents, in response to Defendants Nike and Eastbay's initial Request for Production and their Second Request for Production, that have not been produced and that such documents exist on the "crashed" computer.[1] Defendants have sought the electronic documents, reminded Plaintiffs of their obligation to provide electronic documents, asked for the hard drive, and asked that the hard drive be sent to a qualified e-discovery professional for recovery and search, excluding any privileged documents. Plaintiffs have also acknowledged that they do not have hard copies of these electronic

---

[1] However, in Plaintiffs' Motion, they claim that "Plaintiff [sic] has provided all relevant documents in Plaintiffs' possession."

1

documents. Therefore, Plaintiffs should be compelled to produce the "crashed" hard drive.

2.     Addressing the IME that was supposed to occur back on May 13, 2008, Mr. Weiss did appear at Dr. Levitt's office around the appointment time of 9:30 a.m. However, Dr. Levitt's office reported that, upon arrival, Weiss argued with the staff about various issues including filling out any paperwork and filling out portions of the paperwork.[2] He could not be seen before completing his paperwork, and he was not "waiting for over an hour" if he arrived at 9:30 and left at 10:15. In any event, a wait of 45 minutes is no excuse for Weiss's inappropriate behavior. The IME has been rescheduled for July 15, 2008 (not July 5, 2008, which is a Saturday, as mentioned in Plaintiffs' Opposition). Plaintiff Weiss should be required to pay the "no-show" fee incurred by defendants as a result of Weiss's May 13, 2008 theatrics.

3.     Plaintiffs have not fully and completely responded to the Interrogatories and Requests for Production, as represented in their Opposition.

4.     Regarding the Interrogatory answers, Plaintiffs' expert designation did not provide the information required by Rule 26(A)(2)(B)(iv), (v), and (vi), Weiss has failed to provide the specific dates that Weiss claims he could not work, Weiss failed to provide a calculation as to the claimed lost wages and have not provided any tax returns,[3] Plaintiffs have not identified the marriage therapist and have not produced any records from the marriage therapist, Weiss has not provided medical records from Georgetown,

---

[2] Additionally, Dr. Levitt's office reported that Weiss did not even leave the paperwork with Dr. Levitt's office. Instead, Weiss stormed out of the office and took the paperwork with him.
[3] The fact that Plaintiff Weiss has produced some invoices for his company does not show what his wages were. The invoices only show what was billed out, not what money came in and not what expenses the company had. Additionally, Plaintiff Weiss has not produced a single proposal or contract for work he supposedly had or lost.

Fairfax Surgical Center, and the Georgetown ambulance service/EMTs and has not produced any invoices from Advanced Sportsmedicine & Wellness Institute, Weiss has not stated whether he has been injured in the past 10 years and has not identified his medical providers for the past ten years, and has not provided the hard drive where any relevant documents regarding the research and ordering of the shoes may be. Moreover, Weiss objected to answering whether he had any substances (other than a drink) prior to the incident, and objected to answering whether he was ever convicted of a felony or misdemeanor involving moral turpitude; those objections should be stricken and Weiss required to fully respond.

As to Lattova, she has made a claim for loss of consortium, which includes her claim for loss of services or other matters attendant to her marriage (which has yet to be proven) to Weiss, but she cannot recover for "deprivation of certain aspects of 'consortium' unrelated to the particular injury caused by the tortfeasor." Curry v. Giant Food Co., 522 A.2d 1283, 1294 (D.C. 1987). Lattova claims injuries including "severe stress", "insomnia", loss of concentration, and "gastro-intestinal problems", and the need for marriage therapy. These are physical and mental complaints, some of which, according to Lattova's deposition testimony, existed prior to this alleged accident of Weiss. Identification of Lattova's medical and mental health care providers is relevant. Lattova also fails to state what amount of lost wages she claims allegedly due to the incident, since she claims she did not get accepted to a "better" law school, that her grades were not very good, and thus her future prospects not as lucrative. Plaintiff Lattova, who is still in school, has produced no documents regarding her schooling or

supporting her speculative loss of future wages.  Additionally, Lattova's objection to the request for prior convictions should be stricken, since her credibility is at issue.

5.    The Request for Production responses are also inadequate.  Plaintiffs' Opposition does not even particularly address some of the requests at issue, including Request for Production Nos. 3, 4, 9, 10, 12, 13, 15, 16, 17, 19, 46, 48, and 51.  Among other things, Plaintiffs have failed to produce their marriage certificate/license, despite their representation that it would be provided.  This document is essential; if Plaintiffs were not married at the time of the incident, then there is no claim for loss of consortium by either of them, as "a person should not be permitted to marry a cause of action."  See Stager v. Schneider, 494 A.2d 1307, 1315 (D.C. 1985).  Defendants have not subpoenaed any entity that could provide these records, as such an entity would likely be a court, in whatever jurisdiction Plaintiffs were allegedly married.  If Plaintiffs no longer have their marriage certificate/license, they should at least identify which jurisdiction they were married in so that such a record can be obtained.

6.    Plaintiffs responded and objected to Nike and Eastbay's Second Request for Production, which requested the hard drive that Weiss used to research and order the shoes and the hard drive that contained the information that would support or refute his lost wage claim, stating that the relevant information would be provided but objecting to the time, place and manner of production.  The request stated that responses were to be provided within 30 days, and impliedly, if not directly, at defendants' counsel's office.  The request asked for the specific electronic format, i.e. the hard drive.  Only after Nike and Eastbay responded to the Plaintiffs' objection with a more detailed protocol did Plaintiff conveniently complain that the hard drive "crashed."  Nike and Eastbay even

offered to have the hard drive recovered, and Plaintiffs still refused.  Plaintiffs' objection should be stricken and the hard drive produced.

WHEREFORE, defendants Nike and Eastbay, respectfully request that this Honorable Court enter an Order compelling plaintiffs Weiss and Lattova to provide full and complete Answers to Interrogatories and Responses to Request for Production, compelling plaintiffs Weiss and Lattova to provide the hard drive of the computer as requested in the Second Request for Production and also in response to the initial Request for Production, and compelling plaintiff Weiss to pay $650 for the no-show fee for his failure to cooperate in the physical examination as noticed.

NIKE, INC. AND EASTBAY, INC.

By:     ____/s/ David D. Hudgins_____
        Counsel


David D. Hudgins, Esquire (DC Bar # 362451)
Robert E. Draim, Esquire (admitted *pro hac vice*)
Debra S. Stafford, Esquire (DC Bar # 979137)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of June 2008, a true copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to the following:

> Prabir Chakrabarty, Esquire
> RESNICK & SCHWARTZMAN, L.L.C.
> One East Franklin Street, Suite 200
> Baltimore, Maryland 21202
> pc@rs-atty.com

and a true copy of the foregoing was sent via first class mail postage pre-paid to:

> Robert M. Schwartzman, Esquire (admitted *pro hac vice*)
> RESNICK & SCHWARTZMAN, L.L.C.
> One East Franklin Street, Suite 200
> Baltimore, Maryland 21202

> \_\_\_/s/ David D.Hudgins_____
> Counsel