IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARNOLD B. WEISS, et al. | * | |
|     Plaintiffs | * | |
| v. | * | CIVIL ACTION NO. 1:07-cv-1019 |
| NIKE, INC., a/k/a NIKE USA, INC. et al. OF AMERICA | * | Judge Richard Leon |
| | * | |
|     Defendants | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENAS FOR EMPLOYMENT AND EDUCATIONAL RECORDS OF SILVIA LATTOVA**

Come now, Plaintiffs, Arnold Weiss and Silvia Lattova, by and through undersigned counsel, and hereby file this Motion for Protective Order To Quash Subpoenas For Employment and Educational Records of Silvia Lattova, pursuant to Federal Rules of Civil Procedure 45 and for good cause shown. In support thereof, Plaintiffs state as follows:

   1. This is a product liability case concerning a pair of Air Jordan Jumpman Trifecta athletic shoes (hereinafter "athletic shoes"), which Mr. Weiss was wearing while playing basketball on June 27, 2004. Mr. Weiss suffered a ruptured Achilles tendon on his right foot when the zipper on the right shoe broke. Plaintiffs contend the athletic shoes were defectively designed and manufactured, amongst other claims.

   2. The Defendants prepared and forwarded subpoenas to various institutions on or about June 13, 2008. The subpoenas compel the institutions to produce documents to Defendants' counsel's offices by July 13, 2008. Many of these requests concern Ms.

1

Lattova (Mr. Weiss' wife) and include requests to her current and former employers and academic institutions with respect to her employment records, employment evaluations, W2, and disciplinary records. The specific subpoenas were sent to the Georgetown University, School of Foreign Service, Georgetown University Slavic Language Department, U.S. English Foundation, Columbia Law School, University of Pennsylvania Law School, George Mason University Law School, and Salans.

3. Federal Rule of Civil Pro. 45(c)(3)(A)(iii) states, "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if a subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies."

4. Ms. Lattova and Mr. Weiss's filed a loss of consortium claim. The loss of consortium counts in Plaintiffs' Complaint are based upon loss of marital relations and loss of right to consortium and/or solatium. The Plaintiffs are not claiming damages for Ms. Lattova's loss of educational or employment opportunities. Hence, any requests for Ms. Lattova's employment and academic records are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, are overbroad, and outside the scope of this matter. Moreover, quashing these subpoenas will protect Ms. Lattova from annoyance, embarrassment, oppression, and undue burden.

5. Further, the subpoenas for Ms. Lattova's records are also in derogation of federal law and statute. The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g (2000), otherwise known as the "Buckley Amendment", protects educational or personally identifiable information from improper disclosure. Doe v. Woodford Bd. of Educ., 213 F.3d 921,926 (6th Cir. 2000). FERPA defines "educational records" as "those

records, files, documents, and other materials which (i) contain information directly related to a student, and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution. 20 U.S.C. §1232g (2000).  The information requested by the subpoenas from Ms. Lattova's educational records such as grades, GPA, student schedules, academic histories and academic standing are educational records or personally identifiable information and FERPA prevents disclosure of that type of information without prior consent of the student.  20 U.S.C. §1232g (2000).  Ms. Lattova has specifically declined this consent.

6. The employment records are also protected records.  In fact, the highly confidential nature of personnel files is expressly recognized which exempts from mandatory public disclosure, "personnel files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy".  5 U.S.C. §552(b)(6).  See also Walters v. United States Capitol Police Board, 216 F.R.D. 153, 164 (D.D.C. 2003)(rejecting broad document request for personnel files).  In this case, the request for employment records are broad and without any scope or limitation.

7. Consequently, Plaintiffs, Arnold Weiss and Silvia Lattova, request pursuant to Fed Rules of Civ. Pro. 45(c)(3)(A)(iii) that this Honorable Court quash the subpoena requests that concern employment records, employment evaluations, W2's, disciplinary records, attendance records and any academic records of the subpoenas.  The requests at issue are common to the subject subpoenas.  In particular, the Plaintiff asks that the following requests for documents in the subpoenas to Columbia University, University of Pennsylvania Law School, Salans, Georgetown University Slavic Language Department and

the U.S. English Foundation be quashed:

    a)    Any and all application submitted by Ms. Lattova for enrollment in school and/or program(s);

    b)    Any and all documents submitted by Ms. Lattova to supplement her application for enrollment in school and/or program(s);

    c)    Any and all correspondence sent to Ms. Lattova regarding her application for enrollment including but not limited to acceptance, rejection, and/or wait-list;

    d)    Any and all correspondence from Ms. Lattova; and

    e)    Any other records, reports and/or documents relating to Ms. Lattova.

8.    Defendants sent additional subpoenas to Georgetown University, Slavic Languages Department, the U.S. English Foundation and Salans, Plaintiffs ask that these additional requests be quashed:

    a)    Any and all employment records;

    b)    Any employment contracts and/or agreements;

    c)    Any and all employment evaluations and reports;

    d)    Any and all W2 and/or other tax documents concerning Ms. Lattova;

    e)    Employment correspondence;

      f)      Employment benefits information;

      g)      All disciplinary records for Ms. Lattova;

      h)      All attendance records for Ms. Lattova;

      i)      Any other reports, correspondence, and documents relating to Ms. Lattova.

9. Additionally, Defendants sent more comprehensive subpoenas to Georgetown University, the Georgetown University Edmund A. Walsh School of Foreign service and the George Mason School of Law, Plaintiffs ask that these additional requests be quashed as well:

      a)      Any and all applications submitted by Ms. Lattova for enrollment in school and/or program(s);

      b)      Any and all documents submitted by Ms. Lattova to supplement her application for enrollment in school and/or program(s)

      c)      Any and all grade and/or evaluation reports for the student;

      d)      Any and all documents setting forth all courses student was enrolled in;

      d)      Any and all documents setting forth all extra-curricular activities student was involved in;

      e)      Any and all documents setting forth dates of attendance;

      f)      Any and all documents setting forth degree(s) conferred to

    student;

g)  Any and all documents setting forth honor(s) and/or award(s) for student;

h)  Any records of previous institutions attended by student;

i)  Any and all test scores for the student;

j)  Any and all documents setting forth tuition information and payment(s) towards tuition made by student;

j)  Any and (sic) documents setting forth tuition assistance received by student, including scholarships;

k)  All attendance records for the student; and

l)  Any other records, reports and/or documents relating to the student.

Wherefore, Plaintiffs, Arnold Weiss and Silvia Lattova, respectfully request that this Honorable Court:

  a. Grant their Motion for Protective Order;

  b. Quash the sections of the subpoenas that have been objected thereto; and,

  c. Grant them such further relief, as the nature of their cause requires.

      Respectfully submitted,

        /s/
Robert M. Schwartzman, Esquire
Prabir Chakrabarty, Esq. (#478022)
Resnick & Schwartzman, L.L.C.
One East Franklin Street
Baltimore, Maryland 21201
(410) 539-6087

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of June, 2008, a true copy of the foregoing Amended Consent Motion to Continue Motions Hearing Date, was filed using the CM/ECF system which will send notification and a copy of such filing to the following:

David Hudgins, Esquire
Debra Stafford, Esquire
Robert E. Draim Esquire
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314

        /s/
Robert M. Schwartzman, Esq.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD B. WEISS, et al                *

        Plaintiffs                *

v.

                                    *     Case No. 1:07-cv-1019

NIKE, INC., a/k/a NIKE USA, INC., et al      *

        Defendants            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# **O R D E R**

UPON CONSIDERATION of Plaintiffs' Motion for Protective Order To Quash Subpoenas For Employment and Educational Records of Silvia Lattova, and any reply thereto, it is, this _____ day of _____, 2008,

ORDERED, that Plaintiffs' Motion for Protective Order be GRANTED; and it further,

ORDERED, the subpoenas that have been objected thereto will be QUASHED;

SO ORDERED.

                                           _____
                                           HONORABLE RICHARD J. LEON
                                           United States District Judge